# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS, BOSTON DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of their members and themselves, MARK CADIGAN, MIKE PYYHKALA, LISA IRVING, ARTHUR JACOBS, JEANINE KAY LINEBACK, and HEATHER ALBRIGHT, on behalf of themselves and all others similarly situated), | Civil Action No. 1:15-CV-12984 |
| Plaintiffs, | |
| v. | |
| THE CONTAINER STORE GROUP, INC., | |
| Defendant. | |

**DEFENDANT THE CONTAINER STORE GROUP, INC.'S**

**ANSWER TO CLASS ACTION COMPLAINT**

Defendant The Container Store Group, Inc. ("Defendant"), in answer to Plaintiffs' Complaint, admits, denies and alleges as follows:

1.      Answering Paragraph 1 of the Complaint, Defendant denies each and every allegation.

///

2.     Answering Paragraph 2 of the Complaint, Defendant denies each and every allegation.

3.     Answering Paragraph 3 of the Complaint, Defendant denies each and every allegation regarding its alleged conduct.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

4.     Answering Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5.     Answering Paragraph 5 of the Complaint, Defendant denies each and every allegation.

6.     Answering Paragraph 6 of the Complaint, Defendant denies each and every allegation.

7.     Answering Paragraph 7 of the Complaint, Defendant denies each and every allegation.

8.     Answering Paragraph 8 of the Complaint, Defendant denies each and every allegation.

9.     Answering Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10.     Answering Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

11.     Answering Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12.     Answering Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13.     Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation.

14.     Answering Paragraph 14 of the Complaint, Defendant denies each and every allegation.

15.     Answering Paragraph 15 of the Complaint, Defendant denies each and every allegation.

## JURISDICTION AND VENUE

16.     Answering Paragraph 16 of the Complaint, Defendant denies each and every allegation.  In addition, Defendant declares that this lawsuit is subject to mandatory arbitration and that Plaintiffs have violated the terms and conditions of the subject arbitration agreements.

17.     Answering Paragraph 17 of the Complaint, Defendant denies each and every allegation.  In addition, Defendant declares that this lawsuit is subject to mandatory arbitration and that Plaintiffs have violated the terms and conditions of the subject arbitration agreements.

18.     Answering Paragraph 18 of the Complaint, Defendant denies each and every allegation.  In addition, Defendant declares that this lawsuit is subject to mandatory arbitration and that Plaintiffs have violated the terms and conditions of the subject arbitration agreements.

## PARTIES

19.     Answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiffs, and on that basis, denies them.  Defendant denies each and every allegation regarding its alleged conduct.

20.     Answering Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

21.     Answering Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

22.     Answering Paragraph 22 of the Complaint, Defendant is without

sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

23.     Answering Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

24.     Answering Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

25.     Answering Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

26.     Answering Paragraph 26 of the Complaint, Defendant admits only the allegations contained in the first sentence.  Defendant is not required to answer legal conclusions and argument, and on that basis, denies the remaining allegations.

## FACTUAL ALLEGATIONS

27.     Answering Paragraph 27 of the Complaint, Defendant admits that it operates numerous stores in the United States, including stores in Massachusetts, the District of Columbia, California, New York and Texas and that it is planning on opening new stores within the next eight months.

28.   Answering Paragraph 28 of the Complaint, Defendant admits only that it is a specialty retailer offering storage and organization products.  Defendant is not required to answer legal conclusions and argument, and on that basis, denies the remaining allegations.

29.   Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30.   Answering Paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

31.   Answering Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

32.   Answering Paragraph 32 of the Complaint, Defendant denies each and every allegation.

33.   Answering Paragraph 33 of the Complaint, Defendant denies each and every allegation.

34.   Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35.   Answering Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every

allegation.

36.     Answering Paragraph 36 of the Complaint, Defendant denies each and every allegation.

37.     Answering Paragraph 37 of the Complaint, Defendant denies each and every allegation.

38.     Answering Paragraph 38 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

39.     Answering Paragraph 39 of the Complaint, Defendant denies each and every allegation.

40.     Answering Paragraph 40 of the Complaint, Defendant denies each and every allegation.

41.     Answering Paragraph 41 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

42.     Answering Paragraph 42 of the Complaint, Defendant denies each and every allegation.

43.     Answering Paragraph 43 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding NFB members' intent, and on that basis, denies them.

Defendant denies that any discriminatory barriers exist.

44.    Answering Paragraph 44 of the Complaint, Defendant denies each and every allegation.

45.    Answering Paragraph 45 of the Complaint, Defendant admits that it has a loyalty program and further admits that it has a website which speaks for itself. Defendant denies the remaining allegations of Paragraph 45.

