# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS, BOSTON DIVISION

|  |  |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of their members and themselves, MARK CADIGAN, MIKE PYYHKALA, LISA IRVING, ARTHUR JACOBS, JEANINE KAY LINEBACK, and HEATHER ALBRIGHT, on behalf of themselves and all others similarly situated), <br><br> Plaintiffs, <br><br> v. <br><br> THE CONTAINER STORE GROUP, INC., <br><br> Defendant. | Civil Action No. 1:15-CV-12984 |

## DEFENDANT THE CONTAINER STORE, INC.'S OPPOSITION TO PLAINTIFF NATIONAL FEDERATION OF THE BLIND'S MOTION TO COMPEL DEPOSITION ATTENDANCE, PRODUCTION OF DOCUMENTS, AND RESPONSES <u>TO INTERROGATORIES FROM DEFENDANT THE CONTAINER STORE, INC.</u>

# TABLE OF CONTENTS

**Page**

I.   PLAINTIFFS SHOULD BE SANCTIONED AND THEIR MOTION
     DENIED FOR FAILING TO MEET AND CONFER....................................5

II.  DEFENDANT WAS  JUSTIFIED  IN NOT RESPONDING TO
     PLAINTIFFS' MERITS DISCOVERY REQUESTS PENDING
     RESOLUTION OF ITS MOTION TO COMPEL ARBITRATION. .............9

III. DEFENDANT'S OTHER OBJECTIONS TO PLAINTIFFS'
     DISCOVERY REQUESTS. ........................................................................12

## TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Andrus v. D.R. Horton, Inc.*
    2012 WL 1971326 (D. Nev. 2012)....................................................................11

*Barbour v. Memory Gardens Management Corp.*
    2008 WL 1882847 (N.D. Ind. 2008) .............................................................5, 6

*Bernal v. Burnett*
    2010 WL 4792628 (D. Colo. 2010)...............................................................11

*Cannon v. Cherry Hill Toyota*
    190 F.R.D. 147 (D.N.J. 1999)..........................................................................8

*CIGNA HealthCare of St. Louis, Inc. v. Kaiser*
    294 F.3d 849 (7th Cir. 2002) .........................................................................10

*Cincinnati Bengals, Inc. v. Thompson*
    553 F.Supp. 1011 (S.D. Ohio 1983) ................................................................9

*Cunningham v. Van Ru Credit Corp.*
    2006 WL 2056576 (E.D. Mich. 2006).............................................................10

*Enterprise Technology Holdings, Inc. v. Noveon Systems, Inc.*
    2008 WL 2265264 (S.D. Cal. 2008)..................................................................5

*Gloster v. Sonic Automotive, Inc.*
    226 Cal.App.4th 438 (2014) ............................................................................9

*Hibler v. BCI Coca-Cola Bottling Co. of Los Angeles*
    2011 WL 4102224 (S.D. Cal. 2011).................................................................11

*Hill v. Asset Acceptance*
    LLC, 2014 WL 1289578 (S.D. Cal. 2014) .......................................................11

*In PCH Mut. Ins. Co. v. Cas. & Sur., Inc.*
    569 F. Supp. 2d 67 (D.D.C. 2008)....................................................................10

*Intertec Contracting v. Turner Steiner Int'l, S.A.*
    2001 WL 812224 (S.D.N.Y. 2001) ..................................................................... 10

*Judson v. OneBeacon Am. Ins. Co.*
    2011 WL 1557889 (S.D. Ga. 2011) ..................................................................... 11

*Keithley v. The Home Store.com, Inc.*
    2008 WL 2024977 (N.D. Cal. 2008) ..................................................................... 7

*Levin v. Ripple Twist Mills, Inc.*
    416 F. Supp. 876 (E.D. Pa. 1976) ..................................................................... 10

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*
    357 F.Supp.2d 1277 (D. Colo. 2004) ..................................................................... 10

*Mundi v. Union Sec. Life Ins. Co.*
    2007 WL 2385069 (E.D. Cal. 2007) ..................................................................... 10

*Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.*
    339 F.3d 180 (3rd 2003) ..................................................................... 7, 8

