**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**
**1:15-cv-12984-NMG**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of their members and itself, MARK CADIGAN, MIKA PYYHKALA, LISA IRVING, ARTHUR JACOBS, JEANINE KAY LINEBACK, and HEATHER ALBRIGHT, on behalf of themselves and all others similarly situated, | \* <br> \* <br> \* <br> \* <br> \* <br> \* |
| | \* |
| | \* |
| Plaintiffs, | \* |
| | \* |
| v. | \* |
| | \* |
| THE CONTAINER STORE, INC. | \* |
| | \* |
| Defendant. | \* |

**C.A. No. 1:15-cv-12984-NMG**
*(Leave to file granted 1/25/16)*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY TO DEFENDANT THE CONTAINER STORE, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION ATTENDANCE AND RESPONSES TO OUTSTANDING WRITTEN DISCOVERY**

Plaintiff National Federation of the Blind (hereinafter "NFB") respectfully submits this Reply following this Court's granting of Plaintiff's request for leave to file a reply on January 25, 2016.

Despite the defendant The Container Store, Inc.'s (hereinafter "TCS") best efforts at inaccurately accusing Plaintiff's counsel of wrongdoing with respect to meet and confer obligations, looking past TCS' obfuscation and persistent delay tactics, it is clear that TCS fails to address the core issue at bar – that is, its persistent failure to comply with its obligations under the Federal Rules of Civil Procedure to timely respond to written discovery and produce its duly noticed Vice President of Loss Prevention, Payroll, Benefits and Legal (Ms. Joan Manson) for deposition.

1

Unfortunately, as it has done since this litigation was commenced, instead of meeting its discovery obligations provided for in Federal Rules of Procedure 30, 33 and 34, TCS attempts to shift the focus away from a determination on the core issue (TCS' complete non-compliance with its discovery obligations) to that of a non-substantive tangential issue (Plaintiff's counsel's meet and confer efforts). TCS' actions here - mischaracterizing and misstating the substance of counsel's meet and confer discussions, in a misguided attempt to distract the Court from TCS' failure to respond at all to discovery - represent precisely the type of egregious and unwarranted recalcitrance that the local rules and the federal rules of civil procedure are designed to prevent. For the reasons set forth below and in Plaintiff's Motion to Compel, TCS' persistent delay tactics and mis-statements should be rejected, and it should be required to immediately comply with its discovery obligations.

**I.      TCS Disregards the Court's Rejection of Its Initial Attempt to Limit Discovery Until it Decides to Take Action on its Purported Mandatory Arbitration Issue**

TCS does its best to gloss over the fact that its attempt to somehow limit or phase discovery in this matter until such time that it decides to press what it claims is a mandatory arbitration issue with the Court has *already been considered and rejected by Judge Gorton* at the September 29, 2015 Scheduling Conference held in this matter.

Indeed, in the parties' Joint Rule 26(f) Statement regarding the scheduling conference, the defendant TCS requested that discovery be limited or phased until it could proceed on the arbitration issue.  While TCS minces words in its Opposition stating that "[t]he Court said to complete necessary discovery and bring the motion to compel arbitration," what the Court really said was that it would *not limit or phase discovery* in this matter as requested by TCS. Instead, the Court clearly stated that while TCS could bring its motion to compel arbitration if it felt it actually had grounds for such a contention, it would not hold up discovery in the meantime. This

conclusion is evidenced by the Court's October 1, 2015 ECF Notice (Docket No. 21) providing the results of the Scheduling Conference, which does not state that discovery shall be limited or phased in any way. Rather, as proposed by the Defendants in the Joint Rule 26(f) Statement, written discovery is to be served by 2/29/2016 and answered by 3/31/2016, without limitation. This being the case, TCS' incessant attempt to unfairly stall discovery as long as possible under the guise of a claimed entitlement to mandatory arbitration should be entertained no further.

## II. TCS Misstates What the Record Clearly Demonstrates In Terms of Local Rule 7.1(a)(2) and 37.1 Meet and Confer Efforts

Plaintiff National Federation of the Blind propounded Requests for Production of Documents and Interrogatories upon TCS by both regular mail and electronic mail on November 4, 2015.[1] Plaintiff also noticed the deposition of Vice President of Loss Prevention, Payroll, Benefits and Legal (Ms. Joan Manson) for deposition in Texas (where the defendant's principal office is located) on December 10, 2015. Pursuant to Federal Rules of Civil Procedure 33 and 34, TCS was required to answer the Interrogatories and Respond to the Requests for Production by December 4, 2015.

