**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**
**1:15-cv-12984-NMG**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NATIONAL FEDERATION OF THE BLIND, on    \*
behalf of their members and itself, MARK    \*
CADIGAN, MIKA PYYHKALA, LISA IRVING,   \*
ARTHUR JACOBS, JEANINE KAY LINEBACK,   \*
and HEATHER ALBRIGHT, on behalf of     \*
themselves and all others similarly situated,    \*
                 \*    **C.A. No. 1:15-cv-12984-NMG**
Plaintiffs,              \*
                 \*
v.                  \*
                 \*
THE CONTAINER STORE, INC.      \*
                 \*
Defendant.            \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT STATUS REPORT

   Pursuant to the Court's Order of January 25, 2016, the parties were ordered to confer regarding Plaintiff National Federation of the Blind's January 4, 2016, Motion to Compel Deposition Attendance and Production of Documents from Defendant The Container Store, Inc., and to narrow their disputes regarding the same. The parties submit the following joint status report from that conference:

   **Plaintiffs' Statement:**

   1.  The parties participated in a conference call at 11:00 a.m. Eastern Standard Time on Thursday January 28, 2016. Present on the call were Jeremy Weltman and Jana Eisinger on behalf of the Plaintiffs and Michael Chilleen on behalf of Defendant. The call lasted approximately fifteen (15) minutes.

2.      The parties were unable to narrow their disputes regarding discovery responses any further as Defendant continues to refuse to participate in discovery absent a stipulation from Plaintiffs that certain defenses regarding Defendant's claim to arbitration will not be waived, and Plaintiffs will not stipulate to such a waiver.  Defendant's counsel stated that they intend to file a motion to compel arbitration next week.  Plaintiffs' counsel advised Defendant that the case has been pending for more than six months, that the Court previously denied Defendant's request to stay or bifurcate discovery, and that Plaintiffs would not waive any of their defenses to the forthcoming motion, including a defense based upon Defendant's failure to move to compel arbitration in a timely manner.  Contrary to Mr. Chilleen's representation, Plaintiffs did not confirm that they would argue untimeliness or waiver, but simply reiterated that they would not waive any defenses or make any stipulations in order to receive discovery in this case.

3.      On the call, Defendant agreed to make Joan Manson available to be deposed at a date to be agreed upon by the parties, excluding certain dates in March that she would be unavailable.  Mr. Chilleen said he would confirm what those dates were.  However, once he reviewed this draft joint report, he changed his position as indicated below.

4.      On the call, Defendant stated a willingness to agree to extend the discovery deadlines, and Plaintiffs agreed an extension may be necessary. However, as Plaintiffs explained on the call, it is Plaintiffs' position that an appropriate extension cannot be considered or agreed to until the threshold issue of production is decided.  Mr. Chilleen also asked Plaintiffs' counsel if they would withdraw any of their discovery requests.  Plaintiffs' counsel would not agree to do so.  Since Defendant had not yet responded to any of Plaintiffs' demands with anything more than boiler-plate objections, and had refused to produce any documents because of a claimed

right to arbitration, Plaintiffs explained that Plaintiffs were not in a position to evaluate any specific request to narrow or withdraw any discovery request.

5.      Accordingly, the issues to be argued and resolved at the February 3, 2016, hearing before Magistrate Judge M. Page Kelley at 2:15 PM in Courtroom 24 are the same as were fully briefed in the Motion to Compel, Response and Reply.

**Defendant's Statement**

Defendant informed Plaintiffs that it will file its motion to compel arbitration by February 2, 2016 and thus discovery should be stayed pending resolution of its motion.  Plaintiffs confirmed that they were going to argue that Defendant waived its right to compel arbitration if it participated in merits discovery.  Plaintiffs refused Defendant's offer to continue discovery deadlines pending resolution of its motion to compel arbitration and stated that they wanted to first see how the Court ruled on their motion to compel discovery.

In an attempt to narrow the dispute, Defendant asked if Plaintiffs were willing to withdraw any of their discovery requests that were objectionable on their face such as the ones calling for a summary of all trial witnesses' testimony.  Plaintiffs refused to withdraw a single request.  In a further attempt to narrow the dispute, Defendant explained that given the scope of this lawsuit -- a purported nationwide class action -- even Plaintiffs' discovery requests that were arguably relevant were overbroad and unduly burdensome.  For example, some of the discovery requests could call for the production of hundreds of boxes of documents which Plaintiffs might not even want once when they found out the large volume of documents involved.  However, because Plaintiffs bypassed the meet-and-confer process, there was no opportunity to explore less intrusive options or for Defendant to support its overbroad and unduly burdensome objections with declarations from The Container Store as it was entitled to do.  Plaintiffs refused

-3-

to meet and confer to potentially narrow any particular discovery request because the objections "were not specific" enough.  Defendant explained that the whole point of the meet-and-confer process was to go over the discovery requests to try to reach a mutually acceptable resolution. Plaintiffs declared an "impasse" and the call was concluded.  The call lasted about 5 minutes. Finally, contrary to Plaintiffs' suggestion, Defendant never agreed to produce Joan Manson for deposition.  Defendant merely stated that to the extent that the Court overrules Defendant's arbitration objection, Ms. Manson would not be available for a two-week period in March.

Respectfully submitted this 29th day of January, 2016.

s/ Jeremy Weltman
Jeremy Weltman, 662293
KERSTEIN, COREN & LICHTENSTEIN LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
Tel: 781.997.1600
Fax: 781.997.1633
jweltman@kcl-law.com

Jana Eisinger (pro hac vice)
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
303.597.4000
eisinger@mlgrouppc.com

Scott C. LaBarre (pro hac vice)
LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
303.504.5979
slabarre@labarrelaw.com

Timothy Elder (pro hac vice)
TRE LEGAL PRACTICE, LLC
4226 Castanos Street
Fremont, CA 94536

s/ Michael Chilleen
Gregory F. Hurley (Pro Hac Vice)
Michael J. Chilleen (Pro Hac Vice)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
714.513.5100 | main
714.424.8205 | direct
714.428.5981 | direct fax
www.sheppardmullin.com
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

Howard E. Stempler
SEDER & CHANDLER LLP
339 Main Street, Suite 300
Worcester, Massachusetts 01608
Telephone: 508.471.3018
Facsimile: 508.831.0955
hstempler@sederlaw.com

Attorneys for Defendant
The Container Store Group, Inc.

410.415.3493
telder@trelegal.com

*Attorneys for Plaintiffs and all Other*
*Individuals Similarly Situated*

<u>**CERTIFICATE OF SERVICE**</u>

I, Jeremy Y. Weltman, certify that on this 29th day of January 29, 2016, I caused a true copy of the foregoing *Joint Status Report* to be served on all counsel of record via ECF, including:

Gregory F. Hurley
Michael J. Chilleen
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626

Howard Stempler
Cedar & Chandler, LLP
339 Main Street, Suite 300
Worcester, MA 01608

<u>*/s/ Jeremy Y. Weltman*</u>
Counsel for Plaintiffs