# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### BOSTON DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NATIONAL FEDERATION OF THE BLIND, on    \*
behalf of their members and itself, MARK    \*
CADIGAN, MIKA PYYHKALA, LISA IRVING,    \*
ARTHUR JACOBS, JEANINE KAY LINEBACK,    \*
and HEATHER ALBRIGHT, on behalf of    \*
themselves and all others similarly situated,    \*
   \*    **C.A. No. 1:15-cv-12984-NMG**
Plaintiffs,    \*
   \*
v.    \*
   \*
THE CONTAINER STORE, INC.    \*
   \*
Defendant.    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO
DEFENDANT'S OBJECTIONS TO UNITED STATES MAGISTRATE JUDGE
KELLEY'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO
ENFORCE ARBITRATION AND CLASS ACTION WAIVERS AND STAY ACTION**

---

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ………………………………………………………………..3

I.      INTRODUCTION ................……………………………………………………..4

II.     FACTUAL BACKGROUND.……………………………………………………..6

III.    ARGUMENT ...…………………………………………………………………8

      A.      Defendant's Objections to Magistrate Judge Kelley's Order are Untimely ………..……8

          1.      This Court's Review is Limited to Clear Error………..……………………………9

          2.      The Failure to Timely File the Objections Does Not Constitute Excusable Neglect..10

      B.      The New Arguments and Evidence In Defendnat's Brief Were Not Before the Magistrate Judge and Should Not Be Considered by this Court ......................…………11

      C.      Magistrate Judge Kelley's Report and Recommendation Is Supported by the Law and Evidence ..........................................................................................…………16

          1.      This Court Should Find that There was No Valid Contract Between TCS and Plaintiffs……… ...........................................................……………………………16

          2.      This Court Should Affirm Magistrate Judge Kelley's Determination that Arbitration of the ADA Claim is Inappropriate……………………………………18

          3.      This Court Should Affirm Magistrate Judge Kelley's Finding that Defendnat's Agreement to Arbitrate is Unconscionable……… ......……………………………19

          4.      This Court Should Affirm Magistrate Judge Kelley's Finding that Defendnat's Agreement to Arbitrate is Illusory………....................……………………………20

      D.      TCS' Motion For A Stay Should Be Denied………..……………..……………………..20

IV.     CONCLUSION ………………………………………………………………..21

## TABLE OF AUTHORITIES

**State Cases**

*Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494 (Tex. 2015) .................... 19

**Federal Cases**

*Alamo Rodriguez v. MCS Life Ins. Co.*, 283 F. Supp. 2d 459 (D.P.R. 2003) ................................ 9

*Berkson v. Gogo, LLC et al.*, 97 F.Supp. 3d 359 (E.D.N.Y. 2015) ............................................... 17

*Curet-Velazquez v. ACEMLA de Puerto Rico, Inc.*, 656 F.3d 47 (1st Cir. 2011) ........................ 13

*Davila–Alvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58  (1st Cir.2001) ................................................................................................................................ 10

*Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415 (5th Cir.1996) ............................................ 9

*Graphic Comms. Int'l Union, Local 12–N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1 (1st Cir. 2001) ................................................................................................................................ 11

*Guillemard-Ginorio v. Contreras-Gomez*, 490 F.3d 31 (1st Cir. 2007) ...................................... 13

*InterGen N.V. v. Grina*, 344 F.3d 134  (1st Cir. 2003) ................................................................ 16

*James v. Watt*, 716 F.2d 71 (1st Cir.1983) ................................................................................... 12

*Maisonet v. Genett Grp., Inc.*, 863 F. Supp. 2d 138 (D.P.R. 2012) .............................................. 9

*Melendez-Ortiz v. Wyeth Pharm. Co.*, 775 F. Supp. 2d 349 (D.P.R. 2011) .................................. 8

*Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624 (1st Cir. 2000) ............................................................ 11

*Morales-Vallellanes v. Potter*, 339 F.3d 9 (1st Cir. 2003) ......................................................... 14

*Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980) ................................... 10

*Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988)11, 12

*Ramirez Quiles v. Consorcio del Suroeste*, 208 F.R.D. 26 (D.P.R. 2002) ................................... 10

*Thomas v. Arn.*, 474 U.S. 140 (1985) ............................................................................................ 8

*Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315 (1st Cir. 2008) ........................ 14

*U.S. v. Callwood*, 2014 WL 3695993 (D. Mass. 2014) ............................................................... 10

*United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir. 1986) .................................................... 8

*Whitney v. TJX Cos., Inc*, 2014 WL 5092289 (D. Mass. 2014) .................................................... 8

Plaintiffs National Federation of the Blind ("NFB"), Mark Cadigan, Myka Pyyhkala, Lisa Irving, Arthur Jacobs, Jeanine Kay Lineback, and Heather Albright (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated hereby submit the following Memorandum of Law[1] in Response to Defendant The Container Store, Inc.'s ("TCS" or "Defendant") Objections to United States Judge Magistrate Kelley's Report and Recommendation on Defendant's Motion to Enforce Arbitration and Class Action Waivers and Stay Action (hereinafter Defendant's "Objections").

