# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS, BOSTON DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of their members and themselves, MARK CADIGAN, MIKE PYYHKALA, LISA IRVING, ARTHUR JACOBS, JEANINE KAY LINEBACK, and HEATHER ALBRIGHT, on behalf of themselves and all others similarly situated),<br><br>Plaintiffs,<br><br>v.<br><br>THE CONTAINER STORE GROUP, INC.,<br><br>Defendant. | Civil Action No. 1:15-CV-12984 |

**DEFENDANT THE CONTAINER STORE, INC.'S
OPPOSITION TO PLAINTIFFS'
<u>MOTION TO MODIFY SCHEDULING ORDER</u>**

# ARGUMENT

As explained below, the Court should deny Plaintiffs' motion to modify the scheduling order. Plaintiffs missed the class certification deadline and seek to revive their class claims by filing an untimely motion to modify the scheduling order. Plaintiffs do not even try, much less establish "good cause." Plaintiffs have not offered any explanation whatsoever for why they did not bring their motion to modify before the class certification deadline had passed. Accordingly, the Court should deny their motion outright.

## I. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER.

### A. LEGAL STANDARD.

Under Rule 16(b), a court must issue a scheduling order within 120 days after any defendant has been served. Scheduling orders may only be modified for good cause. F.R.C.P. 16(b)(4). "The court may extend a scheduling order deadline on a showing of good cause if the deadline cannot reasonably be met despite the diligence of the party seeking the extension." *O'Connell v Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004). "In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation. Rule 16 provides the district courts with many of the devices necessary to manage its docket. For Rule 16(b) to operate effectively, *litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered which can be cavalierly disregarded without peril.* Unlike Rule 15(a)'s 'freely given'

standard, which focuses mostly on the bad faith of the moving party and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard emphasized the diligence of the party seeking the amendment.  Prejudice to the opposing party remains relevant but is not the determinative criterion." *Id.* at 155.

Rather, good cause means that a party cannot meet the scheduling deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d. 604, 608 (9th Cir. 1992).  A party's carelessness or inadvertent errors are incompatible with an affirmative finding of diligence and do not amount to good cause. *Id.*  In other words, if the moving party "was not diligent, the inquiry should end and the motion…should not be granted." *Zivkovic v. Southern California Edison Company*, 302 F.3d 1080, 1088 (9th Cir. 2002).  "Indifference by the moving party seals off the avenue of relieve irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." *O'Connell v Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004). "Attorneys represent clients, and, as a general rule, an attorney's blunder binds her client." *Id.*

The following case illustrates the good cause standard in disability access lawsuits.  In *Oliver v. Ralphs*, 654 F.3d 903 (9th Cir. 2011), plaintiff filed a disability access lawsuit on December 7, 2007 alleging that eighteen architectural barriers existed at a Food 4 Less store in violation of the ADA. *Id.* at 905.  On May 14, 2008, at the pretrial scheduling conference, plaintiff's counsel indicated that he intended to

amend the complaint to allege additional barriers. The district court set June 13, 2008 as the deadline to amend pleadings. *Id.* at 906. On June 30, 2008, a little over two weeks after the deadline, plaintiff filed a motion to modify the scheduling order and amend his complaint. *Id.* The district court denied the motion because plaintiff had not been diligent and waited until after the deadline to seek to modify the scheduling order. *Id.*

### B. PLAINTIFFS HAVE UTTERLY FAILED TO SHOW GOOD CAUSE.

Plaintiffs filed this action on July 20, 2015. In the parties' Rule 26(f) Report, Defendant indicated that it would be filing a motion to compel arbitration. On October 1, 2015, the Court issued its scheduling order, setting various deadlines, including May 31, 2016 for Plaintiffs' class certification motion. On December 30, 2015, the parties met and conferred regarding discovery issues and Defendant explained that it did not want to waive its right to compel arbitration by participating in merits discovery. Defendant offered to withdraw its "arbitration" objection if the parties either stipulated (a) to continue all pretrial deadlines so Defendant's motion to compel arbitration could be resolved prior to the parties engaging in merits discovery; or (b) that Defendant's participation in merits discovery would not be deemed a waiver of its right to compel arbitration. (Docket 27-1 at ¶3). Plaintiffs' counsel said that Plaintiffs were "certainly not" taking the position that Defendant would be waiving its right to compel arbitration by participating in discovery and agreed to enter into a corresponding stipulation. (Id). Defense counsel agreed to

withdraw its arbitration objection and supplement its responses.  The next day, Plaintiffs' counsel sent an email completing reversing his position.  Plaintiffs' counsel stated that he changed his mind after talking to his co-counsel and would not enter into any stipulations.  (Id. at ¶4).  Without meeting and conferring, Plaintiff then filed a motion to compel on January 4, 2016.  (Id.).

