**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| NATIONAL FEDERATION OF THE BLIND, on * | |
| behalf of their members and itself, MARK * | |
| CADIGAN, MIKA PYYHKALA, LISA IRVING, * | |
| ARTHUR JACOBS, JEANINE KAY LINEBACK, * | |
| and HEATHER ALBRIGHT, on behalf of * | |
| themselves and all others similarly situated, * | |
| * | **C.A. No. 1:15-cv-12984-NMG** |
| Plaintiffs, * | |
| * | |
| v. * | |
| * | |
| THE CONTAINER STORE, INC. * | |
| * | |
| Defendant. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | |

**[LEAVE TO FILE GRANTED JULY 1, 2016]**
**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION**
**TO MODIFY SCHEDULING ORDER**

As noted in Plaintiffs' underlying Motion to Modify Scheduling Order (hereinafter

"Plaintiffs' Motion"), this Court issued the original Scheduling Order in this case on October 1,

2015. At that point in time, written discovery was to be served by February 29, 2016 and

answered by March 31, 2016. (Dkt. No. 21). Thereafter, fact depositions were to be completed

by April 30, 2016. Id. Only then, with the benefit of having completed discovery in this matter,

did the original Scheduling Order call for Motions to Certify the Class to be submitted by May

31, 2016. In other words, pursuant to the original Scheduling Order, only after 210 days of

discovery, including completion of both written discovery and fact witness depositions, were the

Plaintiffs expected to file their Motion to Certify the Class.

Indeed, looking past the Defendant's oversimplification of the significant procedural

history of this case (thanks exclusively to Defendant's laggard *modus operandi* at every turn

1

since Plaintiffs filed this lawsuit), even using the Defendant's claimed date of "supplemental responses" to Plaintiffs' written discovery of April 28, 2016[1]  (see Defendant's Opposition, p. 4) – which is the date that the Defendant first provided a single document of substance to Plaintiffs' written discovery requests propounded some six (6) months previous – the Plaintiffs had all of 33 days left under the original Scheduling Order to move to certify the class, and this assumes that the Defendant's April 28, 2016 discovery response was anywhere close to sufficient (which it was not, see footnote 1 herein).

It has been long acknowledged by the Courts that the Plaintiffs have a right to some modicum of discovery before being forced to move for class certification. See, e.g., Pittman v. E. I. duPont de Nemours & Co., 552 F.2d 149 (5th Cir. 1977) ("[o]ur prior decisions make it clear, however, that in most cases a certain  amount of discovery is essential in order to determine the class action issue and the proper scope of a class action"); see also  Bosque v. Wells Fargo Bank, N.A., 762 F. Supp. 2d 342, 355 (D. Mass. 2011) (denying Plaintiff's motion to certify class, but doing so "without prejudice to its renewal" so that Plaintiff's requested discovery could be properly answered by the Defendant).  This is so because the Courts must engage in a "rigorous analysis" to determine if the requirements of certifying a class action have been met. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011) (quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982)). That analysis "[f]requently . . . will entail some overlap with the merits of

---

[1] Despite the Defendant's characterization of a full and complete response to written discovery by April 28, 2016, the Defendant's "supplemental response" fell well short. As a result, Plaintiff's counsel has been engaging in good faith meet-and-confer efforts in an attempt to narrow any issues requiring additional court intervention prior to filing a second motion to compel substantive responses to the written discovery propounded by the Plaintiffs first on November 4, 2015.

the plaintiff's underlying claim, and thus require[s] the presentation of evidence." Id. at 2549 (listing three types of evidence offered to show presence of common issues among all plaintiffs).

Therefore, considering the nature of class claims in general, the First Circuit has noted that "[a]ggressive, thorough discovery is frequently decisive in class certification battles…In most instances, courts will not grant or deny class certification without discovery.") Kolbe v. BAC Home Loans Servicing, LP, 738 F.3d 432, 468 (1st Cir. Mass. 2013), citing Robert H. Klonoff, *Class Actions and Other Multi-Party Litigation in a Nutshell*, at 146 -147 (4th ed. 2012). Here, the Defendant is asking the Court to effectively do just that: deny the Plaintiffs' right to even move for class certification without the benefit of more than boilerplate objections to discovery from the Defendant over the entire period designated for discovery under the original Scheduling Order. Simply put, Defendant's ongoing campaign of delay and obfuscation since the original Scheduling Order issued on October 1, 2015 should not now be rewarded through their attempt to leverage Fed. R. Civ. P. 16(b) against the Plaintiffs.

