## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS, BOSTON DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of their members and themselves, MARK CADIGAN, MIKE PYYHKALA, LISA IRVING, ARTHUR JACOBS, JEANINE KAY LINEBACK, and HEATHER ALBRIGHT, on behalf of themselves and all others similarly situated), <br><br> Plaintiffs, <br><br> v. <br><br> THE CONTAINER STORE GROUP, INC., <br><br> Defendant. | Civil Action No. 1:15-CV-12984 |

## DEFENDANT THE CONTAINER STORE, INC.'S OPPOSITION TO PLAINTIFF NATIONAL FEDERATION OF THE BLIND'S MOTION TO COMPEL DEPOSITION ATTENDANCE AND PRODUCTION OF DOCUMENTS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

RELEVANT FACTUAL BACKGROUND..............................................................1

A.   PLAINTIFFS' LACK OF COOPERATION AND FAILURE TO MEET AND CONFER IS HINDERING THE DISCOVERY PROCESS ..................1

ARGUMENT ........................................................................................................4

I.   PLAINTIFFS SHOULD BE SANCTIONED AND THEIR MOTION DENIED OUTRIGHT FOR FAILING TO MEET AND CONFER IN GOOD FAITH ................................................................................................4

II.   PLAINTIFFS SHOULD BE SANCTIONED FOR BRINGING A MOTION TO COMPEL A RULE 30(B)(6) DEPOSITION THAT DEFENDANT HAS ALREADY AGREE TO...................................................8

III.   PLAINTIFFS SHOULD BE SANCTIONED FOR BRINGING A MOTION TO COMPEL ESI WHEN THEY REFUSED TO PROVIDE SEARCH TERMS ..................................................................................9

IV.   PLAINTIFFS ARE NOT ENTITLED TO CLASS DISCOVERY AND LACK STANDING TO SUE STORES THEY HAVE NEVER BEEN TO .......................................................................................................10

A.   PLAINTIFFS ARE NOT ENTITLED TO ANY CLASS DISCOVERY SINCE THEY  MISSED THE CLASS CERTIFICATION DEADLINE.......10

B.   EVEN IF PLAINTIFFS HAD NOT MISSED THE CLASS CERTIFICATION DEADLINE, PLAINTIFFS LACK STANDING TO SUE STORES THEY HAVE NEVER BEEN TO .........................................10

V.   SPECIFIC DOCUMENT REQUESTS............................................................13

A.   PLAINTIFFS HAVE FAILED TO MEET THEIR THRESHOLD BURDEN OF SHOWING THAT THEIR DOCUMENTS REQUESTS SEEK RELEVANT INFORMATION ..................................................13

B.   NO RESPONSIVE DOCUMENTS (NOS. 8, 13, 21 AND 23) ....................14

C   MOOT (NO. 14).........................................................................................14

D.   ALLEGEDLY INCOMPLETE RESPONSES (NOS. 7, 9, 10, 12, 15, 16, 17, 18, 19 AND 20)..........................................................................14

E.      REFUSAL TO PRODUCE (NOS. 1, 4, 5, 11 AND 24)................................15

CONCLUSION ....................................................................................................17

## INTRODUCTION

Plaintiffs' motion to compel was brought in bad faith and should be denied for several, independent reasons.  First, Plaintiffs filed their motion without meeting and conferring in good faith.  The Parties had a single conversation where Defendant agreed to supplement its discovery responses and make a supplemental document production.  That conversation contemplated a follow-up call after Plaintiffs had reviewed Defendant's supplemental discovery responses and document production to address any remaining issues.  However, Plaintiffs did not wait, and filed the instant motion to compel before Defendant had a chance to serve its supplemental discovery responses and documents.  Consequently, the Court now has before it a defective motion based on outdated discovery responses and an outdated document production.  Second, Plaintiffs improperly seek to compel a Rule 30(b)(6) deposition that Defendants have already agreed to.  This is patently improper.  Third, Plaintiffs are not entitled to seek class discovery since they missed the class certification deadline.  Fourth, Plaintiffs lack standing to seek discovery as to stores they have never been to.  Finally, as agreed during the meet-and-confer call, Defendant has already supplemented its discovery responses and made a supplemental document production – Plaintiffs have all of the documents they are entitled to.

