United States District Court
District of Massachusetts

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, MARK CADIGAN, MIKA PYYHKALA, LISA IRVING, ARTHUR JACOBS, HEATHER ALBRIGHT, and JEANINE KAY LINEBACK,<br><br>Plaintiffs,<br><br>v.<br><br>THE CONTAINER STORE, INC.,<br><br>Defendant. | Civil Action No.<br>15-12984-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

The defendant, The Container Store, Inc., has filed objections to the Report and Recommendation ("R&R") of Magistrate Judge M. Paige Kelley, which the Court addresses and overrules as follows:

As plaintiffs note in their response to defendant's objections (Docket No. 69), most of defendant's arguments were presented to Magistrate Judge Kelley through defendant's reply brief.  Accordingly, those arguments were considered and ruled upon by the Magistrate Judge.  Defendant's objections do, however, raise one item of evidence not presented to Magistrate Judge Kelley and one argument presented only at oral argument. Neither persuades this Court to sustain the objections.

Furthermore, the Court notes that the issue of whether it should resolve plaintiffs' contention that the arbitration agreement was unconscionable and illusory rather than deferring to the arbitrator with respect to those issues was not clearly addressed in the R&R.  As explained below, because a resolution by this Court leads to the most efficient outcome, it will decide those issues and accept and adopt the R&R in full.

A.   <u>**Issues Raised by Defendant's Objections**</u>

   1) **Defendant's Training Manual**

In response to Magistrate Judge Kelley's holding that the In-Store Plaintiffs did not receive notice that they were entering into an agreement which would waive their right to proceed in court, defendant now claims that the In-Store Plaintiffs must have received notice because its training manual instructs employees to explain the terms and conditions to customers.  Defendant's argument is, nevertheless, unavailing.

The manual does not instruct employees to tell customers that the terms and conditions exist, nor does it instruct them to explain the terms and conditions to customers.  Instead, it states that employees should

> [a]llow the customer the opportunity to review [the terms and conditions on the screen] and then ask them to press the **I Accept** button.

It further states that "upon the customer's request," the employee may give the customer a paper copy of the terms and conditions.

Assuming those instructions were followed, they would not provide notice to a blind customer either that the terms and conditions existed or that they included terms which required the customer to waive his/her right to litigate in court. A blind customer would not be able to see the terms on the screen when he/she was given an opportunity to review them and therefore the customer also would not know to ask for them to be read aloud. Nor would a blind customer necessarily know to ask for a paper copy of the terms and conditions which he/she would not be able to read even if he/she were given one. Accordingly, the Court agrees with Magistrate Judge Kelley's finding that the In-Store Plaintiffs did not receive notice of the terms of the agreement and that therefore no valid agreement was consummated.

   2) **Defendant's Ratification Argument**

Defendant further contends that even if plaintiffs did not consent to the terms of the loyalty program at the time they enrolled, they later ratified the arbitration agreement by participating in the loyalty program. That objection, which was raised before Magistrate Judge Kelley only at oral argument, will be overruled for two reasons. First, as Magistrate Judge Kelley explains in a footnote of her R&R, the argument fails

because defendant has presented no evidence that plaintiffs participated in the loyalty program after enrolling.

Second, defendant presented its loyalty program in such a manner that plaintiffs would have believed that they were simply enrolling in a customer benefits program. Nothing would have indicated to plaintiffs that they were entering into an agreement which would require them to waive legal rights. Defendant's training manual indicates that employees are instructed to describe the program by telling customers about benefits such as receipt-free returns and birthday gifts but not by mentioning the existence of a set of legal terms and conditions.

In order for plaintiffs to have ratified the agreement, they must have taken some action that, at the very least, indicated their awareness of the general nature of the agreement. Participating in a loyalty program by returning an item without a receipt or redeeming a discount coupon does not establish such an awareness. Consequently, even if plaintiffs had participated in the loyalty program, that was not enough to show that they had ratified the agreement and its terms and conditions.

Defendant cites three Texas cases in support of its ratification argument but those cases are inapposite. See Winchek v. Am. Express Travel Related Servs. Co., Inc., 232

S.W.3d 197 (Tex. App. 2007); Wakefield v. Wells Fargo Bank, N.A., No. 14-12-00686-cv, 2013 WL 6047031, at *5 (Tex. App. Nov. 14, 2013); Ghia v. Am. Express Travel Related Servs., No. 14-06-00653-cv, 2007 WL 2990295, at *2 (Tex. App. Oct. 11, 2007).  In each case the adjudicating court held that a consumer had ratified a credit card agreement by using the credit card, despite the plaintiff's assertion that he had not initially agreed to the contract.  Credit card agreements are, however, different in nature from customer loyalty programs.  They are, on their face, financial agreements and their very nature provides constructive notice that they are contracts which can affect the consumer's legal rights.  Customer loyalty programs offer no such notice.  Accordingly, defendant's ratification argument fails.

**B.  The Appropriate Forum for Plaintiff's Contract Validity Arguments**

Magistrate Judge Kelley addressed the issue of whether plaintiffs' attack on the formation of the arbitration agreement should be resolved by the Court or an arbitrator and correctly concluded that it is a question for the Court to decide.  She did not, however, address whether the Court should decide plaintiffs' remaining arguments which relate to the validity, rather than the formation, of the agreement.

Magistrate Judge Kelley found that all of the plaintiffs except Jeanine Kay Lineback were likely to succeed on their argument that no agreement was formed.  The case cannot, therefore, be sent to arbitration with respect to those plaintiffs.  She also found that the agreement was illusory with respect to all plaintiffs <u>including</u> Lineback.  Consequently, if plaintiff Lineback alone were forced to arbitrate her contentions of unconscionability and illusoriness, her case would eventually be returned to the district court.  Because simultaneous resolution of those issues and the formation issue will likely lead to the most efficient and just outcome, the Court will not refer the former to arbitration and will accept and adopt the conclusions of Magistrate Judge Kelley.

### ORDER

For the foregoing reasons, after consideration of defendant's objections thereto (Docket No. 68), the Report and Recommendation (Docket No. 62) is accepted and adopted and defendant's motion to enforce the arbitration and class action waivers and stay the action (Docket No. 42) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated July 27, 2016