# EXHIBIT A

*KERSTEIN, COREN & LICHTENSTEIN, LLP*
Attorneys at Law
60 Walnut Street
Wellesley, MA 02481
www.kcl-law.com

JEREMY Y. WELTMAN, ESQ.                              TEL: (781) 997-1600
Direct Dial: (781) 997-1568                               FAX: (781) 997-1633
jweltman@kcl-law.com

March 24, 2016

*VIA FIRST CLASS MAIL*

Gregory F. Hurley, Esq.
Michael J. Chilleen, Esq.
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

       RE:    **National Federation of the Blind v. The Container Store, Inc.;**
                **C.A. No. 1:15-cv-12984-NMG**

Dear Counsel:

In connection with the above-referenced matter, please find enclosed the following:

- Plaintiff, National Federation of the Blind's, (Pared Down) First Set of Interrogatories Propounded upon the Defendant, The Container Store, Inc.; and

- Plaintiff, National Federation of the Blind's, (Pared Down) First Request for the Production of Documents & Request for Entry onto Land or Property for Inspection, Propounded Upon the Defendant, The Container Store, Inc.

Should you have any questions, please do not hesitate to contact me.

                                                    Very truly yours,

                                                    Jeremy Y. Weltman, Esq.

/smg
Enclosures:    As stated

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of their members and itself, MARK CADIGAN, MIKA PYYHKALA, LISA IRVING, ARTHUR JACOBS, JEANINE KAY LINEBACK, and HEATHER ALBRIGHT, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE CONTAINER STORE, INC. <br><br> Defendant. | C.A. No. 1:15-cv-12984-NMG |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF, NATIONAL FEDERATION OF THE BLIND'S,
(PARED DOWN) FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS &
REQUEST FOR ENTRY ONTO LAND OR PROPERTY FOR INSPECTION,
PROPOUNDED UPON THE DEFENDANT, THE CONTAINER STORE, INC.**

Plaintiff National Federation of the Blind ("NFB" or the "Requesting Party"), by and through its undersigned counsel, and, pursuant to Federal Rule of Civil Procedure 34, requests that the Defendant, The Container Store, Inc. ("TCS" or the "Responding Party"), produce for inspection and copying each of the following documents which are in the possession, custody or control of the Responding Party pursuant to the Court's March 23, 2016 Order (Doc. No. 66).

Such production is to take place at the office of Plaintiff's counsel, Kerstein, Coren & Lichtenstein LLP, 60 Walnut Street, Wellesley, Massachusetts 02481, except that compliance with this request may be made by sending copies of such documents to said Plaintiff's attorney by mail, postage prepaid.

Pursuant to Fed. R. Civ. P. 34(a)(2), Plaintiff NFB also requests the scheduling, at a mutually acceptable time within the next 30 days, of an inspection of the Responding Party's current POS Device technology being used in its retail stores with a subject matter designee duly appointed by TCS and Plaintiff's authorized agent. Plaintiff NFB is prepared to discuss a mutually agreeable location and the terms of a reasonable confidentiality order protecting the disclosure of any proprietary or confidential information that may be learned as a result of said inspection. *TCS is herein requested to provide available dates within the next 30 days for such an inspection upon receipt of this Fed. R. Civ. P 34 Request.*

I. **GENERAL INSTRUCTIONS**

The Requesting Party incorporates the Instructions set forth in their First Set of Interrogatories propounded upon Defendant herewith. In addition to the Instructions contained therein, the Requesting Party instructs as follows:

- A. You are required to serve a written response to this request within the time prescribed by the Rules of Court, which response shall state, with respect to each item or category of Documents or other tangible things requested, that inspection and related activities will be permitted as requested, unless any request is objected to, in which event the reasons for objection shall be stated.

- B. To the extent You refuse to produce any requested Document (as defined herein) on the basis of a claim of privilege, confidentiality or the work-product doctrine, or any other immunity, You shall state the following for each such Document:

    1. whether the Document exists;

    2. the date the Document was prepared;

    3. the type of Document (i.e., three-page letter, one-paragraph memorandum);

    4. the subject matter or title of the Document;

    5. each person who authored the Document and his or her business title or position;

      6. all intended recipients of the Document;

      7. all persons or organizations who have reviewed or at any time possessed the Document;

      8. the location of the original and all copies of the Document; and

      9. the nature of and basis for the privilege or immunity claimed.