46.    Answering Paragraph 46 of the Complaint, Defendant denies each and every allegation.

47.    Answering Paragraph 47 of the Complaint, Defendant denies each and every allegation.

48.    Answering Paragraph 49 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

49.    Answering Paragraph 49 of the Complaint, Defendant denies each and every allegation.

50.    Answering Paragraph 50 of the Complaint, Defendant denies each and every allegation.

## THE ADA AND STATE LAWS AT ISSUE

51.    Answering Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every

allegation.

52.     Answering Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53.     Answering Paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54.     Answering Paragraph 54 of the Complaint, Defendant denies each and every allegation.

55.     Answering Paragraph 55 of the Complaint, Defendant denies each and every allegation.

56.     Answering Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

57.     Answering Paragraph 57 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

58.     Answering Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

59.     Answering Paragraph 59 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60.     Answering Paragraph 60 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

61.     Answering Paragraph 61 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

62.     Answering Paragraph 62 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FACTS PERTAINING TO NAMED PLAINTIFFS

63.     Answering Paragraph 63 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

64.     Answering Paragraph 64 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

65.     Answering Paragraph 65 of the Complaint, Defendant denies each and

every allegation.

66.    Answering Paragraph 66 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

67.    Answering Paragraph 67 of the Complaint, Defendant denies each and every allegation.

68.    Answering Paragraph 68 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

69.    Answering Paragraph 69 of the Complaint, Defendant denies each and every allegation.

70.    Answering Paragraph 70 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

71.    Answering Paragraph 71 of the Complaint, Defendant denies each and every allegation.

72.    Answering Paragraph 72 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

73.    Answering Paragraph 73 of the Complaint, Defendant denies each and

every allegation.

74.     Answering Paragraph 74 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

75.     Answering Paragraph 75 of the Complaint, Defendant denies each and every allegation.

76.     Answering Paragraph 76 of the Complaint, Defendant denies each and every allegation.

77.     Answering Paragraph 77 of the Complaint, Defendant denies each and every allegation.

## CLASS ALLEGATIONS

78.     Answering Paragraph 78 of the Complaint, Defendant denies each and every allegation.

79.     Answering Paragraph 79 of the Complaint, Defendant denies each and every allegation.

80.     Answer Paragraph 80 of the Complaint, Defendant denies each and every allegation.

81.     Answering Paragraph 81 of the Complaint, Defendant denies each and every allegation.

82.     Answering Paragraph 82 of the Complaint, Defendant denies each and

every allegation.

83.     Answering Paragraph 83 of the Complaint, Defendant denies each and every allegation.

84.     Answering Paragraph 84 of the Complaint, Defendant denies each and every allegation.

85.     Answering Paragraph 85 of the Complaint, Defendant denies each and every allegation.

86.     Answering Paragraph 86 of the Complaint, Defendant denies each and every allegation.

87.     Answering Paragraph 87 of the Complaint, Defendant denies each and every allegation.

88.     Answering Paragraph 88 of the Complaint, Defendant denies each and every allegation.

89.     Answering Paragraph 89 of the Complaint, Defendant denies each and every allegation.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§12181, *et seq.* – Title III of the Americans with Disabilities Act)
(On Behalf of All Plaintiffs and the Nationwide Class)

90.     Answering Paragraph 90 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained

in paragraphs 1-89 of this Answer as set forth above.

91.     Answering Paragraph 91 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

92.     Answering Paragraph 92 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

93.     Answering Paragraph 93 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

94.     Answering Paragraph 94 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

95.     Answering Paragraph 95 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

96.     Answering Paragraph 96 of the Complaint, Defendant denies each and every allegation.

97.     Answering Paragraph 97 of the Complaint, Defendant denies each and every allegation.

98.    Answering Paragraph 98 of the Complaint, Defendant denies each and every allegation.

99.    Answering Paragraph 99 of the Complaint, Defendant denies each and every allegation.

## SECOND CAUSE OF ACTION

Violation of the Massachusetts Public Accommodations Act
(On Behalf of Plaintiffs Mika Pyyhkala, Mark Cadigan, NFB, and the
Massachusetts Subclass)

100.    Answering Paragraph 100 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1-99 of this Answer as set forth above.