*Porter v. Brancato*
    1997 WL 150050 (D. Kan. 1997) ..................................................................... 6

*Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*
    2012 WL 1253265 (D. Kan. 2012) ..................................................................... 11

*Robinson v. Potter*
    453 F.3d 990 (8th Cir. 2006) ..................................................................... 5

*Ross v. Bank of Am.*
    2006 WL 36909 (S.D.N.Y. 2006) ..................................................................... 10

*Shoppel v. Schrader*
    2009 WL 2525817 (N.D. Indiana 2009) ..................................................................... 6

*Simula, Inc. v. Autoliv, Inc.*
    175 F.3d 716 (9th Cir. 1999) ..................................................................... 9, 10

*Stiener v. Apple Computer, Inc.*
    2007 WL 4219388 (N.D. Cal. 2007) ..................................................................... 11

*Stifel, Nicolaus & Co., Inc. v. Freeman*
  924 F.2d 157 (8th Cir. 1991) ...................................................................9

*Stillaguamish Tribe of Indians v. Nelson*
  2012 WL 1855763 (W.D. Wash. 2012) ....................................................8

*Tanner v. Kaiser Foundation Health Plan, Inc.*
  2015 WL 6081771 (N.D. Cal. 2015) .........................................................6

*U.S. Bank National Association v. Friedrichs*
  2013 WL 371987 (S.D. Cal. 2013) ............................................................6

*Whitsell Corp. v. Electrolux Home Products, Inc.*
  2015 WL 5316591 (S.D. Georgia 2015) ...................................................6

*Williams v. Board of County Comm'rs of Unified Gov't of Wyandotte
  County and Kansas City, Kans.*
  192 F.R.D. 698 (D. Kan. 2000) .................................................................6

*Winig v. Cingular Wireless LLC*
  2006 WL 3201047 (N.D. Cal. 2006) .......................................................11

Statutes

ADA ...................................................................................................................2

Federal Arbitration Act ......................................................................................9

Other Authorities

F.R.C.P. 26(f) ...............................................................................................2, 10

F.R.C.P. 37(a)(1) ...........................................................................................5, 6

# INTRODUCTION

Plaintiffs' motion was filed in bad faith.  This case epitomizes why there is a legal requirement to meet and confer in good faith before filing discovery motions. The parties had one telephone conversation that lasted less than two minutes where the parties agreed to enter into a stipulation to the effect that The Container Store, Inc. ("Defendant") could respond to Plaintiffs' merits discovery requests without waiving its right to arbitration.  The next day -- on new year's eve – Plaintiffs abruptly changed their mind and sent an email stating that they would file a motion to compel unless Defendant confirmed *by the end of the day* that it would supplement its responses without a stipulation.  Defense counsel notified Plaintiffs that he needed a few days to confer with his client and respond, but Plaintiffs immediately filed their motion anyway.  As a result, other than the issue of arbitration, the parties never met and conferred regarding any of Defendant's objections to Plaintiffs' discovery requests.  Plaintiffs pretend that Defendant's only objection is that their claims are subject to arbitration.  Nothing could be further than the truth.  Plaintiffs' discovery requests are objectionable on their face such as requests for a summary of each witnesses' anticipated trial testimony.

As explained in more detail below, the Court should deny Plaintiffs' motion for several, independent reasons.  First, the Court should deny Plaintiffs' motion and sanction Plaintiffs' counsel for failing to meet and confer in good faith. Second, under well-established law, the Court should stay Plaintiffs' merits discovery until Defendant's motion to compel arbitration is resolved.  Finally, to the extent the Court actually considers Plaintiffs' motion, does not stay merits discovery and overrules Defendant's arbitration objection, then the Court should deny the remainder of Plaintiffs' motion and order Plaintiffs' counsel to meet and confer regarding Defendant's other objections and deposition dates.

## RELEVANT FACTUAL BACKGROUND

### I.   PLAINTIFFS' ALLEGATIONS AND DEFENDANT'S MOTION TO COMPEL ARBITRATION.

Plaintiffs allege that Defendant's point-of-sale devices and loyalty program are not accessible to visually-impaired individuals in violation of the ADA.  In addition to denying Plaintiffs' allegations, Defendant's Answer asserted that Plaintiffs' claims were subject to mandatory arbitration.  In the parties' Joint Rule 26(f) Report, Defendant requested that discovery be limited to whether Plaintiffs' claims were subject to arbitration.  The Court said to complete necessary discovery and bring the motion to compel arbitration.