While TCS claims in its Opposition that it "timely responded on December 7, 2015 as evidenced by the proof of service," this is not the case. In any event, the real issue is not timeliness. As laid out in detail in its Motion to Compel, the "responses" TCS served on December 7, 2015 were quite literally nothing more than form boilerplate objections that it cut/paste in response to each and every Interrogatory and Request for Production of Documents. *TCS did not produce a single document or provide a substantive response to a single interrogatory.* In addition to its complete failure to answer the written discovery, TCS advised

---

[1] There was nothing "special" about the interrogatories, as claimed in TCS' Opposition. See TCS Opposition, p. 2. The Interrogatories attached as *Exhibit 1* to Plaintiff's Motion to Compel are fairly standard, albeit narrowly tailored to the facts of this case.

the Plaintiff on December 1, 2015 that it did not intend to produce Ms. Manson for deposition, despite having been properly served with a notice for her deposition.

As a result of TCS' complete disregard of its discovery obligations, pursuant to Local Rule 37.1, on Thursday December 17, 2015, counsel for the Plaintiff sent an email to counsel for TCS requesting a meet and confer conference by telephone "with respect to your clients' complete non-answers to Plaintiffs' written discovery and refusal to produce Ms. Manson for deposition." See *Exhibit A* to TCS' Opposition. In conformance with its usual modus operandi of attempting to delay Plaintiffs from pursuing their claims at every turn, counsel for TCS waited the full seven (7) days provided for in Local Rule 37.1(A)[2] before responding by email dated December 23, 2015, wherein counsel for TCS stated he is not available for a meet and confer call for another seven (7) days – on December 30, 2015. Plaintiff's counsel agreed to meet and confer on the date suggested by TCS. Local Rule 37.1(B)(II) provides that a moving party may not file its motion to compel unless "opposing counsel has failed to attend a discovery conference within fourteen (14) calendar days of the request." Here, counsel for TCS waited until the final date possible to suggest a meet and confer, using Local Rule 37.1 to his full advantage in the defendant's ongoing campaign of delay

Finally, on December 30, 2015, counsel for Plaintiff and TCS met and conferred by telephone. Counsel for Plaintiff indicated that considering TCS failed to provide a single substantive response to Plaintiff's written discovery, it would require an agreement from TCS to substantively respond to written discovery and provide a date certain for the deposition of Ms. Manson or else the Plaintiff would have no other choice but to file a Motion to Compel the same.

---

[2] LR 37.1(A) provides, in pertinent part: "Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion."

In response, counsel for TCS stated first that they would like to extend the discovery deadline until TCS could get around to filing its motion on what it deems is a mandatory arbitration issue. Plaintiff's counsel indicated that the scheduling of discovery had already been accomplished at the September 29, 2015 Scheduling Conference and, as a result, Plaintiff was not amenable to simply extending discovery deadlines. Thereafter, counsel for TCS suggested that they could provide substantive responses to written discovery by January 18, 2016 and produce Ms. Manson for deposition sometime in the first two weeks of February at the location originally noticed in Texas *if* the Plaintiff entered into a stipulation to the effect that TCS was not waiving its right to contest the arbitration issue by substantively responding to discovery.

Contrary to the claim of TCS' counsel, Plaintiff's counsel *never* conceded that the Plaintiff could not challenge the arbitration issue on any appropriate grounds. In fact, counsel for the Plaintiff indicated to counsel for TCS that while TCS could send over a draft stipulation for consideration, the proposal would ultimately need to be taken back to the clients.  This position is clearly evidenced in the December 31, 2015 email correspondence that followed the December 30, 2015 telephone conference, that which is attached as *Exhibit B* to TCS' Opposition:

> …after further consideration, have determined that there is no reason why our clients need to enter into a stipulation concerning arbitration before your client fulfills its obligations to respond to outstanding discovery in a meaningful way.
>
> This being the case, we expect your client will respond to written discovery by Jan. 18 and you will get back to me with a few good dates the first two weeks of Feb. for deposing Ms. Manson irrespective of whether we agree that your client can bring the arbitration issue to the court - whether now or later.
>
> To be clear, it remains the Plaintiffs' position that there is no arbitration issue and, considering the Court has directed your client at the Sched. Conf. to bring the issue forward forthwith if it really believed the claims were subject to mandatory arbitration, and your client has not, we believe it inappropriate to condition responding to discovery on such a stipulation.

Please confirm by close of business today, 12/31, that your client will be responding to discovery as outlined above. In the event we do not hear from you, we will move forward with filing our motion to compel.