## I.    INTRODUCTION

More than six months after the instant lawsuit was commenced, on July 20, 2015, TCS filed its Motion to Enforce Arbitration and Class Action Waivers and Stay Action (hereafter the "Motion").  The Motion was fully briefed and Magistrate Judge Kelley conducted a lengthy telephonic hearing, with all counsel present, on March 9, 2016.  Magistrate Judge Kelley issued her Report and Recommendation ("Report" or "Order") on March 11, 2016, concluding that the Motion be denied, for a number of reasons that are clearly and studiously set forth in the Report. The twenty-three page Report provides a detailed and thorough analysis of TCS' contentions and the applicable legal precedent.  The Court set a deadline of March 25, 2016 for Objections to be filed.  *See* Doc. 62.  TCS did not timely file its Objections.  Instead, TCS waited until March 28 to file the instant Objections.  Because TCS' Objections are untimely, this Court's review of the Report should be limited to a review for clear error only.

In the brief accompanying Defendant's Objections (*see* Doc. 68-2), Defendant cut and pasted all seventeen pages of its reply brief (*see* Doc. 60), word for word with only a minor

---

[1] Plaintiffs incorporate their Memorandum of Law in Opposition to Defendants Motion to Enforce Arbitration, Class Action Waiver and Stay Action [Doc. No. 55], and attached Exhibits thereto (hereinafter "Plaintiffs' Arbitration Opposition"), into this brief in its entirety.

change in footnote two.  *See* Def. TCS's Memorandum of Points and Authorities in Support of Their Objections ("Defendant's Brief") at 8-25.  Indeed, Defendant's Brief does not *once* refer to Magistrate Judge Kelley's actual findings, and fails to address the cases and legal analysis in the Report.  Magistrate Judge Kelley has already considered Defendant's arguments and properly rejected Defendant's positions contained therein.

There is no clear error in the Report.  Moreover, even if this Court conducted a *de novo* review of TCS' claims, the result would be the same: TCS failed to meet its burden of demonstrating that Plaintiffs consented to arbitration and to a waiver of their right to bring the instant representative action to combat TCS' discriminatory practices, and TCS' terms and conditions are otherwise unenforceable.  Indeed, TCS' persistence in its Objections that it can present critical terms of its Loyalty Program – terms that require arbitration in Texas and that waive class actions -- to in-store blind customers *only* on a flat-screen device that they cannot see, underscores the very reason that this lawsuit is necessary: to require TCS to provide accessible POS Devices and kiosks as mandated by the ADA and the state laws sought to be enforced here.

In addition to filing its Objections well past the deadline set by this Court, TCS' motion also violates virtually every other Court rule and legal standard applicable to its Objections.  First, Defendant's Brief (not including the conclusion or signature page) is 25 pages long, violating the Local Rules for the District of Mass., R. 7.1 (2)(4), which mandates that memoranda not exceed 20 pages without leave of the Court.  To the extent that this Court considers TCS' Brief at all, Plaintiffs request that the Court strike pages 21-25 of Defendant's Brief.  Second, TCS attempts to introduce new facts and legal arguments that were not presented to Magistrate Judge Kelley, without even acknowledging or explaining why these facts were not previously presented.  New

facts and legal arguments that were not presented to Magistrate Judge Kelley cannot properly be advanced at this stage.   Defendant could have, but did not, previously argue that Plaintiffs somehow ratified a Loyalty Program contract.   Likewise, Defendant could have submitted its so-called Training Manual on the Loyalty Program, but did not.   Defendant should not benefit from its dilatory tactics.   In any event, as further explained below, these "new" facts do nothing to alter the conclusion that arbitration is not appropriate in this case.   This court should affirm Magistrate Judge Kelley's Report and find that there is no plain error on the face of the record.