On February 2, 2016, Defendant filed a motion to compel arbitration.  On March 1, 2016, the Court granted Plaintiffs' motion to extend the discovery schedule to provide time for Magistrate Judge M. Page Kelly to rule on Defendant's motion to compel arbitration and Plaintiffs' motion to compel discovery.   (Docket 59).  On March 11, 2016, Magistrate Judge M. Page Kelly issued a recommendation to  deny Defendant's motion to compel arbitration and Defendant filed objections thereto which are currently pending before the Court.  At the hearing, Magistrate Judge M. Page Kelly's explained that she would not force Defendant to engage in discovery until its objections were ruled upon by this Court.  On March 23, 2016, Plaintiffs finally agreed that they would not argue that Defendant had waived its right to compel arbitration by participating in discovery.  On March 28, 2016, the parties filed a joint status update regarding discovery issues. (Docket 67).  On April 22, 2016, Magistrate Judge M. Page Kelly denied Plaintiffs' motion to compel discovery.  (Docket 70).

On April 28, 2016, Defendant provided supplemental responses to Plaintiffs' document requests and interrogatories.  On June 14, 2016 – ***over six weeks after***

*receiving Defendant's responses and two weeks after the class certification deadline had passed* -- Plaintiffs filed the instant motion to modify the scheduling order. (Docket 73). Plaintiffs have failed to offer any explanation whatsoever for why they did not file their motion before the class certification deadline had passed. To the extent that Plaintiffs (wrongly) believe that Defendant has not been forthcoming in discovery, then they were required to seek assistance before the class certification deadline had passed. Plaintiffs' dilatory conduct dooms their motion. As a matter of law, Plaintiffs' utter carelessness is incompatible with a finding that they exercised the required diligence. *See, e.g., B.T. ex rel. Mary T. v. Dep't of Educ., State of Hawaii*, 637 F.Supp.2d 856 (D. Haw. 2009) ("if Plaintiff could not meet the dispositive motion deadline due to difficulties in completing discovery, Plaintiff should have sought out an extension of that deadline prior to – not almost a month after – its expiration…a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril"); *Claytor v. Computer Associates International, Inc.*, 211 F.R.D. 665, 667 (D. Kansas 2003) ("plaintiff should have sought assistance from the court earlier…if he believed that, for whatever reason, he was not going to be able to complete discovery consistent with the discovery deadline").

To make matters worse, allowing Plaintiffs to file a untimely motion for class certification would severely prejudice Defendant due to the increased cost and delay. *See, e.g., Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 274 (3rd Cir.

2001) (motion denied because "new claim might require the court to revisit the certification of the class and that amendment would lead to further discovery requests and significant new preparation"); *Henderson v. National Railroad Passenger Corp.*, 117 F.R.D. 620, 622 (N.D. Ill. 1987) (where granting motion would "greatly protract the litigation, and result in expensive, nationwide discovery, justice does not require that the amendment be allowed"); *Otto v. Variable Annuity Life Insurance Company*, 730 F.Supp.145, 150 (N.D. Ill. 1990) (expanding statewide class into nationwide class would be prejudicial due to additional discovery required and "the enormous delay in the litigation that would unavoidable result from the proposed radical expansion of the class."); *Weiss v. La Suisse*, 161 F.Supp.2d 305 (S.D. N.Y. 2001) (denying motion to amend complaint to allege nationwide class action because additional discovery would be required); *In re Ameritech Corp.*, 188 F.R.D. 280, 285 (N.D. Ill. 1999) (allowing nationwide class action amendment would be prejudicial because it "would add hundreds of class members and would require extensive discovery").

## CONCLUSION

For the above reasons, the Court should deny Plaintiffs' motion in its entirety.

DATED: June 28, 2016         SHEPPARD, MULLIN, RICHTER &
                                             HAMPTON LLP


                              By:  /s/ *Gregory F. Hurley*
                                    Gregory F. Hurley (*Pro Hac Vice*)
                                    Michael J. Chilleen (*Pro Hac Vice*)

Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
714.513.5100 | main
714.424.8205 | direct
714.428.5981 | direct fax
www.sheppardmullin.com
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

- and –

Howard E. Stempler
SEDER & CHANDLER LLP
339 Main Street, Suite 300
Worcester, Massachusetts 01608
Telephone:  508.471.3018
Facsimile:  508.831.0955
hstempler@sederlaw.com

*Attorneys for Defendant*
*The Container Store Group, Inc.*

# **CERTIFICATE OF SERVICE**

     I, Gregory F. Hurley, certify that on this 28th day of June, 2016, I caused a true copy of the foregoing *Defendant The Container Store, Inc.'s Opposition to Plaintiffs' Motion to Modify Scheduling Order* to be filed with the Clerk of the United States District Court for the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to be served through ECF upon counsel of record, with paper copies sent to any person indicated on ECF as a non-registered participant:

Jeremy Weltman, Esq.
KERSTEIN, COREN & LICHTENSTEIN LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
Telephone: 781.997.1600
Facsimile: 781.997.1633
jweltman@kcl-law.com

Scott C. LaBarre, Esq.
*Pro Hac Vice*
LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
Telephone: 303.504.5979
slabarre@labarrelaw.com

Jana Eisinger, Esq.
*Pro Hac Vice*
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
Telephone: 303.597.4000
eisinger@mlgrouppc.com
lambalot@mlgrouppc.com

Timothy Elder, Esq.
TRE LEGAL PRACTICE, LLC
4226 Castanos Street
Fremont, CA 94536
Telephone: 410.415.3493
telder@trelegal.com