Here, Plaintiffs first broached the issue of modifying the scheduling order with Defendant on June 7, 2016 – a mere seven (7) days[2] after the aforementioned deadline. See Plaintiffs' Motion to Modify, Local Rule 7.1(a)(2) Certification. (Dkt. No. 73). Unfortunately, as further outlined in Plaintiffs' Counsel's Local Rule 7.1(a)(2) Certification to Plaintiff's Motion to

---

[2] Although not dispositive as they are all cases from other jurisdictions, it is worth noting that ***all*** of the cases cited by the Defendant in its Opposition feature delays in attempts to modify the Scheduling Order exceeding the seven (7) to 14 days at issue here. See, e.g., O'Connell v. Hyatt Hotels, 357 F.3d 152, 154-156 (1st Cir. P.R. 2004) (delay of "five months after the scheduling order deadline to act" ); Johnson v. Mammoth Recreations, 975 F.2d 604, 607 (9th Cir. Cal. 1992) ("four months" after scheduling order deadline to act); Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. Cal. 2002) ("four months"); Oliver v. Ralphs Grocery Co., 654 F.3d 903, 906 (9th Cir. Cal. 2011) (noting, without directly addressing the issue or discussing whether Plaintiffs were "indifferent" to the deadline, that the District Court denied Plaintiff's motion to modify scheduling order for failure to show "good cause" made 17 days after the scheduling order deadline to act).

Modify, true to previous form, Defendant's response to Plaintiffs' first inquiry of June 7, 2016 to modify the scheduling order was nothing more than further dilatory tactics arguably designed to keep the Plaintiffs from filing their Motion to Modify until as late as possible.[3]

It is without question that Fed. R. Civ. P. 16(b) (1) requires that the district court enter a scheduling order within 120 days of service of the complaint. It without question that the scheduling order sets the deadlines for subsequent proceedings in the litigation.  The Rule does recognize, however, that the parties will occasionally be unable to meet these deadlines because scheduling order deadlines are established relatively early in the litigation. See Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b). Therefore, it is without question that the Court may extend a scheduling order deadline on a showing "of good cause if the [deadline] cannot reasonably be met despite the diligence of the party seeking the extension." O'Connell v. Hyatt Hotels, 357 F.3d 152, 154-156 (1st Cir. P.R. 2004). Rule 16(b)'s "good cause" standard emphasizes the diligence of the party seeking the amendment. See Rosario- Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). Prejudice to the opposing party remains relevant

---

[3] Because the original Scheduling Order was modified on March 1, 2016 to extend the discovery deadlines for 120 days (180 days for fact depositions) "after the Court's rulings on Plaintiffs' motion to compel discovery and Defendants' motion to compel arbitration," Plaintiffs reasonably expected that they would be able to come to a mutual agreement with the Defendant on extending all other deadlines to coincide with the discovery extension once the Magistrate Judge ruled against it on its Motion to Compel Arbitration. (Dkt. No. 59). Unfortunately, in response to the Plaintiffs' June 7, 2016 meet-and-confer inquiry on its Motion to Modify, instead of immediately alerting the Plaintiffs of their position that Plaintiffs had waived their right to move for class certification and that it intended to file an Opposition to that effect, it was not until three (3) days later, on June 10, 2016, that Defendant's counsel attempted to *defer* discussion on the issue for an additional week, claiming unavailability until June 16 or 17th to discuss Plaintiffs' Motion to Modify. See Plaintiff's Motion to Modify, Local Rule 7.1(a) (2) Certification. (Dkt. No. 73). Defendant should not now be rewarded for attempting to deliberately delay Plaintiffs' filing of its Motion to Modify as long as possible knowing full well that it intended to file an Opposition attempting to deprive the Plaintiffs the right to bring their claims on a representative basis based on the argument that Plaintiffs had unreasonably delayed their Motion to Modify.

but is not the dominant criterion. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). While not a dominant criterion, it cannot be seriously said here that the Defendant shall be prejudiced at this juncture of the litigation were the Scheduling Order modified to permit Plaintiffs to actually complete discovery and then move for Class Certification, particularly considering that we have essentially just now begun substantive discovery in the case. For all intents and purposes, the case is just beginning in substance now that the Defendant's long held assertion that it was entitled to arbitration of Plaintiffs' claims (and that the Plaintiffs had waived their right to pursue class claims) has been denied by Report and Recommendation of the Magistrate Judge.