## RELEVANT FACTUAL BACKGROUND

### A.   PLAINTIFFS' LACK OF COOPERATION AND FAILURE TO MEET AND CONFER IS HINDERING THE DISCOVERY PROCESS.

Plaintiffs' lack of cooperation and failure to meet and confer in good faith has delayed the discovery process in this case.  At the outset, Plaintiffs stubbornly refused to stipulate that they would not claim that Defendant had waived its right to compel arbitration if it participated in merits discovery.  This delayed the

discovery process until March 23, 2016, where the Plaintiffs finally caved in and agreed to so stipulate.  (Docket 66).

Likewise, Plaintiffs filed a needless motion to compel that was never ruled upon because Plaintiffs failed to meet and confer and it became unnecessary once the Parties had conferred.  (Docket 27, 32, 61, 67, and 70).

Plaintiffs are up to their same old tricks again and have filed a second frivolous motion to compel without meeting and conferring in good faith.  On June 3, 2016, Plaintiffs sent a meet and confer letter regarding their documents requests which demanded supplemental responses and responsive documents *by June 10, 2016.*[1]  Defense counsel explained that this was unreasonable and that he was in trial and thus unable to meet and confer until June 16, 2016.  (Chilleen Decl.¶2; 06/13/16 email chain, attached as Exhibit A to Chilleen Decl.).

On June 16, the Parties conferred regarding Plaintiffs' document requests. For many of the requests, Defendant had no idea what type of documents Plaintiffs were looking for or why they would be relevant if they purportedly went to class certification issues since Plaintiffs had missed the deadline to file a motion for class certification.  Despite valid objections, Defendant agreed to supplement its responses, search electronic databases for ESI, and to do a rolling document production to avoid the expense of litigating a motion to compel.  Defense counsel also explained that he would need to check with his client regarding some of the requests.  (Chilleen Decl. ¶3).  Defense counsel estimated that it would take a few weeks to get responsive documents, especially when considering the upcoming July 4 holiday when people may not be available.  Plaintiffs' counsel refused to agree to a particular deadline to produce documents and merely stated that she wanted them soon and would check with her co-counsel.  However, Plaintiffs'

---

[1] Although Plaintiffs allege that Defendant is stonewalling the discovery process at every turn, they conveniently fail to mention that they have no complaints regarding Defendant's responses to their special interrogatories.

counsel never got back to defense counsel with a firm proposed date for production.  (Id).

With respect to Plaintiffs' Rule 30(b)(6) deposition notice, defense counsel explained that Defendant had already agreed to produce Joan Manson as the corporate designee on all of the topics and given available dates, but that Plaintiffs had never responded.  (Chilleen Decl. ¶4).  Plaintiffs' counsel had no explanation for not responding to Defendant's proposed dates and instead incredulously claimed that she was not aware that Ms. Manson was the corporate designee despite the fact that Defendant explicitly informed her of that fact in an email.  (Id; May 9, 2016 Email Chain, attached as Exhibit B to Chilleen Decl.).

On June 21, 2016, defense counsel asked Plaintiffs' counsel for proposed search terms to look for ESI responsive to their document requests.  Inexplicably, Plaintiffs' counsel feigned not to know what the search terms were for and never provided any.  (Chilleen Decl. ¶5; June 21, 2016 Email Chain, attached as Exhibit C to Chilleen Decl.).  Although the Parties clearly contemplated a follow- up call after Plaintiffs had a chance to review Defendant's supplemental discovery responses and document production, Plaintiffs chose instead to file this premature motion to compel without further meeting and conferring or notice.  (Id).

As agreed upon during the June 16 phone call, Defendant has provided supplemental responses and a supplemental document production.  (Chilleen Decl. ¶6).  However, because Plaintiffs refused to wait to receive them before filing this motion, the Court now has a defective motion before it based on outdated discovery responses and an outdated document production.  (Id).

Plaintiffs' pattern of filing premature motions to compel without meeting and conferring in good faith should not be condoned.