C. If any Document (as defined herein) sought in these requests has been misplaced, destroyed, erased or cannot be located, state the following separately for each such Document:

      1. the request to which the Document is responsive;

      2. the date of the Document;

      3. the type of Document (i.e., letter, memorandum, etc.);

      4. the subject matter of the Document and its title;

      5. all recipients of the Document and the business, legal title or position of each;

      6. each person who authored the Document and his or her business, legal title or position;

      7. the last known location of the Document; and

      8. the reason the Document cannot be produced (i.e., misplaced, destroyed, cannot be located, etc.).

D. Where anything has been deleted from a Document produced in response to this production request:

      1. specify the nature of the material deleted;

      2. specify the reason for the deletion; and

      3. identify the person responsible for the deletion.

E. Each of the following requests shall be deemed a continuing request up to and until the time of trial.

F. Your refusal to produce any Document or the objection to any request in no way excuses You from timely production of all other Documents requested herein.

G. These Document requests are deemed to be continuing in character so as to require You to serve supplemental responses if You obtain further or different Documents prior to trial. Such supplemental responses may be served from time-to-time, but in any event, not later than fifteen (15) days after such information is received.

## II. DEFINITIONS

The Requesting Party incorporates the definitions set forth in its First Set of Interrogatories propounded upon Defendant herewith. In addition to the definitions contained therein, the Requesting Party provides the following additional definitions:

A. **Archive:** A long-term storage area, often on magnetic tape, for backup copies of files or for files no longer in active use; or the act of copying files to long-term storage medium for backup. An archive copy is typically maintained for historical reference.

B. **Backup:** A snapshot of data at a specific point in time, typically stored on tape or disk.

C. **Computer:** Any programmable machine, including, but not limited to, network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, the PDAs of the Responding Party and its employees (personal digital assistants, such as PalmPilot, Blackberry, Cassiopeia, HP Jornada and other such handheld computing devices), digital cell phones and pagers.

D. **Data:** Distinct pieces of information formulated in a special way for reading, storage or access on a computer. The Responding Party's production of all electronic data shall be in its original native form, and must include all metadata.

E. **Document:** In addition to the definition set forth in the contemporaneously served interrogatories, this term shall include any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any electronic files saved as backup; any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file

slack and or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

F. **Hard Drive:** The mechanism that reads and writes data on a hard disk. A hard drive is the primary hardware that a computer uses to store information, typically magnetized media on rotating disks.

## III. DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED

1. Any and all documents identified by You in Your answers to the Interrogatories.

2. All documents that concern any of the individually named Plaintiff's transactions at any of Your retail stores.

3. All documents that concern Your training of your employees with respect to point-of-sale transactions and equal accessibility for the blind customers in Your retail stores.

4. For Your five (5) most recent fiscal years, all documents that identify Your (a) total number of customer sales transactions by fiscal year broken down by state; (b) estimate of the average amount spent per customer transaction by fiscal year and by state;(c) total number of customer transactions by fiscal year and by state that represent purchases made via debit card by Your customers, and (d) estimate of the number of repeat purchases made by Your customers by fiscal year and by state.

5. For Your five (5) most recent fiscal years, all documents that concern Your (a) total number of customers signing up for the POP! Program in Your retail stores by fiscal year broken down by state; (b) total number of customers signing up for the POP! Program via Your website by fiscal year broken down by state; (c) estimate of the average amount spent through the POP! Program per customer transaction by fiscal year and by state; (c) total number of customer transactions by fiscal year and by state that represent purchases made through the POP! Program via debit card purchases by Your customers, and (d) estimate or actual average number of repeat purchases made by Your POP! Program members.

6. All documents that concern the make, model and functionality of the POS Devices at Your retail stores. In the event different POS Devices have been used in Your retail stores over the past 2 years, please identify when such change occurred and both the POS Device used before and after the change.