101.    Answering Paragraph 101 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

102.    Answering Paragraph 102 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

103.    Answering Paragraph 103 of the Complaint, Defendant denies each and every allegation.

104.    Answering Paragraph 104 of the Complaint, Defendant denies each and every allegation.

105.    Answering Paragraph 105 of the Complaint, Defendant is without

sufficient knowledge or information to form a belief as to the truth of the

allegations, and on that basis, denies each and every allegation.

### THIRD CAUSE OF ACTION

Violation of the Massachusetts Equal Rights Act
(On Behalf of Plaintiff Mika Pyyhkala, Mark Cadigan, NFB, and the
Massachusetts Subclass)

106.    Answering Paragraph 106 of the Complaint, Defendant repleads and

incorporates by reference, as if fully set forth again herein, the responses contained

in paragraphs 1-105 of this Answer as set forth above.

107.    Answering Paragraph 107 of the Complaint, Defendant is not required

to answer legal conclusions and argument, and on that basis, denies each and every

allegation.

108.    Answering Paragraph 108 of the Complaint, Defendant is not required

to answer legal conclusions and argument, and on that basis, denies each and every

allegation.

109.    Answering Paragraph 109 of the Complaint, Defendant denies each

and every allegation.

### FOURTH CAUSE OF ACTION

(Violation of California Civil Code §§ 51, *et seq*. – the Unruh Civil Rights Act)
(On behalf of Plaintiff Lisa Irvine, NFB, and the California Subclasses)

110.    Answering Paragraph 110 of the Complaint, Defendant repleads and

incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1-109 of this Answer as set forth above.

111.   Answering Paragraph 111 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

112.   Answering Paragraph 112 of the Complaint, Defendant denies each and every allegation.

113.   Answering Paragraph 113 of the Complaint, Defendant denies each and every allegation.

114.   Answering Paragraph 114 of the Complaint, Defendant denies each and every allegation.

115.   Answering Paragraph 115 of the Complaint, Defendant denies each and every allegation.

116.   Answering Paragraph 116 of the Complaint, Defendant denies each and every allegation.

117.   Answering Paragraph 117 of the Complaint, Defendant denies each and every allegation.

118.   Answering Paragraph 118 of the Complaint, Defendant denies each and every allegation.

119.   Answering Paragraph 119 of the Complaint, Defendant denies each

and every allegation.

## FIFTH CAUSE OF ACTION

(Violation of Cal. Civ. Code §§ 54-54.3 – the Disabled Persons Act)
(On Behalf of Plaintiff Lisa Irving, NFB, and the California Subclasses)

120.    Answering Paragraph 120 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1-119 of this Answer as set forth above.

121.    Answering Paragraph 121 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

122.    Answering Paragraph 122 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

123.    Answering Paragraph 123 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

124.    Answering Paragraph 124 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

125.    Answering Paragraph 125 of the Complaint, Defendant denies each and every allegation.

126.   Answering Paragraph 126 of the Complaint, Defendant denies each and every allegation.

127.   Answering Paragraph 127 of the Complaint, Defendant denies each and every allegation.

## SIXTH CAUSE OF ACTION

(Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* – the Unfair Competition Law)
(On Behalf of Plaintiff Lisa Irvine, NFB, and the California Subclasses)

128.   Answering Paragraph 128 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1-127 of this Answer as set forth above.

129.   Answering Paragraph 129 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

130.   Answering Paragraph 130 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

131.   Answering Paragraph 131 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

132.   Answering Paragraph 132 of the Complaint, Defendant denies each

and every allegation.

133.   Answering Paragraph 133 of the Complaint, Defendant denies each

and every allegation.

## SEVENTH CAUSE OF ACTION

(Violation of New York State Human Rights Laws §§ 290 *et seq.*)
(On Behalf of Plaintiffs Arthur Jacobs NFB, and the New York Subclasses)

134.   Answering Paragraph 134 of the Complaint, Defendant repleads and

incorporates by reference, as if fully set forth again herein, the responses contained

in paragraphs 1-133 of this Answer as set forth above.

135.   Answering Paragraph 135 of the Complaint, Defendant is not required

to answer legal conclusions and argument, and on that basis, denies each and every

allegation.

136.   Answering Paragraph 136 of the Complaint, Defendant is not required

to answer legal conclusions and argument, and on that basis, denies each and every

allegation.

137.   Answering Paragraph 137 of the Complaint, Defendant is not required

to answer legal conclusions and argument, and on that basis, denies each and every

allegation.

138.   Answering Paragraph 138 of the Complaint, Defendant is not required

to answer legal conclusions and argument, and on that basis, denies each and every

allegation.