On October 20, 2015, Defendant propounded special interrogatories and document requests directed solely at arbitration issues.  Plaintiffs responded on November 19, 2015.  Defendant is almost finished with gathering information to support its motion to compel arbitration (and stay this action), and plans on filing its motion at the end of January or the first week of February.

### II.   PLAINTIFFS' DISCOVERY REQUESTS.

On November 4, 2015, Plaintiffs propounded document requests and special interrogatories by regular mail.  Contrary to Plaintiff's suggestion, Defendant timely responded on December 7, 2015 as evidenced by the proof of service. (Chilleen Decl. ¶2).

Plaintiffs propounded 32 document requests.  Among many other things, they seek all documents: (1) concerning any allegations in the Complaint; (2) Defendant relied upon to answer the Complaint; (3) concerning Defendant's affirmative defenses; (4) prepared by Defendant's experts; (5) given by Defendant to any experts or given to Defendant by any experts; (6) Defendant intends to

introduce at trial; (7) concerning customer sales transactions; (8) concerning money spent by customers ; (9) concerning communications about Defendant's point of sale devices or loyalty program; (10) concerning compliance with laws related to tactile keypads; and (11) concerning invoices and delivery confirmations for point of sale devices.

Plaintiffs propounded 24 interrogatories which far exceeded the 25 allowed when counting non-discrete subparts.  Among many other things, they seek information regarding: (1) all persons who have knowledge of any allegations in the Complaint, including a summary of the facts known and any documents they have; (2) all trial witnesses, including a summary of their testimony and any documents they may rely upon at trial; (3) every communication with any person regarding any matters pleaded in the complaint and all documents that concern those communications; (4) Defendant's experts, their expert opinions, and attorney communications with the experts and all documents experts relied upon; (5) all communications with anyone regarding Plaintiffs' allegations, whether Defendant's point of sale devices and loyalty program are accessible, and Defendant's compliance with the law; (6) all facts supporting Defendant's affirmative defenses; and (7) all documents searched to supply answers, including all storage locations and current custodians.

Plaintiff also noticed the deposition of Joan Manson accompanied by numerous document requests.

## III.   PLAINTIFFS FAILED TO MEET AND CONFER.

On December 17, 2015, Plaintiffs' counsel sent a short email requesting to meet and confer regarding Defendants' discovery responses.  (Chilleen Decl. ¶3, 12-17-15 Email attached as Exhibit A to Chilleen Decl.).  The email did not discuss any particular discovery requests, explain why they were relevant, or why

Defendants' objections were improper – it merely requested a date to meet and confer.

On Wednesday, December 30, 2015, the parties had their only phone call regarding the instant discovery dispute. (Chilleen Decl. ¶3). It lasted less than two minutes. (Id.). Defense counsel explained that the reason why Defendant did not supply any information in response to Plaintiffs' discovery requests was because Defendant did not want to waive its right to compel arbitration by participating in merits discovery. (Id.). Defense counsel offered to withdraw its "arbitration" objection (but not its other objections) if the parties either stipulated (a) to continue all pretrial deadlines so Defendant's motion to compel arbitration could be resolved prior to the parties engaging in merits discovery; or (b) that Defendant's participation in merits discovery would not be deemed a waiver of its right to compel arbitration. (Id.). Plaintiffs' counsel said that Plaintiffs were "certainly not" taking the position that Defendant would be waiving its right to compel arbitration by participating in discovery and agreed to enter into a corresponding stipulation. (Id). Defense counsel agreed to withdraw its arbitration objection and supplement its responses accordingly by January 18 and to get available dates for Joan Manson's deposition. The parties never addressed a single, particular discovery request or discussed any of Defendant's numerous other objections. (Id.).