To be clear, the above email to counsel for TCS was sent at 6:06 AM on Thursday December 31, 2015. Counsel for TCS, again in its usual fashion, did not see fit to respond to the aforementioned email until Sunday, January 3, 2016. On that date, counsel for TCS sent an email at 12:37 PM stating:

To be clear, you said Plaintiffs would not be taking the position that Defendants are waiving their right to arbitration by responding to your discovery and now you are taking the opposite position and will argue that we waived our right to arbitration if we give substantive responses and allow the deposition to go forward?  I will relay your new position to my client and get back to you by close of business on Friday.

In continuing in the spirit of Local Rule 37.1, counsel for Plaintiff timely replied, clarifying as follows:

I'm not saying either. And it's not a new position; I told you on the phone I would need to take it back to my client.

What I am saying is that my clients should not need to enter into a stipulation or agreement one way or the other on the issue as a condition precedent to yours responding to discovery.

Contrary to TCS' attempt to frame Plaintiff's filing of its Motion to Compel as "eager," Plaintiff ultimately did not file its Motion to Compel until Monday, January 4, 2016 at 2:25 PM – more than five (5) days after the parties' initial telephone conference held on December 30, 2015, and more than four (4) days after the December 31, 2015 email from counsel for Plaintiff which further defined the area of disagreement and provided Plaintiff's position regarding the same.

**III.    Plaintiff Fulfilled Its Meet and Confer Obligations**

TCS fills some six (6) pages of a twelve-page[3] Opposition with case law from other jurisdictions that has no bearing on the facts of this case. Indeed, TCS calls upon cases from the 8th Circuit, Indiana, California, Georgia, Kansas, New Jersey and Washington in its attempt to argue that the Plaintiff failed to meet and confer in good faith pursuant to Local Rule 37.1 prior to filing its Motion to Compel. Noticeably missing, however, is any case law from Massachusetts or the First Circuit that supports TCS' misguided arguments. This is so because no Massachusetts decisions support TCS' argument.  While Massachusetts courts are diligent in ensuring that parties meet the letter of the law, they also take into consideration whether the spirit of the Local Rule is met, as it clearly was here. See e.g., D'Agostino v. Fed. Ins. Co., 969 F. Supp. 2d 116, 134 (D. Mass. 2013) (where counsel for opposing parties filed conflicting affidavits on efforts made to confer, the Court reasoned, "…it is far from clear that [the moving party] failed to confer with the plaintiff before filing her motions for protective order. Even if it were assumed that [the moving party] neglected to do so, this court would not find that sanctions were warranted. The undisputed facts demonstrate that by the time [the moving party] filed its motions, the parties' negotiations had broken down and their communications had grown contentious. Accordingly, [the moving party] acted appropriately when it sought the court's intervention, and the plaintiff's request for sanctions is denied.") Here, just as in D'Agostino, not only did counsel for the Plaintiff follow the requirements of the Local Rule with regard to its meet and confer obligations, as fully evidenced in the exhibits attached to TCS' Opposition and the Certification included at the end of Plaintiff's Motion to Compel, but by continuing to engage

---

[3] TCS' Opposition is comprised of approximately twelve pages of briefing and five (5) pages simply reproducing various Interrogatories and Request for Production of Documents that it claims, in very broad strokes, to be overbroad.

with TCS by email for an additional five (5) days following the parties' meet and confer conference regarding TCS' hard-line position, i.e., that it required the Plaintiff to sign a stipulation and waive its defenses in order to get TCS to respond to written discovery propounded by the Plaintiff or produce Ms. Manson for deposition, the Plaintiff also met the spirit of Local Rule 37.1. Just as in D'Agostino, it is clear here that by the time Plaintiff filed its Motion to Compel, the parties' negotiations had broken down and communications had grown contentious.

Further, even where the parties fail to confer entirely, which is *not* the case here, the Massachusetts District Court has shown great leeway when it is fairly clear from the record that any issue of contention could not have been resolved or narrowed by further discussion.  EEOC v. Chipotle Mexican Grill, 98 F. Supp. 3d 198, 212 (D. Mass. 2015) ("[f]urther, even if the EEOC did fail to confer with defendant prior to filing the motion, it does not appear that any of the issues in contention could have been resolved or narrowed by such a conferral, as defendant opposes plaintiff's motion in its entirety.") Just as the defendant does in the Chipotle Mexican Grill case above, TCS opposes Plaintiff's Motion to Compel in its entirety, essentially proving that none of the issues in contention could have been resolved or narrowed by further discussion with counsel for TCS.