## II.      FACTUAL BACKGROUND

The National Federation of the Blind and six (6) legally blind individuals residing in the states of Massachusetts, New York, and Texas filed the instant lawsuit on July 20, 2015, seeking injunctive relief and damages for TCS' ongoing and repeated violations of the Americans with Disabilities Act ("ADA") and the discrimination laws of the aforementioned states.   *See* NFB Compl. ¶ 3 [Doc No. 1].   Specifically, Plaintiffs allege that legally blind individuals, including Plaintiffs, who shop at TCS' locations throughout the United States should have equal access to payment methods and loyalty programs offered by TCS.   By providing POS Devices that make use of a visual, touchscreen interface that is inaccessible to the blind, TCS prevents blind customers from independently entering a secure PIN in order to make a debit card purchase, or to consummate a credit card purchase that requires a PIN.   *Id.* Additionally, by only allowing access to its Loyalty Program through touchscreen interfaces at its stores, TCS requires its blind customers to verbally disclose their personal telephone number or email address to a staff member in order to register.   *Id.*  Plaintiffs allege that TCS has violated the ADA and the discrimination laws of Massachusetts, Texas and New York.   *Id.*

In its February 2, 2016 Motion, TCS claimed that three of the named Plaintiffs, Pyykhala, Irving, and Jacobs, consented to arbitration by making a purchase through Defendant's loyalty program, Pop! – Perfectly Organized Perks (hereinafter "Loyalty Program") at a TCS retail store.   Def. The Container Store, Inc.'s Mem. of Law in Supp. of Mot. to Enforce Arb. and Class Action Waivers and Stay Action [Doc. No. 42].   The TCS Loyalty Program offered various discounts and other advantages to consumers, but also contained terms and conditions regarding mandatory arbitration of claims and a waiver of class-action suits.  TCS claimed that the Loyalty Program terms and conditions were allegedly visible on a flat-screen tablet device that was used to register customers for the Loyalty Program. See Manson Decl. ¶¶ 3, 4, 5 [Doc. No. 42.1].  Importantly, TCS did not allege that a cashier read these terms and conditions to the named Plaintiffs and obtained their consent, nor did TCS claim that these blind individuals were presented with TCS' Terms and Conditions in a format that was accessible to them and would permit them to independently read, review and accept the terms.  *Id.*  Each of the Plaintiffs confirmed in their discovery responses that, in no uncertain terms, they were not presented with, and did not agree to, arbitration at any time relevant to the Complaint.   *See* Pls.'s Mem. Of Law In Opposition to Def.'s M. to Enforce Arb., and Cl. Action Waivers and Stay Action, [Doc. 55] ("Plaintiffs' Opposition to Arbitration"), Ex. A, B, and C (establishing, through the interrogatories, that Plaintiffs understood and were told that they had to give up their email address or phone number to get member discounts and perks).

## III.    ARGUMENT

TCS's Objections to the Order should be dismissed by this Court because: (1) the Objections are untimely; (2) the Objections attempt to introduce new evidence, and rely on new arguments, that were not before the Magistrate Judge; and (3) Magistrate Judge Kelley's Report and Recommendation is supported by the law and evidence.

### A.    Defendant's Objections to Magistrate Judge Kelley's Order are Untimely

Magistrate Judge Kelley explicitly directed that any objections to her Report and Recommendation must be filed by March 25, 2016.  *See* Order at 23.  Defendant's lawyers were on notice of the filing deadline, and yet they waited to file until March 28, 2016.  As such, TCS's Objections should be rejected as untimely.

A First Circuit directive requires all Magistrate Judges to include in their reports "clear notice to litigants not only of the requirements that objections must be specific and be filed within ten[2] days, but that failure to file within the time allowed waives the right to appeal the district court's order."  *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *see also Whitney v. TJX Cos., Inc*, 2014 WL 5092289, *5 (D. Mass. 2014).  Where the affected party fails to timely file objections, the district court may assume that they have agreed to the recommendation.  *See Melendez-Ortiz v. Wyeth Pharm. Co.*, 775 F. Supp. 2d 349, 358 (D.P.R. 2011) (*citing Thomas v. Arn.*, 474 U.S. 140, 147, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) in which the Supreme Court stated that "[w]hen a party failed to object timely to a magistrate's recommended decision, he waives any right to further judicial review of that decision.").  Magistrate Judge Kelley complied with this directive and in her Order stated: "[t]he parties are hereby advised that any party who objects to these proposed findings and recommendations must

---

[2] Rule 72(b) has been revised, extending the time from 10 to 14 days.  *See* Fed. R. Civ. Proc. R. 72(b)(2).