Further, it can hardly be said that Plaintiffs in this case have been "indifferent" or lacked a showing of "good cause" to substantiate the modification of the scheduling order as requested by Plaintiffs' Motion to Modify. To the contrary, having still received nothing in the way of discovery from the Defendant some four (4) months after serving the same on the Defendant[4], on February 29, 2016, Plaintiffs filed a Motion to Modify the Scheduling Order to Continue Deadlines for Discovery. (Dkt. No. 58). Inherently acknowledging the importance of discovery to Plaintiffs' claims, on March 1, 2016, the Court amended the discovery schedule to provide for written discovery to be served on or before 120 days after the Court's rulings on Plaintiffs'

---

[4] Completely the opposite of being "indifferent," during the entirety of this time, the Plaintiffs pushed in various forms to compel discovery responses from the Defendant so that it could begin to gather the evidence required to move for class certification. (<u>See</u> <u>e.g.</u>, Dkt. Nos. 25, 28, 30, 31, 32, 38). It was certainly not because of Plaintiffs' "indifference" that they were unable to obtain any meaningful discovery from the Defendant until one (1) month before the original scheduled deadline to move for class certification.

motion to compel discovery and Defendants' motion to compel arbitration, and ordered fact depositions to be completed not more than 180 days after said rulings[5]. (Dkt. No. 59).

Moreover, it was not until February 2, 2016[6] that the Defendant finally filed its Motion to Enforce Arbitration and Class Waivers (behind which the Defendant refused to participate in discovery claiming it would prejudice their claim to arbitration), which the Plaintiffs dutifully opposed. (Dkt. No. 49).  It was not until March 11, 2016 that Magistrate Judge Kelley issued her Report and Recommendations denying Defendant's Motion to Enforce Arbitration and Class Action Waivers. (Dkt. No. 62).  Even at that point, the Defendant took the position that it was not obligated to provide substantive discovery responses until ***after*** the Court finally decided on the Magistrate Judge's Report and Recommendations, a position which required additional motion practice by the Plaintiffs to compel the Defendant to meaningfully engage in discovery with the Plaintiffs. (See Dkt. Nos. 63, 64 and 66).

In sum, the Plaintiffs have been more than diligent in their efforts to meet the Class Certification deadline originally set for May 31, 2016; however, because the Defendant has all but refused to produce substantive discovery between issuance of the original Scheduling Order on October 1, 2015 and April 28, 2016[7], and after spending six (6) months arguing that it was entitled to mandatory arbitration of Plaintiffs' claims and that the Plaintiffs had somehow waived their right to pursue a class action, the Defendant now attempts to use a seven (7) day

---

[5] This being the current state of the Scheduling Order, the written discovery deadline extension of 120 days after the Court's rulings on Plaintiffs' motion to compel discovery and Defendants' motion to compel arbitration has technically not even yet begun to run.

[6] Five (5) months after the issuance of the original Scheduling Order that called for all discovery to be served by the end of that same month – February 2016.

[7] Again, Plaintiffs do not believe that what the Defendant did finally produce on April 28, 2016 was in any way complete. See footnote 1, above.

technicality to eviscerate the Plaintiffs' right to pursue class claims. Respectfully, this Court

should exercise its discretion and ALLOW Plaintiffs' Motion to Modify to align all of the dates

in the original Scheduling Order to follow sequentially based on the updated discovery schedule

set forth in the Court's March 1, 2016 Order modifying the Scheduling Order.  This being the

case, the new deadline for Plaintiffs to move for class certification would be 30 days after

completion of fact depositions.

       Respectfully submitted this 5$^{\underline{th}}$ day of July, 2016.

*s/ Jeremy Weltman*
Jeremy Weltman, 662293
KERSTEIN, COREN & LICHTENSTEIN
LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
Tel: 781.997.1600
Fax: 781.997.1633
jweltman@kcl-law.com

Jana Eisinger (*pro hac vice*)
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
303.597.4000
eisinger@mlgrouppc.com

Scott C. LaBarre (*pro hac vice*)
LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
303.504.5979
slabarre@labarrelaw.com

Timothy Elder (*pro hac vice*)
TRE LEGAL PRACTICE, LLC
4226 Castanos Street
Fremont, CA 94536
410.415.3493
telder@trelegal.com

*Attorneys for Plaintiffs and all Other*
*Individuals Similarly Situated*

**CERTIFICATE OF SERVICE**

I, Jeremy Y. Weltman, certify that on this __5th__ day of July, 2016, I caused a true copy of the foregoing *[Leave to File Granted on July 1, 2016] Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Modify Scheduling Order to Continue Deadlines* to be filed with the Clerk of the United States District Court for the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to be served through ECF upon counsel of record, with paper copies sent to any person indicated on ECF as a non-registered participant:

Gregory F. Hurley, Esq.
Michael J. Chilleen, Esq.
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

Howard E. Stempler, Esq.
Seder & Chandler LLP
339 Main Street, Suite 300
Worcester, Massachusetts 01608
hstempler@sederlaw.com

/s/ *Jeremy Y. Weltman*
Counsel for Plaintiffs