# **ARGUMENT**

## **I.   PLAINTIFFS SHOULD BE SANCTIONED AND THEIR MOTION DENIED OUTRIGHT FOR FAILING TO MEET AND CONFER IN GOOD FAITH.**

Under F.R.C.P. 37(a)(1), "before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006).

Failure to meet and confer in good faith results in the denial of the motion to compel and subjects the offending party to sanctions. *See, e.g., Robinson v. E. Potter*, 453 F.3d 990 (8th Cir. 2006) (denying motion to compel because plaintiff failed to meet and confer in good faith); *Barbour v. Memory Gardens Management Corp.*, 2008 WL 1882847 (N.D. Ind. 2008) (denying motion to compel because plaintiff failed to meet and confer in good faith); *Enterprise Technology Holdings, Inc. v. Noveon Systems, Inc.*, 2008 WL 2265264 (S.D. Cal. 2008) (denying plaintiff's motion to compel and imposing sanctions on plaintiff for failing to meet and confer before filing his motion); *Tanner v. Kaiser Foundation Health Plan, Inc.*, 2015 WL 6081771, *4 (N.D. Cal. 2015) ("Plaintiff is hereby warned that…failure to comply with any order or applicable procedural rule, including the failure to meet and confer, may result in sanctions"); *U.S. Bank National Association v. Friedrichs*, 2013 WL 371987, *4, fn. 2 (S.D. Cal. 2013) ("Sanctions may also be imposed for failure to satisfy meet and confer requirements").

"The duty-to-confer is not an empty formality." *Whitsell Corp. v. Electrolux Home Products, Inc.*, 2015 WL 5316591, 85 (S.D. Georgia 2015). "[A] good faith effort to resolve a discovery dispute under Federal Rule of Civil Procedure 37(a)…requires that counsel converse, confer, compare views, consult and deliberate." *Barbour v. Memory Gardens Management Corp.*, 2008 WL

1882847 (N.D. Ind. 2008).  Meeting the good faith standard requires more than demanding compliance, exchanging letters, or a brief conversation.  *See, e.g., Whitsell Corp. v. Electrolux Home Products, Inc*., 2015 WL 5316591, 85 (S.D. Georgia 2015) ("one letter or discovery request, which simply demands that a party accede to every demand for information, can hardly be considered to qualify as a good faith effort to confer and attempt to resolve a dispute"); *Williams v. Board of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kans*., 192 F.R.D. 698 (D. Kan. 2000) (single letter between counsel which addresses discovery dispute does not satisfy duty to confer); *Porter v. Brancato*, 1997 WL 150050, \*1 (D. Kan. 1997) ("A reasonable effort to confer means more than mailing a letter to opposing counsel"); *Shoppel v. Schrader,* 2009 WL 2525817, \*1 (N.D. Indiana 2009) ("motion hardly demonstrates that its counsel has met his duty to confer, since his efforts amounted to merely a single letter to Plaintiff's counsel and a brief telephone conversation").

It is well established that unilaterally imposing deadlines to comply with discovery demands and then filing a motion to compel before the opposing party can reasonably respond – like Plaintiffs did in this case – does not meet the good faith standard.  The following cases illustrate this basic point.

In *Keithley v. The Home Store.com, Inc*., 2008 WL 2024977 (N.D. Cal. 2008), plaintiff filed a motion for sanctions with respect to defendants' responses to requests for admission.  Defendants informed plaintiff that he had failed to meet and confer.  To cure this defect, plaintiff withdrew his motion and offered to meet and confer.  However, plaintiff only gave defendants until the next day at noon to respond.  The next day, defendants sent a letter stating that they would welcome the opportunity to meet and confer.  However, plaintiff did not respond and re-filed his motion the same day, noticing it for a new hearing date.  Under these

circumstances, the court chastised plaintiff for his gamesmanship and held that he had failed to meet and confer in good faith:

> "Instead of withdrawing the motion for a sufficient time to allow a good faith meet and confer efforts, he gave Defendants a short deadline within which to meet and confer, and then filed the motion for sanctions the next day.  The Court does not condone this conduct." *Id.* at *1.