7. All documents that concern any planning, development, testing, implementation, decision making, function and/or any cost-benefit analyses undertaken with respect to the plastic overlay used in and/or removed from Your retail stores and described and depicted in the Amended Complaint.

8. All documents concerning any consultant or any other adviser You retained to advise You on the development or purchase of the so-called accessibility overlays.

9. All documents that concern Your first notice that your POS Devices and POP! Program were inaccessible to legally blind persons.

10. All documents that concern your contention that your POS Devices and/or POP! Program are equally accessible to legally blind persons as they are to Your sighted customers.

11. All documents concerning Your attempt to replace or upgrade the touchscreen POS Devices at issue in this Action.

12. All documents concerning your compliance with any laws, regulations and or any administrative/government agency policy positions concerning the use of tactile keypads or other POS Devices or overlays at Your retail stores.

13. All documents received from any blind customers relating to accessibility at Your retail stores.

14. All documents concerning your contention that any of the Plaintiffs are bound by terms of service which purport to require them to arbitrate this Action or waive their right to bring class action.

15. For a period of time going back five (5) years, all previous versions of any terms and conditions of the Defendant that the Defendant claims controlled customer participation in any loyalty program or sale of goods. In the event any such previous versions of the terms and conditions were accessible to Your blind customers, please provide all documents showing how such terms and conditions were made so accessible to Your blind customers.

16. All documents concerning Your policies or employee training relating to treatment of blind customers at Your retail stores in terms of consummating a transaction through a POS Device or registering in-store for the POP! Program.

17. All documents concerning Your replacement of touchscreen POS Devices with tactually-discernible POS Devices in California, including all order invoices and delivery confirmations for specific store locations.

18. All documents concerning Your replacement of touchscreen POS Devices with tactually-discernible POS Devices in New York, including all order invoices and delivery confirmations for specific store locations.

19. All documents concerning Your replacement of touchscreen POS Devices with tactually-discernible POS Devices in Texas, including all order invoices and delivery confirmations for specific store locations.

20. All documents concerning Your replacement of touchscreen POS Devices with tactually-discernible POS Devices in Massachusetts, including all order invoices and delivery confirmations for specific store locations.

21. All Documents concerning Your decision to develop and purchase so-called accessibility overlays as described and depicted in the Amended Complaint.

22. All Documents concerning any consultant or any other adviser You retained to advise You on the development or purchase of the so-called accessibility overlays.

23. All documents concerning the decision to permit customers to independently register for the POP! Program at Your retail locations.

24. All company policies concerning the privacy, protection and/or collection of confidential customer data, including customer debit PINs.

The Plaintiff,

The National Federation of the Blind

By its attorneys,

*s/ Jeremy Weltman*
Jeremy Weltman, 662293
KERSTEIN, COREN & LICHTENSTEIN LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
Tel: 781.997.1600
Fax: 781.997.1633

Jana Eisinger (*pro hac vice*)
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
303.597.4000
eisinger@mlgrouppc.com

jweltman@kcl-law.com

Scott C. LaBarre (*pro hac vice*)
LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
303.504.5979
slabarre@labarrelaw.com

Timothy Elder (*pro hac vice*)
TRE LEGAL PRACTICE, LLC
4226 Castanos Street
Fremont, CA 94536
410.415.3493
telder@trelegal.com

## CERTIFICATE OF SERVICE

I, Jeremy Y. Weltman, certify that on this 24th day of March, 2016, I caused a true copy of the foregoing *Plaintiff, National Federation of the Blind, (Pared Down) First Request for Production of Documents Propounded Upon the Defendant, The Container Store, Inc.* to be to be served by electronic and first class mail upon the following counsel of record:

Gregory F. Hurley, Esq.
Michael J. Chilleen, Esq.
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

*Counsel for Defendant*

Howard E. Stempler, Esq.
Seder & Chandler LLP
339 Main Street, Suite 300
Worcester, Massachusetts 01608
hstempler@sederlaw.com

*Counsel for Defendant*

/s/ *Jeremy Y. Weltman*
Counsel for Plaintiffs