139.   Answering Paragraph 139 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

140.   Answering Paragraph 140 of the Complaint, Defendant denies each and every allegation.

141.   Answering Paragraph 141 of the Complaint, Defendant denies each and every allegation.

142.   Answering Paragraph 142 of the Complaint, Defendant denies each and every allegation.

## EIGHTH CAUSE OF ACTION

(Violation of New York Civil Rights Law §§ 40 *et seq.*)
(On Behalf of Plaintiffs Arthur Jacobs, NFB, and the New York Subclasses)

143.   Answering Paragraph 143 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1-142 of this Answer as set forth above.

144.   Answering Paragraph 144 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

145.   Answering Paragraph 145 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

146.   Answering Paragraph 146 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

147.   Answering Paragraph 147 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

148.   Answering Paragraph 148 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

149.   Answering Paragraph 149 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

150.   Answering Paragraph 150 of the Complaint, Defendant denies each and every allegation.

151.   Answering Paragraph 151 of the Complaint, Defendant denies each and every allegation.

152.   Answering Paragraph 152 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## NINTH CAUSE OF ACTION

(Violation of New York City Human Rights Law – NYC Admin. Code § 8-107)
(On Behalf of Plaintiffs Arthur Jacobs, NFB, and the New York Subclasses)

153.   Answering Paragraph 153 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1-152 of this Answer as set forth above.

154.   Answering Paragraph 154 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

155.   Answering Paragraph 155 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

156.   Answering Paragraph 156 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

157.   Answering Paragraph 157 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

158.   Answering Paragraph 158 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

159.   Answering Paragraph 159 of the Complaint, Defendant denies each and every allegation.

160.   Answer Paragraph 160 of the Complaint, Defendant denies each and every allegation.

161.   Answering Paragraph 161 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

## TENTH CAUSE OF ACTION

(Violation of the Texas Human Resource Code – Tex. Hum. Res. Code Ann. §121.001, *et seq.*)
(On Behalf of Plaintiffs Jeanine Kay Lineback, Heather Albright, NFB, and the Texas Subclasses)

162.   Answering Paragraph 162 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1-161 of this Answer as set forth above.

163.   Answering Paragraph 163 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

164.   Answering Paragraph 164 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

165.   Answering Paragraph 165 of the Complaint, Defendant is not required

to answer legal conclusions and argument, and on that basis, denies each and every allegation.

166.    Answering Paragraph 166 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

167.    Answering Paragraph 167 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

168.    Answering Paragraph 168 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

169.    Answering Paragraph 169 of the Complaint, Defendant denies each and every allegation.

170.    Answering Paragraph 170 of the Complaint, Defendant denies each and every allegation.

## ELEVENTH CAUSE OF ACTION

(Declaratory Relief)
(On behalf of Plaintiffs, the Nationwide Class, and all Subclasses)

171.    Answering Paragraph 171 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1-170 of this Answer as set forth above.

172.   Answering Paragraph 172 of the Complaint, Defendant denies each and every allegation.

173.   Answering Paragraph 173 of the Complaint, Defendant denies each and every allegation.

Furthermore, Defendant alleges the following affirmative defenses with respect to all of Plaintiffs' causes of actions and claims:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.   The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2.   Plaintiffs lack standing to pursue their alleged claims.   To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).   To satisfy the "injury in fact" element of standing, an ADA plaintiff must demonstrate that he is likely to return to patronize the accommodation in question.   Here, Plaintiffs lack standing

to pursue their alleged claims because, among other reasons, they are not bona fide

patrons, they allege barriers not related to their disabilities, and/or they have not

visited and/or do not intend to return to the subject properties.

## THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3.      Plaintiffs' claims are barred to the extent that they are based on visits

to the subject facilities beyond the Statute of Limitations.

## FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4.      The purported architectural barriers provide effective access to

Plaintiffs. Even if the features alleged in the Complaint did not comply with

applicable access standards, the features nonetheless provided effective access to

Plaintiffs because any alleged noncompliance was de minimis, the features were

usable and accessible despite their alleged noncompliance, and/or Plaintiffs were

able to use and access the features.

## FIFTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

5.      Any allegedly wrongful acts or omissions performed by Defendant or

its agents, if there were any, do not subject Defendant to liability because full

compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

## SIXTH AFFIRMATIVE DEFENSE

(Removal of Access Barriers Not Readily Achievable)

6.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## SEVENTH AFFIRMATIVE DEFENSE

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

7.      Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations" to the subject properties, including to the features alleged in the Complaint, were made to ensure that the features would be readily accessible to the maximum extent feasible.