The next day -- on new year's eve -- Plaintiffs' counsel sent an email completing reversing his position. (Email Chain, attached as Exhibit B to Chilleen Decl.). Plaintiffs' counsel stated that he changed his mind after talking to his co-counsel and would not enter into any stipulations. Worse, Plaintiffs' counsel stated that he would file a motion to compel *unless Defendant confirmed by the end of the day* that it would supplement its responses without a stipulation.

On Sunday, January 3rd, defense counsel sent Plaintiffs' counsel an email asking him to confirm that he was now taking the position that Defendant would be waiving its right to arbitration by responding to Plaintiffs' discovery requests and informing him that he would relay Plaintiffs' new position to his client and get back to him with Defendant's response *by the close of business on January 8.* (Chilleen Decl. ¶4).

Without waiting for Defendant's response, Plaintiffs eagerly filed their motion to compel on the morning of January 4.  (Id.).  As a result, not only did defense counsel not have the opportunity to ascertain his client's position, the parties never had the opportunity to meet and confer regarding Defendant's numerous other objections to Plaintiffs' discovery requests.  (Id).  Apparently, this was part of Plaintiffs' ploy.  Plaintiffs' counsel's bad faith conduct should not be condoned.

## ARGUMENT

## I.   PLAINTIFFS SHOULD BE SANCTIONED AND THEIR MOTION DENIED FOR FAILING TO MEET AND CONFER.

Under F.R.C.P. 37(a)(1), "before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006).

Failure to meet and confer in good faith results in the denial of the motion to compel and subjects the offending party to sanctions.  *See, e.g., Robinson v. E. Potter*, 453 F.3d 990 (8th Cir. 2006) (denying motion to compel because plaintiff failed to meet and confer in good faith); *Barbour v. Memory Gardens Management Corp.*, 2008 WL 1882847 (N.D. Ind. 2008) (denying motion to compel because plaintiff failed to meet and confer in good faith); *Enterprise Technology Holdings, Inc. v. Noveon Systems, Inc.*, 2008 WL 2265264 (S.D. Cal. 2008) (denying

plaintiff's motion to compel and imposing sanctions on plaintiff for failing to meet and confer before filing his motion); *Tanner v. Kaiser Foundation Health Plan, Inc*., 2015 WL 6081771, *4 (N.D. Cal. 2015) ("Plaintiff is hereby warned that…failure to comply with any order or applicable procedural rule, including the failure to meet and confer, may result in sanctions"); *U.S. Bank National Association v. Friedrichs*, 2013 WL 371987, *4, fn. 2 (S.D. Cal. 2013) ("Sanctions may also be imposed for failure to satisfy meet and confer requirements").

"The duty-to-confer is not an empty formality." *Whitsell Corp. v. Electrolux Home Products, Inc*., 2015 WL 5316591, 85 (S.D. Georgia 2015). "[A] good faith effort to resolve a discovery dispute under Federal Rule of Civil Procedure 37(a)…requires that counsel converse, confer, compare views, consult and deliberate." *Barbour v. Memory Gardens Management Corp*., 2008 WL 1882847 (N.D. Ind. 2008). Meeting the good faith standard requires more than demanding compliance, exchanging letters, or a brief conversation. *See, e.g., Whitsell Corp. v. Electrolux Home Products, Inc*., 2015 WL 5316591, 85 (S.D. Georgia 2015) ("one letter or discovery request, which simply demands that a party accede to every demand for information, can hardly be considered to qualify as a good faith effort to confer and attempt to resolve a dispute"); *Williams v. Board of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kans*., 192 F.R.D. 698 (D. Kan. 2000) (single letter between counsel which addresses discovery dispute does not satisfy duty to confer); *Porter v. Brancato*, 1997 WL 150050, *1 (D. Kan. 1997) ("A reasonable effort to confer means more than mailing a letter to opposing counsel"); *Shoppel v. Schrader,* 2009 WL 2525817, *1 (N.D. Indiana 2009) ("motion hardly demonstrates that its counsel has met his duty to confer, since his efforts amounted to merely a single letter to Plaintiff's counsel and a brief telephone conversation").

It is well established that giving unreasonable deadlines to comply with discovery demands and then filing a motion to compel before the opposing party can respond – like Plaintiffs did in this case – does not meet the good faith standard.  The following cases illustrate this basic point.