In reality, as evidenced by TCS' previous behavior and its persistent attempt to delay Plaintiff's efforts to move its case forward, any further efforts to confer with TCS would have only resulted in more delay, to the Plaintiff's sole prejudice. See *Exhibit B* to TCS' Objection (wherein counsel for TCS states on January 3, 2016 that it would take until the close of business on Friday, January 8, 2016  - five days later - before it could determine whether it would unconditionally respond to Plaintiff's demand for substantive discovery responses.)

**IV.     TCS May Not Simply Hide Behind a Purported Mandatory Arbitration Defense In Lieu of Meeting its Discovery Obligations**

In response to NFB's Interrogatories, Requests for Production and to the categories of documents to be produced prior to Joan Manson's deposition, TCS alleged that NFB's claims were subject to arbitration. TCS stopped short of explaining how this qualified as an objection and failed to provide any support or authority for the statement. Regardless, as explained in detail in the Motion to Compel, it is not sufficient to decline to respond to propounded discovery simply on the basis of an alleged entitlement to arbitration.

TCS' assertion that NFB's claims are subject to arbitration has no bearing here. Despite raising it as an affirmative defense in its answer, TCS has not moved to enforce an arbitration agreement, compel arbitration, or otherwise dismiss this matter on similar grounds.[4] Indeed, instead of presenting the issue to the Court as it was directed to do at the Scheduling Conference held in this matter nearly four (4) months ago, TCS has *still not moved to compel arbitration*.[5]

---

[4] The sole basis for TCS' contention that any of Plaintiffs' claims are subject to arbitration apparently stems from an arbitration agreement buried within the Terms and Conditions of the Loyalty Program. Setting aside the fact that the NFB is not a Loyalty Program member and thus not subject to any arbitration agreement, the arbitration agreement does not apply to POS Device purchase claims – and Plaintiffs deny it controls their Loyalty Program claims as well.

[5] Even in cases where a motion to compel arbitration has been filed and is before the court for a determination, it is not enough to simply decline to answer discovery, even on the grounds that the requested discovery does not relate to the issue of arbitrability. See FTN Financial Capital Markets v. Miller Johnson Steichen & Kinnard, Inc., No. CIV 05–1770–PHX–EHC, 2006 WL 1160391, at *1 (D. Ariz. May 1, 2006). In FTN Financial Capital Markets the court noted that the defendant had "not moved for a protective order narrowing the scope of discovery pending the determination of arbitrability" nor had he shown good cause for such an order limiting discovery. Id. Similarly here, TCS has neither moved to compel arbitration nor sought a protective order to narrow the scope of discovery in light of its assertion that arbitration applies here. Absent additional action, TCS cannot simply decline to participate in discovery because it believes the claims are subject to arbitration.

This is the case even though Plaintiff responded months ago to discovery propounded on the Plaintiffs specifically with respect to the arbitration issue.

Instead, TCS claims in its Opposition that it was "justified in not responding to Plaintiffs' merits discovery requests" because "actively participating in a lawsuit…favors a finding that a party has waived its right to compel arbitration." See TCS Opposition, p. 9. Plaintiff submits that relying on a claimed right to arbitration as a justification for failing to respond in any fashion to discovery, when this Court already rejected their request to stay or limit discovery based on a purported claim to arbitrate, and when the Complaint in this matter was first filed in July 2015, is nothing more than an improper dilatory tactic. *TCS has had six (6) months from the filing of this action to bring the purported arbitration issue to the Court's attention for disposition – it still has not.* Selection of a forum in which to resolve a legal dispute should be made at the earliest possible opportunity in order to economize on the resources, both public and private, consumed in dispute resolution. Cabinetree of Wisconsin v. Kraftmaid Cabinetry, 50 F. 3d 388, 391 (7th Cir. 1995).  The failure of TCS to move promptly for arbitration, but at the same time its willingness to use the prospect of mandatory arbitration as its shield against meeting its discovery obligations, is powerful evidence of the true motivation of TCS, which is to continue to delay, for as long as possible, an adjudication on the merits of this case. [6] For these reasons, Plaintiff's Motion to Compel should be allowed in full.

---

[6] To be clear, TCS' claim that "Plaintiffs wants [sic] to compel Defendant to respond to their discovery requests while at the same time taking the position that Defendant would waived [sic] its right to arbitration by doing so" is patently false. As clearly evidenced in *Exhibit B* to TCS' Opposition, counsel for the Plaintiff stated in his January 3, 2016 email that the Plaintiff was not taking a position one way or another at this juncture, but ultimately "[Plaintiff] should not need to enter into a stipulation or agreement one way or the other on the issue as a condition precedent to yours responding to discovery."