file a written objection thereto within fourteen days of receipt of this Report and Recommendation." Order at 23. In addition, Magistrate Judge Kelley expressly warned the parties that failure to file objections within fourteen days would "preclude further appellate review." *Id.* The Order was filed on March 11, 2016 and the fourteen days expired on March 25, 2016. The text of the docket entry explicitly sets forth the objection deadline:

| 03/11/2016 | 62 | Magistrate Judge M. Page Kelley: ORDER entered. REPORT AND RECOMMENDATIONS re 42 MOTION Enforce Arbitration and Class Action Waivers and Stay Action filed by The Container Store, Inc. Recommendation: "For the foregoing reasons, I RECOMMEND that Defendant's Motion to Enforce Arbitration and Class Action Waivers and Stay Action (#42) be DENIED." **Objections to R&R due by 3/25/2016(Moore, Kellyann)** (Entered: 03/11/2016) |
|---|---|---|

Yet, TCS submitted its Objections after the deadline had passed[3], on March 28, 2016. The Objections are therefore untimely.

### 1.    This Court's Review is Limited to Clear Error

A district court is under no obligation to review a Magistrate Judge's report unless a timely objection to it has been filed. "[T]he belated submission of plaintiff's objection is enough to preclude reexamination of those relevant portions of the R & R." *Maisonet v. Genett Grp., Inc.*, 863 F. Supp. 2d 138, 143 (D.P.R. 2012) (where plaintiff submitted its objection one day late, on May 19, 2012, in disregard of the Magistrate Judge's specific instruction that the time for objections was on May 18, 2012, no review was necessary). Therefore, at most, this Court need only satisfy itself that there is no plain error on the face of the record in order to accept the unopposed Magistrate Judge's Report and Recommendation. *See, e.g., Alamo Rodriguez v. MCS Life Ins. Co.*, 283 F. Supp. 2d 459, 463-64 (D.P.R. 2003) (*citing Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir.1996)(*en banc*)(extending the deferential "plain error"

---

[3] Because the explicit directive from Magistrate Judge Kelley required filing by March 25, 2016, Federal Rule of Civil Procedure 6(d) is inapplicable here.

standard of review to unobjected legal conclusions of a magistrate judge)).

A *de novo* review is only made with respect to matters "to which objection is made," and there is no requirement that the court do so with respect to matters to which timely objection is not made.  *Park Motor Mart, Inc. v. Ford Motor Co*., 616 F.2d 603, 604-05 (1st Cir. 1980) ("Neither can it be said that if objection is made there will be a redetermination *de novo*, but if none is made there should still be a review, but of a lesser character. A lesser standard of review, "clearly erroneous or contrary to law," is explicitly provided for in subsection (b)(1)(A) cases. The absence of such a provision here seems a speaking silence.").  In the First Circuit, a failure to timely object to a Magistrate Judge's ruling waives the right to appeal the district court's ruling on the objections.  *See U.S. v. Callwood*, 2014 WL 3695993 (D. Mass. 2014) (citing *Park Motor Mart, Inc.,* 616 F.2d at 604).  As such, by failing to object to the Magistrate Judge's recommended ruling in a timely manner, TCS has waived the right to appeal its arbitration claim.

2.      The Failure to Timely File the Objections Does Not Constitute Excusable Neglect

This court should not make an exception under Federal Rule Civil Procedure 60(b) for any "excusable neglect" alleged by TCS in failing to file timely objections.  Federal Rule of Civil Procedure 60(b)(1) allows the Court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." *Davila–Alvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 63 (1st Cir.2001); *see also Ramirez Quiles v. Consorcio del Suroeste*, 208 F.R.D. 26, 27-28 (D.P.R. 2002). "Although many courts have indicated that Rule 60(b) motions should be granted liberally, this Circuit has taken a harsher tack." *Davila–Alvarez,* 257 F.3d at 63.   Given that Rule 60(b) expressly provides for "extraordinary relief," courts in the First Circuit grant motions brought under this rule "only

under exceptional circumstances." *Id.*

TCS has not, and cannot, provide an excusable reason for failing to file timely objections to the report and recommendation. *See Graphic Comms. Int'l Union, Local 12–N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6 (1st Cir. 2001) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."). When a defendant cannot provide a pardonable reason to justify its failure to comply with the rules, there is no basis for finding its neglect "excusable." *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 631 (1st Cir. 2000). Accordingly, this court should dismiss the Objections as untimely.