Likewise, in *Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180 (3rd 2003), the court found that plaintiff's counsel had not met and conferred in good faith because he gave unreasonable deadlines to respond to his discovery demands:

> "At 4:30 p.m. on Tuesday, May 8, 2001, Naviant's counsel faxed appellants a twenty-page letter demanding more complete answers. The letter contained the following ultimatum:  'If Naviant cannot get those full and complete answers by the end of the week (and even more importantly, your written confirmation by end of day tomorrow, May 9, 2001 to provide those full and complete answers by end of this week), then Naviant will file a Motion for Contempt with the Court.' In other words, at the end of the day on Tuesday, Naviant gave Tucker until the end of the day Wednesday to inform Naviant whether it would respond to its twenty-page list of concerns by Friday…There was hardly a 'good faith attempt to confer with the party not making the disclosure in an effort to secure the disclosure without court action." *Id.* at 186.

Similarly, the court in *Cannon v. Cherry Hill Toyota*, 190 F.R.D. 147 (D.N.J. 1999) held that sending a fax and demanding a response by the next business day and threatening to file a motion to compel is a token effort rather than a good faith effort.

In *Stillaguamish Tribe of Indians v. Nelson*, 2012 WL 1855763 (W.D. Wash. 2012), defendants sent several emails and called plaintiff  to set up a conference call to meet and confer later the same day, but plaintiff was unavailable.

Defendants filed their motion to compel the very same day because it was the only way to have it heard before the discovery cutoff.  In his opposition, plaintiff moved for sanctions because defendants had failed to meet and confer in good faith before filing their motion.  The court agreed and imposed sanctions:  "While counsel attempted to meet and confer the same day it filed the motion, the court cannot conclude that it was a good faith effort…the court finds it appropriate to sanction [defense counsel]."  *Id*. at *2.

Here, like in their previous motion to compel, Plaintiffs utterly failed to meet and confer in good faith.  The Parties had a single conversation that contemplated a follow-up phone call after receipt of supplemental discovery responses and a supplemental document production to address any remaining issues.  (Chilleen Decl. ¶7).  Instead, Plaintiffs filed this premature motion to compel without notice.  Although Plaintiffs' counsel seemed frustrated by the fact that defense counsel needed to check with his client regarding some of the requests and with the fact that it takes a few weeks to gather responsive documents, this is routine and part of the normal meet-and-confer process.  (Id).  Filing the instant motion to compel only slows down the process and wastes the Parties and the Court's time.  To make matters worse, Plaintiffs' counsel refused to provide search terms for ESI and has taken the meritless position that they know that Defendant's corporate designee is somehow inadequate even before taking her deposition.  Significantly, during the meet-and-confer process, Plaintiffs' counsel never indicated that they had any problems with Ms. Manson being the company representative for all of the deposition topics.  (Id).   This is another made-up dispute without notice.  It is clear that Plaintiffs' counsel were bent on brining a motion to compel no matter what Defendant did.  Plaintiffs' counsel's sharp tactics should not be condoned.  Their motion should be denied outright and they should be sanctioned for their misconduct.

## II.   **PLAINTIFFS SHOULD BE SANCTIONED FOR BRINGING A MOTION TO COMPEL A RULE 30(B)(6) DEPOSITION THAT DEFENDANT HAS ALREADY AGREED TO.**

On April 1, 2016, Defendant informed Plaintiffs of all of the dates Ms. Manson was available for her individual deposition in April, May and June.  (April 1, 2016 Email, attached as Exhibit D to Chilleen Decl.).  Plaintiffs never picked any of the suggested dates nor offered any alternative dates.  (Chilleen Decl. ¶8). On May 9, 2016, after receiving Plaintiffs' Rule 30(b)(6) deposition notice unilaterally selecting May 26 for deposition, Defendant informed Plaintiffs' counsel that Ms. Manson would be the corporate designee, but was not available on May 26 because her husband was undergoing treatment for leukemia. Plaintiffs' counsel agreed to reschedule the deposition.  (05/09/16 Email Chain, attached as Exhibit E to Chilleen Decl.).  On May 19, 2016, Defendant offered several dates in June for Ms. Manson's deposition.  (05/19/16 Email, attached as Exhibit F to Chilleen Decl.).  Plaintiffs never picked any of the suggested dates, never proposed any alternative dates, and never served an amended Rule 30(b)(6) deposition notice.  (Chilleen Decl. ¶8).