## EIGHTH AFFIRMATIVE DEFENSE

### (Mandatory Arbitration)

8.      Any allegedly wrongful acts or omissions performed by Defendant or

its agents, if there were any, do not subject Defendant to liability because this

lawsuit is subject to mandatory arbitration and Plaintiffs' alleged claims cannot

properly be adjudicated in this forum.

## NINTH AFFIRMATIVE DEFENSE

### (Defendant Provided Services Via Alternative Methods)

9.      Any allegedly wrongful acts or omissions performed by Defendant or

its agents, if there were any, do not subject Defendant to liability because

Defendant accommodated or was ready and willing to accommodate Plaintiffs'

alleged disabilities by providing access via "alternative methods" other than the

removal of the alleged barriers (42 U.S.C. §12182), such as, by personally assisting

Plaintiffs overcome/deal with any of the barriers alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.     Plaintiffs' claims are barred under the doctrine of unclean hands

because Plaintiffs are not bona fide customers, but serial Plaintiffs who

intentionally stage lawsuits for monetary gain.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privilege)

11.     Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

## TWELFTH AFFIRMATIVE DEFENSE

### (Undue Burden)

12.     Insofar as Defendant has not made alterations to the facilities at issue, which Plaintiffs contend should have been made, those changes were not and are not required under federal or state law, and any requirements to make those changes would impose an undue burden upon Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

13.     Plaintiffs are estopped by their conduct from recovering any relief under the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

14.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

15.     Plaintiffs failed to properly mitigate their alleged damages and therefore are precluded from recovering those alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

16.     Plaintiffs' state law claims are preempted by federal law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Indispensable Party)

17.     Plaintiffs' alleged claims are barred, in whole or in part, because of their failure to name an indispensable party or parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Modifications to Policies, Practices and Procedures)

18.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant made or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiffs' alleged disabilities, but Plaintiffs never asked for or sought assistance.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

19.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Legitimate Business Justifications)

20.     The Complaint, and each and every purported claim alleged therein, fail to state facts sufficient to constitute a claim against Defendant because any action taken with respect to Plaintiffs was for legitimate, non-discriminatory business reasons unrelated to Plaintiffs' alleged disabilities or other asserted protected status.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith)

21.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Mootness)

22.     Plaintiffs' claims are barred under the doctrine of mootness.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Dimensional Tolerances)

23.     Plaintiffs' claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within "dimensional tolerances."

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

24.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

25.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Plaintiffs failed to comply with the notice requirements.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

26.     Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred cannot be determined until Defendant has an opportunity to complete discovery.  Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiffs take nothing by way of their Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.     For such further and other relief as the Court may deem just and proper.

DATED:  August 21, 2015                  SEDER & CHANDLER LLP


                                   By:  /s/ Howard E. Stempler
                                        Howard E. Stempler
                                        SEDER & CHANDLER LLP
                                        339 Main Street, Suite 300
                                        Worcester, Massachusetts 01608
                                        Telephone:  508.471.3018
                                        Facsimile:  508.831.0955
                                        hstempler@sederlaw.com

                                        *Attorneys for Defendant*
                                        *The Container Store Group, Inc.*

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.


DATED:  August 21, 2015                  SEDER & CHANDLER LLP


                                   By:  /s/ Howard E. Stempler
                                        Howard E. Stempler
                                        SEDER & CHANDLER LLP
                                        339 Main Street, Suite 300
                                        Worcester, Massachusetts 01608
                                        Telephone:  508.471.3018
                                        Facsimile:  508.831.0955
                                        hstempler@sederlaw.com

                                        *Attorneys for Defendant*
                                        *The Container Store Group, Inc.*

<u>CERTIFICATE OF SERVICE</u>

     I, Howard E. Stempler, hereby certify that the attached document was filed electronically by using the Court's CM/ECF system on August 21, 2015, with a copy served upon the following counsel:

Jeremy Weltman, Esq.
KERSTEN, COREN & LICHTENSTEIN LLP
60 Walnut Street, 4th floor
Wellesley, MA  02481
jweltman@kcl-law.com

Jana Eisinger, Esq.
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO  80246
eisinger@mlgrouppc.com

Scott C. LaBarre, Esq.
LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
slabarre@labarrelaw.com

                            /s/ Howard E. Stempler
                              Howard E. Stempler
                              339 Main Street, Suite 300
                              Worcester, Massachusetts  01608
                              Tel:  (508) 471-3018
                              Fax:  (508) 831-0955
                              hstempler@sederlaw.com