In *Keithley v. The Home Store.com, Inc*., 2008 WL 2024977 (N.D. Cal. 2008), plaintiff filed a motion for sanctions with respect to defendants' responses to requests for admission.  Defendants informed plaintiff that he had failed to meet and confer.  To cure this defect, plaintiff withdrew his motion and offered to meet and confer.  However, plaintiff only gave defendants until the next day at noon to respond.  The next day, defendants sent a letter stating that they would welcome the opportunity to meet and confer.  However, plaintiff did not respond and re-filed his motion the same day, noticing it for a new hearing date.  Under these circumstances, the court chastised plaintiff for his gamesmanship and held that he had failed to meet and confer in good faith:

> "Instead of withdrawing the motion for a sufficient time to allow a good faith meet and confer efforts, he gave Defendants a short deadline within which to meet and confer, and then filed the motion for sanctions the next day.  The Court does not condone this conduct."

*Id.* at *1.

Likewise, in *Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc*., 339 F.3d 180 (3rd 2003), the court found that plaintiff's counsel had not met and conferred in good faith because he gave unreasonable deadlines to respond to his discovery demands:

> "At 4:30 p.m. on Tuesday, May 8, 2001, Naviant's counsel faxed appellants a twenty-page letter demanding more complete answers.  The letter contained the following ultimatum: 'If

> Naviant cannot get those full and complete answers by the end
> of the week (and even more importantly, your written
> confirmation by end of day tomorrow, May 9, 2001 to provide
> those full and complete answers by end of this week), then
> Naviant will file a Motion for Contempt with the Court.'  In
> other words, at the end of the day on Tuesday, Naviant gave
> Tucker until the end of the day Wednesday to inform Naviant
> whether it would respond to its twenty-page list of concerns by
> Friday…There was hardly a 'good faith attempt to confer with
> the party not making the disclosure in an effort to secure the
> disclosure without court action."

*Id.* at 186.

Similarly, the court in *Cannon v. Cherry Hill Toyota*, 190 F.R.D. 147 (D.N.J. 1999) held that sending a fax and demanding a response by the next business day and threatening to file a motion to compel is a token effort rather than a good faith effort.

In *Stillaguamish Tribe of Indians v. Nelson*, 2012 WL 1855763 (W.D. Wash. 2012), defendants sent several emails and called plaintiff  to set up a conference call to meet and confer later the same day, but plaintiff was unavailable. Defendants filed their motion to compel the very same day because it was the only way to have it heard before the discovery cutoff.  In his opposition, plaintiff moved for sanctions because defendants had failed to meet and confer in good faith before filing their motion.  The court agreed and imposed sanctions:  "While counsel attempted to meet and confer the same day it filed the motion, the court cannot conclude that it was a good faith effort…the court finds it appropriate to sanction [defense counsel]." *Id*. at *2.

Here, like in the above cases, Plaintiffs utterly failed to meet and confer in good faith.  As noted above, in a brief conversation that addressed only one of Defendant's objections (arbitration), the parties agreed to enter into a stipulation to the effect that Defendant would not waive its right to compel arbitration by participating in merits discovery.  The next day – on new year's eve -- Plaintiffs abruptly changed their mind, and demanded that Defendant confirm that it would respond to their discovery requests without such a stipulation *by the close of business on the same day or they would file a motion to compel*.  Over the weekend, defense counsel informed Plaintiffs that he would have to relay their new position to his client and would get them a response by the end of the week.  Instead of waiting for Defendant's response, Plaintiffs filed their motion to compel the very next day.  This is the definition of bad faith conduct.  Plaintiffs' gamesmanship should not be tolerated – their motion should be denied outright and they should be sanctioned.

## II.     DEFENDANT WAS  JUSTIFIED  IN NOT RESPONDING TO PLAINTIFFS' MERITS DISCOVERY REQUESTS PENDING RESOLUTION OF ITS MOTION TO COMPEL ARBITRATION.