**V.     The Burden Does Not Lie With Plaintiff to Explain to the Defendant Why Each of its Boilerplate Objections Are Insufficient**

TCS claims that in addition to its objections based on its unasserted right to arbitration, it set forth "other objections" to Plaintiffs' discovery requests that somehow shift the burden to the Plaintiffs to "explain the relevance or propriety of any of their discovery requests." <u>See</u> TCS Opposition, p. 12.  This argument is meritless. It is well established that a while a party moving to compel discovery bears the initial burden of proving the relevance of the requested information, once that initial burden is met[7], "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." <u>Trask v. Olin Corp</u>., 298 F.R.D. 244, 263 (W.D. Pa. 2014). TCS clearly cannot make this showing where it claims that an interrogatory seeking "the identity of all persons who have knowledge of any fact that concerns the allegations in the complaint" (Interrogatory No. 1) or a request for production that seeks "all documents that concern [TCS] separate defenses to the Complaint" (Request No. 9) are "objectionable on their face." <u>See</u> TCS' Opposition, p. 12. In fact, TCS claiming that these sort of standard discovery requests are unduly burdensome and overbroad or seek irrelevant information is emblematic of the sort of flippant position it has taken with the Plaintiff since the beginning of their dealings on the issue of accessibility. Respectfully, this Court should not permit TCS to continue with its time consuming gamesmanship.

---

[7] Plaintiff incorporates by reference its original Motion to Compel in this regard.

## VI.     CONCLUSION

In summary, TCS' objections and complete failure to respond to NFB's discovery are clearly improper. TCS' responses to Plaintiff's requests for discovery were, without exception, generic objections that failed to specify how the objections applied to any of NFB's written discovery. With respect to Plaintiff's Motion to Compel, rather than responding to the merits of Plaintiff's Motion, TCS attempts to change the focus of the issue away from its own egregious actions to casting aspersions on Plaintiff's counsel. But TCS's claim that Plaintiff failed to meet and confer are inaccurate and unavailing.  Thus, Plaintiff's respectfully request that the Court: a) order TCS to provide all responsive documents and information within 10 days; and b) order Joan Manson to appear for deposition within the next 30 days after TCS meaningfully responds to the outstanding discovery. Additionally, Plaintiff requests that the Court order TCS to pay NFB's reasonable expenses, including attorneys' fees and costs, incurred in preparing this Motion and Reply.

Respectfully submitted this  25th  day of January, 2016.

s/ Jeremy Weltman
Jeremy Weltman, 662293
KERSTEIN, COREN & LICHTENSTEIN                Scott C. LaBarre (*pro hac vice*)
60 Walnut Street, 4th Floor                                  LABARRE LAW OFFICES, P.C.
Tel: 781.997.1600                                               1660 South Albion Street, Suite 918
Fax: 781.997.1633                                              Denver, CO 80222
jweltman@kcl-law.com                                       303.504.5979
                                                                       slabarre@labarrelaw.com

Jana Eisinger (*pro hac vice*)
MARTINEZ LAW GROUP, P.C.                        Timothy Elder (*pro hac vice*)
720 South Colorado Boulevard                            TRE LEGAL PRACTICE, LLC
South Tower, Suite 1020                                      4226 Castanos Street
Denver, CO 80246                                              Fremont, CA 94536
303.597.4000                                                     410.415.3493
eisinger@mlgrouppc.com                                   telder@trelegal.com

ATTORNEYS FOR PLAINTIFFS AND ALL OTHER INDIVIDUALS SIMILARLY SITUATED

## CERTIFICATE OF SERVICE

I, Jeremy Y. Weltman, certify that on this 25<u>th</u>  day of January, 2016, I caused a true copy of the foregoing *Plaintiff National Federation of the Blind's Reply to Defendant's Opposition* to be filed with the Clerk of the United States District Court for the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to be served through ECF upon counsel of record, with paper copies sent to any person indicated on ECF as a non-registered participant:

Gregory F. Hurley, Esq.
Michael J. Chilleen, Esq.
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

Howard E. Stempler, Esq.
Seder & Chandler LLP
339 Main Street, Suite 300
Worcester, Massachusetts 01608
hstempler@sederlaw.com

/s/ *Jeremy Y. Weltman*
Counsel for Plaintiffs