**B. THE NEW ARGUMENTS AND EVIDENCE IN DEFENDANT'S BRIEF WERE NOT BEFORE THE MAGISTRATE JUDGE AND SHOULD NOT BE CONSIDERED BY THIS COURT**

Defendant apparently takes the position that Rule 72(b)'s requirement of a "*de novo* determination*" by the district judge means that an entirely new hand is dealt when an objection is lodged to a Magistrate's recommendation. Defendant's Brief contains new arguments, and relies on new evidence, that was not before the Magistrate Judge. Given that the bulk of the Brief was already recited in the prior proceeding, Defendant's attempt to sneak in a new argument on ratification and a new exhibit of so-called training materials was very apparent to Plaintiffs. Despite Defendant's arguments to the contrary, Rule 72(b) does not permit a litigant to present new initiatives to the district judge. *See Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("Given plaintiff's obfuscation, the district court's finding that the theory was not adequately placed in issue before the magistrate was eminently supportable."). "A party has a duty to put its best foot forward before the magistrate: to spell out its arguments squarely and distinctly. One should not be allowed to

defeat the system by seeding the record with mysterious references to un-pled claims, hoping to set the stage for an ambush should the ensuing ruling fail to suit." *Id*.

If the Court decides to consider Defendant's Brief, it should not accept the new facts and legal arguments that TCS now includes for the first time. For example, on pages seven and eight of their Brief, Defendant puts forth an entirely new legal argument, that "[b]y participating in the Loyalty Program, plaintiffs ratified the arbitration agreement." This argument was not contained in any of the briefing before the Magistrate Judge, nor was it presented to the Magistrate Judge during oral argument. Defendant cannot avoid the law of the First Circuit which states, unequivocally, that "an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate." *Id*. ("At most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal."). "Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Id*. (citing *James v. Watt*, 716 F.2d 71, 78 (1st Cir.1983)).

Just as in the *Paterson-Leitch* case, the ratification argument upon which TCS belatedly relies could have been, but undoubtedly was not, presented to the Magistrate Judge in the first instance. TCS is not entitled to "yet another nibble at this particular apple." *Id*. (concluding "without hesitation" that the district judge did not abuse his discretion in declining to entertain the new claim). TCS did not make the argument regarding ratification to the Magistrate Judge,

and it is therefore waived. *See Paterson–Leitch Co.*, 840 F.2d at 990–91; *Guillemard-Ginorio v. Contreras-Gomez*, 490 F.3d 31, 37 (1st Cir. 2007) ("Appellant was entitled to a *de novo* review by the district court of the [magistrate judge's] recommendations to which he objected, however he was not entitled to a *de novo* review of an argument never raised." (internal citations omitted)).

While Defendant may argue that it alluded to a ratification argument before the Magistrate Judge, arguments alluded to but not properly developed before a magistrate judge are deemed waived. *Curet-Velazquez v. ACEMLA de Puerto Rico, Inc.*, 656 F.3d 47, 54 (1st Cir. 2011). For example, in *Curet-Velazquez*, the appellate court reviewed a district court's conclusion that a party had waived an issue by failing to adequately assert it before the magistrate judge. The defendant argued on appeal that "[e]ven if the arguments were more developed in the objections, the factual bases are contained in the record, the complaint, and exhibits to the motions . . .  and were undoubtedly raised and argued by defendants." In concluding that the district court did not abuse its discretion in not addressing an argument not explicitly raised before the Magistrate Judge, the First Circuit stated: "[a] passing mention that fails to present analysis or any legal theory of support is insufficient to constitute an argument. . . . If claims are merely insinuated rather than actually articulated in the trial court, we will ordinarily refuse to deem them preserved for appellate review." *Id.* While the appellants mentioned in passing facts that might have been used to support the argument they now sought to develop on appeal, "the magistrate judge should not have been expected to make the argument for them. The argument is waived." *Id.* In addition to raising a new legal argument, TCS erroneously claims, in support of this argument, that it is undisputed that Plaintiffs

participated in the Loyalty Program.  Defendant's Brief, at 8.  This is inaccurate.  Although it is not in dispute that Plaintiffs enrolled in the Loyalty Program, there is no evidence in the record regarding whether or not Plaintiffs continued to benefit from or participate in the Program after enrollment.  As Magistrate Judge Kelley explained, Defendant has not presented evidence that Plaintiffs "reaped the benefits" of its Loyalty Program. Report, at 16, n. 9.  Defendant cannot shore up this omission now by wrongfully claiming that this fact is undisputed.