Plaintiffs have now moved to compel compliance with their Rule 30(b)(6) deposition notice stating that Defendant was required to produce someone on May 26, 2016 absent a pending motion for a protective order.  This is outrageous. Plaintiffs misleadingly fail to mention that they took the deposition off calendar and agreed to reschedule it because Ms. Manson's husband was hospitalized and undergoing treatment for leukemia.  To make matters worse, Plaintiffs take the dubious position that Ms. Manson is an inadequate company representative in *advance of her deposition*.  Defendant can choose whomever it wants to be the corporate designee and has a duty to educate that person on the designated topics if he or she is not already knowledgeable.  Of course, the proper course is for

Plaintiffs to take the deposition and to move to compel if the deponent is not sufficiently knowledgeable.  Yet again, Plaintiffs' counsel seems unfamiliar with or unwilling to follow basic discovery procedure.  Moreover, Plaintiffs never indicated during the meet-and-confer process that they had any problems with Ms. Manson as the company representative.  Defendant first learned about this issue when reviewing Plaintiffs' motion to compel.  Plaintiffs' counsel should be sanctioned for seeking to compel a deposition that Defendant has already agreed to.

## III.   PLAINTIFFS SHOULD BE SANCTIONED FOR BRINGING A MOTION TO COMPEL ESI WHEN THEY REFUSED TO PROVIDE SEARCH TERMS.

During the June 16 call, Defendant agreed to search electronic databases and produce ESI responsive to Plaintiffs' document requests.  On June 21, Defendant asked Plaintiffs' counsel for proposed search terms because Defendant does not want to conduct an expensive search just for Plaintiffs to inevitably complain that it is inadequate and then have to start the whole process over again.  Inexplicably, Plaintiffs' counsel refused to propose search terms.  Plaintiffs need to provide proposed search terms that encompass all of their discovery requests and then Defendant will search relevant electronic databases.

Plaintiffs' refusal to cooperate in ESI discovery and provide search terms highlights Plaintiffs' preference to bring motions to compel instead of meeting and conferring in good faith to resolve disputes without court involvement.  Plaintiffs' counsel should be sanctioned for their gamesmanship.

**IV.   PLAINTIFFS ARE NOT ENTITLED TO CLASS DISCOVERY AND LACK STANDING TO SUE STORES THEY HAVE NEVER BEEN TO .**

    **A.   Plaintiffs Are Not Entitled To Any Class Discovery Since They Missed The Class Certification Deadline.**

Plaintiffs missed the May 31, 2016 deadline to file a motion for class certification.  (Docket 21).  Plaintiffs have a pending motion to modify the scheduling order to allow them to file a late motion for class certification.  Plaintiffs have not offered any explanation for their lack of diligence in filing a motion for class certification or failing to move to modify the scheduling order before the deadline had passed.  (Docket 75).  Unless and until the Court grants Plaintiffs permission to file a motion for class certification, Plaintiffs are not entitled to any class discovery.

    **B.   Even If Plaintiffs Had Not Missed The Class Certification Deadline, Plaintiffs Lack Standing To Sue Stores They Have Never Been To.**

Even if Plaintiffs had not missed the class certification deadline, it is axiomatic that standing cannot be acquired through the back door of a class action.  As explained by the Supreme Court in *Lewis v. Casey*, 518 U.S. 343 (1996):

> "This is no less true with respect to class actions than with respect to other suits.  That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  *Id.* at 358.
> As stated by the Supreme Court in *Allee v. Medrano*, 416 U.S. 802 (1974): "A named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which he

does not share.  Standing cannot be acquired through the back door of a class action."  *Id.* at 828-829.