It is well established that actively participating in a lawsuit, such as responding to written discovery requests and conducting depositions, favors a finding that a party has waived its right to compel arbitration.  *See, e.g., Stifel, Nicolaus & Co., Inc. v. Freeman*, 924 F.2d 157 (8th Cir. 1991); *Gloster v. Sonic Automotive, Inc*., 226 Cal.App.4th 438 (2014); *Cincinnati Bengals, Inc. v. Thompson*, 553 F.Supp. 1011 (S.D. Ohio 1983).

Under the Federal Arbitration Act, motions to compel arbitration stay any obligation to participate in merits discovery.  In *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir. 1999), the court pointed out that "[t]he FAA provides for

discovery…in connection with a motion to compel arbitration only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" *Id.* at 726; *accord, e.g., Levin v. Ripple Twist Mills, Inc.*, 416 F. Supp. 876, 880 (E.D. Pa. 1976) ("In a proceeding to compel arbitration, no discovery into the underlying grievance is ordinarily permitted").  Permitting "discovery on the merits" before "the issue of [the] arbitrability [of the dispute] is resolved puts the cart before the horse" because, "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002).  "The parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, *6 (E.D. Cal. 2007).

In *PCH Mut. Ins. Co. v. Cas. & Sur., Inc.*, 569 F. Supp. 2d 67, 78 (D.D.C. 2008), the district court noted that even though the parties had voluntarily agreed to commence discovery after conducting a Rule 26(f) conference, the FAA required that the court resolve the threshold issue of whether the parties agreed to mandatory arbitration before litigation of the merits could continue.  Therefore, the parties were permitted to only conduct discovery related to the issue of arbitrability.

For these reasons, courts routinely deny motions to compel and stay merits discovery until the issue of arbitration has been resolved.  *See Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576, *2 (E.D. Mich. 2006) (denying motion to compel merits discovery pending resolution of motion to compel arbitration); *Ross v. Bank of Am.*, 2006 WL 36909, *1 (S.D.N.Y. 2006) (same); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F.Supp.2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Intertec Contracting v. Turner Steiner Int'l, S.A.*,

2001 WL 812224, *7 (S.D.N.Y. 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court"); *Hibler v. BCI Coca-Cola Bottling Co. of Los Angeles*, 2011 WL 4102224, *2 (S.D. Cal. 2011) (holding that because the court's role is strictly limited to determining arbitrability, "merits discovery is surely inappropriate at this state of the proceedings"); *Andrus v. D.R. Horton, Inc.*, 2012 WL 1971326, *3 (D. Nev. 2012) (staying discovery because "to require the parties to proceed with the action pending a ruling on the motion to compel arbitration and any appeal thereof would cause the party seeking to enforce the arbitration clause to be deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes"); *Stiener v. Apple Computer, Inc.,* 2007 WL 4219388, *1 (N.D. Cal. 2007) ("In the interests of conserving the resources of the parties, a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent"); *Winig v. Cingular Wireless LLC*, 2006 WL 3201047, *2 (N.D. Cal. 2006) (staying discovery pending resolution of the arbitrability of the plaintiff's claims); *Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*, 2012 WL 1253265, *3 (D. Kan. 2012) (same); *Judson v. OneBeacon Am. Ins. Co.*, 2011 WL 1557889, *1 (S.D. Ga. 2011) (same); *Bernal v. Burnett*, 2010 WL 4792628, *3 (D. Colo. 2010) (same); *Hill v. Asset Acceptance*, LLC, 2014 WL 1289578 (S.D. Cal. 2014) (denying plaintiffs' motion to compel discovery and vacating all future pretrial deadlines until arbitration issue resolved).

In this case, Plaintiffs initially agreed to enter into a stipulation that Defendant could respond to their discovery requests without waiving its right to compel arbitration. However, Plaintiffs then decided to play games and filed this motion to compel instead. Plaintiffs wants to compel Defendant to respond to their discovery requests while at the same time taking the position that Defendant would

waived its right to arbitration by doing so.  This is pure gamesmanship.  Under well-established law, the Court should stay Plaintiffs' discovery requests pending the outcome of Defendant's motion to compel arbitration.  As defense counsel told Plaintiffs' counsel, Defendant is willing to continue discovery deadlines.