In addition to including a new legal argument, Defendant's Brief introduces new evidence.  Specifically, on page six of Defendant's Brief, TCS references so-called training materials that were not part of the record before the Magistrate Judge and contends that these materials demonstrate that the "customer is affirmatively told of the terms and conditions and given an opportunity to review them."  The so-called training manual, and the revised Declaration of Joan Manson which now purports to reference this manual, should not be considered by this Court.  *See Morales-Vallellanes v. Potter*, 339 F.3d 9, 19, n. 7 (1st Cir. 2003) (Where the record conclusively established that an exhaustion rationale was at issue throughout the litigation before the magistrate judge, any exhaustion arguments and supporting exhibits raised for the first time before the district court were inadmissible due to the failure to present these materials to the magistrate judge)(*citing Paterson–Leitch Co.*, 840 F.2d at 991)); *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc*., 524 F.3d 315, 322 (1st Cir. 2008) (it was well within the district court's discretion to decline to consider the "Caterpillar Limited Warranty" document in deciding the motion to dismiss).

But even if the Court considers the impermissibly submitted so-called training manual, which it should not, it only serves to support Plaintiffs' position.  The so-called training

manual, first provided by TCS to Plaintiffs when it was presented as an exhibit to its Objection, actually appears to contain excerpts from different manuals in force at different times. Some pages of the "manual" are dated in 2014, while other pages appear to have only been prepared in February 2016, after at least one of the Plaintiffs enrolled in the Loyalty Program. Manson Decl., Ex. B (Doc. 68.3) at 7 (2014) and 15 (Feb. 2016). In any event, the first page of the purported training materials advises TCS sales associates to: "Tell the customer to *look* at the Tablet and follow the directions." *Id*. at 7. Obviously, this instruction does nothing to establish that TCS employees advised blind Plaintiffs of the arbitration and class action waivers that other customers were directed to "look" at. In addition, the training materials further support Magistrate Judge Kelley's conclusion that Defendant failed to demonstrate that in fact its employees advised Plaintiffs "that they were at risk of 'replacing court access with arbitration.'" Order at 9 (citation omitted). The so-called training materials advise sales associates to describe the Loyalty Program "perks" and benefits, such as "[r]eceipt-free returns" and "exclusive access to events," while noticeably absent is any reference to the important legal consequences of enrollment, specifically the arbitration and class action waiver provisions. Manson Decl., Ex. B (Doc. 68.3) at 6. Moreover, when a legally blind person unable to use a POS Device (such as Plaintiffs) enrolled, the manual directs employees as follows: "[i]n the event the customer cannot enter their information on the Tablet and would like to enroll in POP!, at the customer's request, the RSP can turn the Tablet around and enter the information on the customer's behalf." *Id*. at 7. Nowhere in the training materials does it make clear that there was an explicit requirement, effective in December 2014, that sales associates verbally inform blind or sighted customers of the

important terms and conditions they were being asked to accept, specifically the arbitration and class action waiver provisions. This is because, as these materials and the Plaintiffs' discovery responses make clear, there was no such requirement.

## C. MAGISTRATE JUDGE KELLEY'S REPORT AND RECOMMENDATION IS SUPPORTED BY THE LAW AND EVIDENCE

This court should affirm Magistrate Judge Kelley's determination that none of Plaintiffs' claims are subject to arbitration. *See* Order at 2 ("For the reasons set forth below, I do not agree that this matter is subject to arbitration.").

> 1. This Court Should Find that There Was No Valid Contract Between TCS and Plaintiffs

Magistrate Judge Kelley's finding that there was no valid contract between TCS and the In-Store Plaintiffs, and that TCS failed to carry its burden in this regard, is supported by the evidence. *See* Order at 6 and 6, n. 5 (citing *Escobar-Noble-Luxury Hotels Int'l of Puerto Rico, Inc.*, 680 F.3d 118, 121-22 (1st Cir. 2012) for position that, before compelling arbitration, a court must first determine that the parties entered into a legally binding agreement); *see also InterGen N.V. v. Grina*, 344 F.3d 134, 142 (1st Cir. 2003) (party seeking arbitration must carry burden of proving, by a preponderance of the evidence, the existence of a valid and binding arbitration agreement). The In-Store Plaintiffs' Nov. 19, 2015 discovery responses clearly indicate that cashiers, not Plaintiffs, entered the information that was necessary to enroll in the Loyalty Program when enrollment was at a TCS store. As Magistrate Judge Kelley explained: "Where, as here, the terms and conditions of the purported agreement were presented in a completely inaccessible manner, such that the In-Store Plaintiffs were not aware of their existence, there simply is no agreement to be enforced." Order at 15.