*See also Lee v. State of Or.*, 107 F.3d 1382, 1390 (9th Cir. 1997) ("The fact that Plaintiffs filed their complaint as a class action is of no moment.  Standing is a jurisdictional element that must be satisfied prior to class certification"); *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987) ("A plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally meeting the requirements of constitutional standing, even if the persons described in the class definition would have standing themselves to sue").

In order to establish standing in ADA cases, a plaintiff must demonstrate that he encountered access barriers at each noncompliant facility at issue in the lawsuit coupled with a concrete intent to return to each noncompliant facility in the near future.  *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 949 (9th Cir. 2011).  In other words, a plaintiff must show that he has individual standing with respect to each store location he wishes to sue.  The following cases are illustrative.

In *Small v. General Nutrition Companies, Inc.*, 388 F.Supp.2d 83 (E.D. N.Y. 2005), the plaintiff tried to improperly expand his ADA class action lawsuit to include stores that he had never been to.  He claimed that he regularly purchased vitamins at various GNC stores in New York City, and that eleven of them had architectural barriers.  *Id.* at 85.  With respect to one store, the plaintiff argued that he had established an intent to visit the store in the future because he lived in the immediate vicinity.  With respect to six stores, the plaintiff argued that his intent was established because he regularly travelled within the immediate vicinity of the stores.  For the four remaining stores, the plaintiff did not claim that he lived close or traveled nearby.  The court held that that plaintiff had standing only with respect to the store closest to his house:  "Plaintiff [must] establish something more than a

general desire to patronize GNC stores.  Rather, petitioner must establish that but for the barrier at a particular store, he would visit that store in the imminent future." *Id.* at 89.

In *Moreno v. G&M Oil Co.*, 88 F.Supp.2d 1116 (C.D. Cal. 2000), the issue was "whether a disabled plaintiff who suffers discrimination due to an inappropriate architectural barrier at one business location may sue for the existence of similar barriers at the same defendant's other business locations where the plaintiff has not personally suffered discrimination." *Id.* at 1116.  In his initial complaint, the plaintiff alleged ADA claims against the defendant's gas station and convenience store in Santa Fe Springs that he actually visited.  The plaintiff sought to amend his complaint to include the defendant's other 82 stores throughout California, even though he had not visited any of those stores.  Thus, the court was confronted with the question of "whether, having satisfied Article III as to one gas station, Plaintiff may assert claims as to the other 82 stations." *Id.* at 1117.  The court concluded that standing was "site specific" and did not extend to locations where the plaintiff had not personally suffered discrimination. *Id.* at 1116-1117.

In *Clark v. McDonald's Corporation*, 213 F.R.D. 198 (D. N.J. 2003), the plaintiff brought an ADA class action against all McDonald restaurants nationwide.  The plaintiff had personally visited 23 McDonald restaurants and sent his investigators to 38 others.  The defendant moved to dismiss plaintiff's claims based on lack of standing.  In determining the proper scope of plaintiff's standing, the court noted that the plaintiff had to show: (1) "actual notice of an ADA violation existing at a location he has not yet visited"; and (2) an intent to visit those locations. *Id.* at 230.  The court held that the plaintiff had failed to meet either requirement:

"Clark does not allege 'actual notice' of any ADA violations at any of the corporate-owned McDonald's restaurants that he has not visited. The closest he comes to doing so is to allege (1) that the 'discriminatory features of Defendants' facilities are generally known to…Clark,' and (2) that he has 'discovered material violations of the ADA' at 38 corporate-owned McDonald's restaurants in Wisconsin, pursuant to an investigation conducted by professional inspectors hired by Plaintiffs' attorneys.  As to the former allegation, it would be unreasonable for the Court to infer 'actual notice' of an ADA violation at a particular restaurant that Clark has not visited from whatever 'general knowledge' he may possess about discriminatory features said to be commonplace at McDonald's restaurants.  As to the latter, even if it is reasonable to infer that Clark has 'actual notice' of ADA violations at Wisconsin restaurants he has not visited via hired inspectors – a matter the Court does not decide – Clark nevertheless lacks standing to assert claims as to those restaurants because he has not alleged (and is not excused from alleging) that he would visit the Wisconsin restaurants but for the violations of which he has actual notice."  *Id*. at 230.