## III.    **DEFENDANT'S OTHER OBJECTIONS TO PLAINTIFFS' DISCOVERY REQUESTS.**

Plaintiffs pretend as if Defendant's only objection to their discovery requests is that their claims are subject to arbitration.  Indeed, Plaintiffs do not even attempt to explain the relevance or propriety of any of their discovery requests.  Plaintiffs' discovery requests are objectionable on their face.  Plaintiffs' special interrogatories are premature, unduly burdensome, and overbroad and seek irrelevant, confidential information and information protected by the attorney-client and work-product privileges.  Here are just a few examples:

**INTERROGATORY NO. 1:**

Identify all persons who have knowledge of any fact that concerns allegations contained in the Complaint and summarize the facts known to each person identified. Attach to Your answer a copy of each Document that concerns the allegations contained in the Complaint.

**INTERROGATORY NO. 2:**

Identify all persons that You expect to call as fact witnesses at trial, and describe the subject matter on which the witnesses are expected to testify.  Attach to Your answer a copy of each Document in Your possession, custody or control that each witness may rely upon or reference at trial.

## INTERROGATORY NO. 3:

Describe every communication that You have had with any person regarding any of the matters pleaded in Complaint, and identify all Documents that concern such communication.

## INTERROGATORY NO. 4:

Identify each person You expect to call as an expert witness at the trial of this Action and for each such person, describe in detail:

a. the subject matter upon which each expert is expected to testify at trial;

b. the substance of the facts and opinions to which this expert is expected to testify at trial and a summary of the grounds for each opinion;

c. all factual information supplied to such expert regardless of whether the expert considered or used the information as a basis for his or her opinion;

d. all oral communications provided to the expert regardless of whether the expert considered or relied upon the communication in forming his or her opinion; and identify each such person the expert communicated with and the substance of those communications;

e. any person with whom the expert consulted or talked with in forming his or her opinion and the substance of those communications;

f. all Documents that the expert reviewed, was provided or relied upon in forming his or her opinions;

g. all tests, sampling results, published treatises, periodicals, pamphlets or other written work that the expert relied upon in forming his or her opinions;

h. identify all tests, sampling results, published treatises, periodicals, pamphlets treatises, articles or other written work the expert will rely upon in testifying at trial;

i.      each Document, including but not limited to reports, prepared by each expert, which sets forth any opinions, conclusions or analysis relating to the allegations in the Complaint, Plaintiffs' claims for damages or any other opinion the expert is expected to testify to at trial;

j.      the qualifications of each expert, including his or her educational background, any specialized experience or expertise in any particular field, a list of all publications authored by each expert, including the title of the work, the name of the periodical or the book in which it was printed and the date of its printing; and

k.      whether each expert has previously testified in any civil, administrative or criminal proceeding, either by way of deposition or trial testimony, identify each such proceeding stating the complete caption of the action, the docket number, the court or government agency in which the action was filed, the attorney representing the party upon whose behalf the expert testified, the dates the expert testified, the subject of the testimony given and identify any transcript or notes of the testimony.

## INTERROGATORY NO. 5:

Identify each person, not testifying as an expert witness, You expect to call as a witness who will offer testimony in the form of opinions or inferences and for each such person, describe in detail:

a.      the subject matter upon which each witness is expected to testify at trial;

b.      the substance of the facts and opinions to which each witness is expected to testify at trial and a summary of the grounds for each opinion and inference.

Similarly, Plaintiffs' document requests are overbroad and unduly burdensome and seek irrelevant, confidential information and documents protected

by the attorney-client and/or work product privileges.  Here are a few examples:

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents relied upon by You in formulating Your answers to the Interrogatories.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents that concern any of the allegations set forth in the Complaint.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents relied upon by You in formulating Your Answers to the Complaint.

**REQUEST FOR PRODUCTION NO. 9:**

All documents that concern Your separate defenses to the Complaint.

**REQUEST FOR PRODUCTION NO. 10:**

All documents prepared by any experts retained by You for the purposes of the Action.

**REQUESTS FOR PRODUCTION NO. 7:**

All documents given by You to any experts or given to You by any experts.