Although Plaintiff Lineback enrolled in the Loyalty Program online, rather then in-store, Magistrate Judge Kelley found that the arbitration agreement was invalid as to her ADA claims as well. "[L]ike the In-Store Plaintiffs, it would be inappropriate here to compel Lineback's ADA claims to arbitration, because the Loyalty Program's terms and conditions themselves fail to convey a waiver of her right to pursue statutory discrimination claims in a judicial forum." Order at 10.   However, Magistrate Judge Kelley did not accept Plaintiffs' contention that TCS had failed to properly demonstrate that an agreement was formed with respect to Plaintiff Lineback regarding all her claims.  As set forth above, Plaintiffs submit that a *de novo* review is not appropriate here, where TCS failed to timely file an Objection.  If, however, the Court intends to conduct a *de novo* review of the Report, Plaintiffs request that the Court consider whether TCS has sustained its burden of proving, by a preponderance of the evidence, that Lineback entered into an arbitration contract with TCS.[4]

Plaintiff Lineback's discovery responses dispute TCS' contention that she was provided with terms and conditions that were accessible to her when she signed up on-line, and she contends that she did not agree to arbitrate her claims or waive her right to act as a class representative.  *See* Plaintiffs' Opposition to Arbitration at 4-5.  Under these circumstances, and because TCS failed to produce any direct evidence that Plaintiff Lineback accepted TCS' terms and conditions (relying instead solely on a declaration from Joan Manson that concludes that Lineback "must have" clicked on the acceptance button in order to enroll,) the Court should find that Plaintiff Lineback also did not enter into an arbitration contract with TCS.  *See, e.g., Berkson v. Gogo, LLC et al.*, 97 F.Supp. 3d 359, 402-403 (E.D.N.Y. 2015) (when evaluating the

---

[4] If the Court finds that TCS' Objection is untimely and a *de novo* review is not warranted, then Plaintiffs request that the Court affirm the Report in full, without modification, as nothing in the Report constitutes clear error.

enforceability of internet terms and conditions, a court considers, among other factors, the design and content of the website and whether the key terms of the contract are minimized or obscured; the "burden of showing agreement to details of a contract on a website's contract of adhesion is on the vendors. It is the vendor who designs the website and puts into it terms favoring itself."). Accordingly, Plaintiffs' submit that TCS's conclusory statement that its terms and conditions are a "clickwrap" contract do not alone meet its burden where TCS did not submit any evidence to demonstrate the layout, content and operations of its website at the time Plaintiff Lineback enrolled in the Loyalty Program. In addition, TCS failed to submit any direct evidence that Plaintiff Lineback agreed to terms and conditions that she does not admit were presented to her, and TCS' motion should be denied on this alternative ground in addition to the grounds set forth in the Report.

      2.    <u>This Court Should Affirm Magistrate Judge Kelley's Determination that Arbitration of The ADA Claim Is Inappropriate</u>

Magistrate Judge Kelley's determination, that arbitration of all ADA claims would be inappropriate for all Plaintiffs because the communication of the agreement did not afford minimally sufficient notice of waiver of the right to proceed in a judicial forum, is supported by the evidence.  *See* e.g. *Campbell*, 407 F.3d at 552  (to determine whether communication is sufficient, courts consider the method of communication, the context and the content of the communication).  Magistrate Judge Kelley correctly held that, for blind customers such as Plaintiffs, any purported visual display of the Terms and Conditions using TCS' inaccessible POS Devices and tablets alone would be completely useless.  *See* Order at 8-9 (noting that the method of communication was "an inaccessible POS device").  She appropriately found that the terms of a Loyalty Program providing discounts and perks to customers does not signal to a blind

customer that important binding legal terms would be contained therein.  "Plaintiffs believed they were merely agreeing to enroll in a customer benefits and perks program.  . . . Defendant has not demonstrated that in fact its employees alerted the In-Store Plaintiffs to the existence of the Loyalty Program's terms and conditions.  It is quite plausible that Defendant 'disguised the import of the communication,' by not providing the communication an accessible manner."  Order at 8.   Finally, because the entire document pertains to the Loyalty Program and the discounts and membership perks that are offered – until a reader gets to the Dispute Resolution section, buried on page four (4) where, suddenly, all disputes (even those having nothing to do with the Loyalty Program itself) are purportedly subject to arbitration and the ability to proceed in a representative capacity is flatly proscribed, her finding that "Plaintiffs understood the Loyalty Program to provide customer perks and benefits.  Nowhere does the Loyalty Program itself signal that by agreeing to its terms, a customer agrees to arbitrate" is fully supported by the evidence.  *Id*. at 9.