In this case, each named Plaintiff has visited only one store.  (SAC ¶¶66-77).  Assuming *arguendo* that Plaintiffs could establish an intent to return, at best, Plaintiffs only have standing to sue those six stores.  Thus, any discovery beyond those six stores is not relevant to this lawsuit.


## V.   **SPECIFIC DOCUMENT REQUESTS.**


### A.   **Plaintiffs Have Failed To Meet Their Threshold Burden Of Showing That Their Documents Requests Seek Relevant Information.**

Plaintiffs have failed to meet their threshold burden to show that any of their document requests seek relevant information.  Instead, Plaintiffs merely quote their document requests and assume their relevancy.  This is improper and the Court should deny their motion on the basis as well.

**B.      No Responsive Documents (Nos. 8, 13, 21, 22 and 23).**

During the meet and confer process, Plaintiffs complained that there "must be" responsive documents to requests nos. 8, 13, 21, 22, and 23 even though Defendant responded that it did not have any responsive documents.  Plaintiffs' counsel could not explain why responsive documents had to exist.  Plaintiffs' counsel also expanded request no. 21 beyond its plain meaning to include invoices. (Chilleen Decl. ¶9).  Plaintiffs cannot simply posit that responsive documents exist. Rather, to meet their burden, Plaintiffs must come forth with some evidence suggesting that responsive documents exist, but have failed to do so.  To the extent that Plaintiffs truly believe that responsive documents exist, then the proper procedure is to notice a custodian of records deposition.

Although not required to do so, Defense counsel agreed to conduct a second search to alleviate Plaintiffs' concerns.  Defendant did not find any responsive documents other than an invoice arguably responsive to Plaintiffs' newly expanded scope of request no. 21.  Defendant has already produced it.  (Id.)

**C.      Moot (No. 14).**

Defendant explained during the meet and confer process that it had already produced all responsive documents to request no. 14 and would amend its response accordingly.  Defendant has already done so.  (Chilleen Decl. ¶10).

**D.      Allegedly Incomplete Responses (Nos. 7, 9, 10, 12, 15, 16, 17, 18, 19 and 20).**

Although Defendant has produced responsive documents to requests nos. 7, 9, 10, 12, and 15-18.  Plaintiffs speculate -- with no supporting evidence -- that additional documents exist.  This is patently insufficient to meet Plaintiffs' burden. Again, if Plaintiffs truly believe that additional responsive documents exist, then the proper procedure is to notice a custodian of records deposition.

Request No. 7: Plaintiffs fault Defendant for not providing any responsive emails.  As explained above, Defendant agreed to search electronic databases, but Plaintiffs have refused to provide proposed search terms.  Once the Parties agree on search terms, then Defendant will produce ESI.

Request No. 15:  As Defendant explained during the meet and confer process, there have only been two different versions of the terms and conditions of Defendant's loyalty program in the last 5 years and Defendant produced both of them.  There is nothing more to produce.  (Chilleen Decl. ¶11).

Request Nos. 17-20:  During the meet-and-confer process, Defendant explained that these requests were overbroad, unduly burdensome and sought irrelevant information.  Defendant explained that it had already produced the roll-out schedule for the new POS devices and that this should be sufficient.  As a compromise, Plaintiffs stated that an estimate of the costs to provide the new POS devices would be sufficient.  Defendant has produced the purchase orders for each state that a named plaintiff visited and the invoices, installation costs, and estimated expenses to provide the new POS devices for each store a named Plaintiff has visited.  (Chilleen Decl. ¶12).  This is more than adequate.  As explained above, Plaintiffs are not entitled to class discovery and do not have standing to seek discovery with respect to stores they have never been to.

Request Nos. 9, 10, 12, and 16:  Plaintiffs do not explain why Defendants' responses to these requests are allegedly deficient other than to generally speculate that additional responsive documents may exist.  Thus, Plaintiffs have failed to meet their burden of proof.