**REQUEST FOR PRODUCTION NO. 12:**

For Your five (5) most recent fiscal years, all documents that identify Your (a) total number of customer sales transactions by fiscal year broken down by state; (b) estimate of the average amount spent per customer transaction by fiscal year and by state;(c) total number of customer transactions by fiscal year and by state that represent purchases made via debit card by Your customers, and ( d) estimate of the number of repeat purchases made by Your customers by fiscal year and by state.

**REQUESTS FOR PRODUCTION NO. 13:**

For Your five (5) most recent fiscal years, all documents that concern Your (a) total number of customers signing up for the POP! Program at Your retail stores by fiscal year broken down by state; (b) total number of customers signing up for the POP! Program via Your website by fiscal year broken down by state; (c) estimate of the average amount spent through the POP! Program per customer transaction by fiscal year and by state; (c) total number of customer transactions by fiscal year and by state that represent purchases made through the POP! Program via debit card purchases by Your customers, and ( d) estimate or actual average number of repeat purchases made by Your POP! Program members.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that concern any and all communications between You and any person or entity not a named Plaintiff in this Action concerning (a) any purchase each named Plaintiff has made at any of Your retail stores; and, (b) the POS Devices and/or log-in methods for Your POP! Program at Your retail stores.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents which You intend to introduce at time of trial in connection with the Action.

As noted above, the problem is that Plaintiffs filed this motion without meeting and conferring and thus there was no discussion at all regarding any of Plaintiffs' discovery requests or ways to address Defendant's objections.  To the extent the Court overrules Defendant's arbitration objection and does not stay merits discovery, then the Court should deny the remainder of Plaintiffs' motion and order Plaintiffs to meet and confer regarding Defendant's other objections and deposition dates.

/ / /

/ / /

## <u>CONCLUSION</u>

For the above reasons, the Court should deny Plaintiffs' motion and sanction Plaintiffs' counsel.


DATED:  January 19, 2016         SHEPPARD, MULLIN, RICHTER &
                                 HAMPTON LLP


                         By:  <u>/s/ *Gregory F. Hurley*</u>
                              Gregory F. Hurley (*Pro Hac Vice*)
                              Michael J. Chilleen (*Pro Hac Vice*)
                              Sheppard Mullin Richter & Hampton LLP
                              650 Town Center Drive, 4th Floor
                              Costa Mesa, CA 92626-1993
                              714.513.5100 | main
                              714.424.8205 | direct
                              714.428.5981 | direct fax
                              www.sheppardmullin.com
                              ghurley@sheppardmullin.com
                              mchilleen@sheppardmullin.com

                              - and –

                              Howard E. Stempler
                              SEDER & CHANDLER LLP
                              339 Main Street, Suite 300
                              Worcester, Massachusetts 01608
                              Telephone:  508.471.3018
                              Facsimile:  508.831.0955
                              hstempler@sederlaw.com

                              *Attorneys for Defendant*
                              *The Container Store Group, Inc.*

## CERTIFICATE OF SERVICE

I, Gregory F. Hurley, certify that on this 19th day of January, 2016, I caused a true copy of the foregoing *Defendant The Container Store, Inc.'s Opposition to Plaintiff National Federation of the Blind's Motion to Compel Deposition Attendance and Production of Documents From Defendant The Container Store, Inc.* to be filed with the Clerk of the United States District Court for the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to be served through ECF upon counsel of record, with paper copies sent to any person indicated on ECF as a non-registered participant:

Jeremy Weltman, Esq.
KERSTEIN, COREN &
LICHTENSTEIN LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
Telephone:  781.997.1600
Facsimile:  781.997.1633
jweltman@kcl-law.com

Jana Eisinger, Esq.
*Pro Hac Vice*
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
Telephone:  303.597.4000
eisinger@mlgrouppc.com
lambalot@mlgrouppc.com

Scott C. LaBarre, Esq.
*Pro Hac Vice*
LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
Telephone:  303.504.5979
slabarre@labarrelaw.com

Timothy Elder, Esq.
TRE LEGAL PRACTICE, LLC
4226 Castanos Street
Fremont, CA 94536
Telephone:  410.415.3493
telder@trelegal.com