3.   This Court Should Affirm Magistrate Judge Kelley's Finding that Defendant's Agreement to Arbitrate is Unconscionable.

This court should affirm Magistrate Judge Kelley's finding that the Loyalty Program's arbitration clause cannot be enforced as to the In-Store Plaintiffs because it is unconscionable.  Order at 17 (citing *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 500 (Tex. 2015) regarding procedurally unconscionable agreements).   In determining that the provision was procedurally unconscionable, Magistrate Judge Kelley found: (1) enforcement of the arbitration clause "would result in oppression and unfair surprise," due to the lack of evidence to show that the In-Store Plaintiffs had notice of the Loyalty Program's terms and conditions (*see* Order at 18) and (2) the Loyalty Program's terms and conditions are "sufficiently shocking" and

support a finding of unconscionability "because there was no bargaining process" (meaning that the In-Store Plaintiffs were not informed of the arbitration provision). *Id*. This Court should affirm these findings as there is no clear error and the findings are fully supported by the facts and law.

> 4.      This Court Should Affirm Magistrate Judge Kelley's Finding that Defendant's Agreement to Arbitrate is Illusory.

Finally, this court should affirm Magistrate Judge Kelley's finding that "Defendant's agreement to arbitrate is illusory and therefore unenforceable." *See* Order at 20-22. As Magistrate Judge Kelley held, "nothing in the Loyalty Agreement's terms and conditions prevents Defendant from retroactively eliminating its arbitration obligation, 'which is the critical inquiry for determining whether an agreement is illusory. . . . Defendant maintains the unilateral right to modify the terms and conditions of the Loyalty Program, including the arbitration provision therein." *Id*. There is no clear error in this finding and it is fully supported by the facts and law.

### D.  TCS' MOTION FOR A STAY SHOULD BE DENIED

Magistrate Judge Kelley's recommendation that the stay be denied should be upheld by this Court. *See* Order at 2. A stay is not appropriate because none of Plaintiffs' claims are subject to arbitration. In addition, TCS has failed entirely to challenge the claims brought by (i) the Institutional Plaintiff, National Federation of the Blind, and (ii) two of the named Plaintiffs (Mark Cadigan and Heather Albright) and the nationwide class and subclasses they seek to represent. Because these claims are indisputably *not* subject to arbitration and class action waiver, regardless of the outcome of TCS' Motion, this case should proceed for these plaintiffs forthwith and without further delay.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) find Defendant's Objections untimely; (2) refuse to permit Defendant to introduce new arguments, and new evidence, that was not before the Magistrate Judge; and (3) issue an Order affirming Magistrate Judge Kelley's Report and Recommendation and denying the Defendant's Motion to Enforce Arbitration and Class Action Waivers and Stay Action.

Respectfully submitted this 11th day of April, 2016.

<table>
<tr><td>

_s/ Jeremy Weltman_

Jeremy Weltman, 662293
KERSTEIN, COREN &
LICHTENSTEIN LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
Tel: 781.997.1600
Fax: 781.997.1633
jweltman@kcl-law.com


Jana Eisinger (pro hac vice)
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
303.597.4000
eisinger@mlgrouppc.com

</td><td>

Scott C. LaBarre (pro hac vice)
LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
303.504.5979
slabarre@labarrelaw.com


Timothy Elder (pro hac vice)
TRE LEGAL PRACTICE, LLC
4226 Castanos Street
Fremont, CA 94536
410.415.3493
telder@trelegal.com


Attorneys for Plaintiffs and all Other
Individuals Similarly Situated

</td></tr>
</table>

21

## <u>CERTIFICATE OF SERVICE</u>

I, Jeremy Y. Weltman, certify that on this 11th day of April, 2016, I caused a true copy of the foregoing *Plaintiffs' Memorandum of Law in Response to Defendant's Objections to United States Magistrate Judge Kelley's Report and Recommendation of Defendant's Motion to Enforce Arbitration and Class Action Waivers and Stay Action* to be filed with the Clerk of the United States District Court for the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to be served through ECF upon counsel of record, with paper copies sent to any person indicated on ECF as a non-registered participant:

Gregory F. Hurley, Esq.
Michael J. Chilleen, Esq.
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

Howard E. Stempler, Esq.
Seder & Chandler LLP
339 Main Street, Suite 300
Worcester, Massachusetts 01608
hstempler@sederlaw.com

/s/ *Jeremy Y. Weltman*
Counsel for Plaintiffs