## E.    Refusal To Produce (Nos. 1, 4, 5, 11 and 24).

Request No. 1:  During the meet-and-confer process, Defendant explained that it had already produced all documents mentioned in its interrogatory responses.  Plaintiffs mentioned that a video tape of one of the named Plaintiffs

was missing.  Defendant agreed to produce it and has done so.  (Chilleen Decl. ¶13).

Request No. 4:  During the meet-and-confer process, Plaintiffs took the position that this request was relevant to numerosity.  Defendant explained that the requested information had nothing to do with the number of *blind individuals* who visit its stores.  Moreover, as noted above, Plaintiffs are not entitled to class discovery since they missed the class certification deadline and they have no standing to seek discovery with respect to stores they have never been to.  In any event, Defendant produced the requested information for all of the stores the named Plaintiffs visited.  (Chilleen Decl. ¶14).  This is way more than Plaintiffs are entitled to.

Request No. 5:  During the meet-and-confer process, Plaintiffs took the position that this request was relevant to numerosity.  Defendant explained that the requested information had nothing to do with the number of *blind individuals* who visit its stores.  Moreover, as noted above, Plaintiffs are not entitled to class discovery since they missed the class certification deadline and they have no standing to seek discovery with respect to stores they have never been to.  In any event, Defendant has produced the number of POP enrollments in 2013 and 2014 for the stores in the cities the named Plaintiffs visited.  This is way more than Plaintiffs are entitled to.  (Chilleen Decl. ¶15).

Request No. 11:  During the meet-and-confer process, Defendant agreed to produce responsive documents and has done so.  (Chilleen Decl. ¶16).

Request No. 24:  During the meet-and-confer process, Defendant agreed to produce responsive documents and has done so.  (Id.).

## **CONCLUSION**

For the above reasons, the Court should deny Plaintiffs' motion to compel in

its entirety and award Defendant sanctions since Plaintiffs' motion was brought

without substantial justification.

DATED:  July 20, 2016          SHEPPARD, MULLIN, RICHTER &
                               HAMPTON LLP


                               By:   /s/ *Gregory F. Hurley*
                                     Gregory F. Hurley (*Pro Hac Vice*)
                                     Michael J. Chilleen (*Pro Hac Vice*)
                                     Sheppard Mullin Richter & Hampton LLP
                                     650 Town Center Drive, 4th Floor
                                     Costa Mesa, CA 92626-1993
                                     714.513.5100 | main
                                     714.424.8205 | direct
                                     714.428.5981 | direct fax
                                     www.sheppardmullin.com
                                     ghurley@sheppardmullin.com
                                     mchilleen@sheppardmullin.com

                                     - and –

                                     Howard E. Stempler
                                     SEDER & CHANDLER LLP
                                     339 Main Street, Suite 300
                                     Worcester, Massachusetts 01608
                                     Telephone:  508.471.3018
                                     Facsimile:  508.831.0955
                                     hstempler@sederlaw.com

                                     *Attorneys for Defendant*
                                     *The Container Store Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Gregory F. Hurley, certify that on this 20th day of July, 2016, I caused a true copy of the foregoing *Defendant The Container Store, Inc.'s Opposition To Plaintiff National Federation Of The Blind's Motion To Compel Deposition Attendance And Production Of Documents* to be filed with the Clerk of the United States District Court for the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to be served through ECF upon counsel of record, with paper copies sent to any person indicated on ECF as a non-registered participant:

Jeremy Weltman, Esq.
KERSTEIN, COREN &
LICHTENSTEIN LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
Telephone: 781.997.1600
Facsimile: 781.997.1633
jweltman@kcl-law.com

Jana Eisinger, Esq.
*Pro Hac Vice*
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
Telephone: 303.597.4000
eisinger@mlgrouppc.com
lambalot@mlgrouppc.com

Scott C. LaBarre, Esq.
*Pro Hac Vice*
LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
Telephone: 303.504.5979
slabarre@labarrelaw.com

Timothy Elder, Esq.
TRE LEGAL PRACTICE, LLC
4226 Castanos Street
Fremont, CA 94536
Telephone: 410.415.3493
telder@trelegal.com