# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS, BOSTON DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of their members and themselves, MARK CADIGAN, MIKE PYYHKALA, LISA IRVING, ARTHUR JACOBS, JEANINE KAY LINEBACK, and HEATHER ALBRIGHT, on behalf of themselves and all others similarly situated), | Civil Action No. 1:15-CV-12984 |
| Plaintiffs, | **DEFENDANT THE CONTAINER STORE, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF NATIONAL FEDERATION OF THE BLIND'S, (PARED DOWN) FIRST REQUEST FOR PRODUCTION OF DOCUMENTS & REQUEST FOR ENTRY ONTO LAND OR PROPERTY FOR INSPECTION** |
| v. | |
| THE CONTAINER STORE GROUP, INC., | **(SET ONE)** |
| Defendant. | |

PROPOUNDING PARTY:     Plaintiff NATIONAL FEDERATION OF THE BLIND

RESPONDING PARTY:      Defendant THE CONTAINER STORE, INC.

SET NO.:               ONE

## PRELIMINARY STATEMENT

Defendant The Container Store, Inc. ("Defendant") hereby serves its supplemental responses and objections to Plaintiff National Federation of the Blind's ("Plaintiff") Requests for Production of Documents (Pared Down) & Request for Entry onto Land or Property for Inspection, Set One.  Discovery and preparation with respect to this litigation is ongoing and not complete at this time. Among other things, Defendant has not yet had an opportunity to depose Plaintiffs or their experts.

Accordingly, the information contained in these responses is based upon the facts and information currently known or believed by Defendant, and Defendant reserves the right to supplement its responses as additional facts are discovered.

Defendant further reserves the right to rely upon, and to present as evidence at trial, such additional information as may be discovered and/or developed by Defendant and its attorneys throughout the course of this litigation.

## GENERAL OBJECTIONS TO DOCUMENT REQUESTS

1.      Each response given to the requests, and any documents identified therein, are subject to all objections including, but not limited to, privilege, relevancy, authenticity, and admissibility which would require exclusion of the evidence if it were offered in Court, all of which objections and grounds are hereby reserved.

2.      Defendant objects to each of the requests to the extent they seek information or documents which are not relevant to the subject matter of the pending action or reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to each of the requests to the extent they are overly broad or unduly burdensome.

4.    Defendant objects to each of the requests to the extent they seek information or documents regarding or containing information about persons or entities other than the parties to the pending action for the reason that such documents or information are not relevant to the subject matter of the pending action or reasonably calculated to lead to the discovery of admissible evidence.

5.    Defendant objects to each of the requests to the extent they seek documents or information subject to protection under the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

6.    Defendant objects to each of the requests to the extent they are unreasonably cumulative or duplicative, or that the information or documents requested therein are obtainable from some other source that is more convenient, less burdensome, or less expensive.

7.    Defendant objects to each of the requests to the extent that the burden or expense of responding to such request outweighs the benefit of such request.

8.    Defendant objects to each of the requests to the extent that the requests seek information or documents which contain trade secrets or proprietary, confidential, research, development or commercial information.

9.    Defendant objects to each of the requests to the extent that they may be construed as calling for information already in Plaintiffs' possession, custody or control, or that are available from public sources on the grounds that such requests are unduly burdensome and oppressive, and as such, exceed the bounds of permissible discovery.

10.    Defendant objects to each of the requests to the extent that they seek discovery of documents beyond what are available from a reasonable search of Defendant's files likely to contain relevant or responsive documents and a reasonable inquiry of Defendant's employees likely to have information relevant to a claim or defense of any party or to the subject matter of this litigation.

11.    Defendant is continuing its investigation and analyses of the facts and law related to this case, and has not yet concluded its investigation, discovery, and preparation for trial. Therefore, these responses are given without prejudice to Defendant's right to produce or use any subsequently discovered facts or writings or to add to, modify, or otherwise change or amend the responses herein. These responses are based on writings and information currently available to Defendant. The information is true and correct to the best of Defendant's knowledge, as of this date, and is subject to correction and supplementation for any inadvertent errors, mistakes, or omissions.

12.    ESI:  Defendant has not yet produced all ESI that may be responsive to Plaintiffs' discovery requests. Defendant has requested that Plaintiffs propose search terms but Plaintiffs have refused to do so. Once the Parties can agree on search terms, then Defendant will search electronic databases for responsive documents.

13.    Class Discovery/Stores Plaintiffs Have Never Been To:  Plaintiffs are not entitled to class discovery as they missed the class certification deadline. In addition, Plaintiffs lack standing to sue stores they have never been to.

This preliminary statement and all general objections are hereby incorporated into each of the following Supplemental Responses:

## REQUESTS FOR PRODUCTION

### REQUESTS FOR PRODUCTION NO. 1:

Any and all documents identified by You in Your answers to the Interrogatories.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs'

claims are subject to arbitration.  Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible.  In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary.  Defendant also objects to this request because Plaintiffs lack standing.  Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows:  After a reasonable and diligent search, Defendant has already produced all responsive documents.

## REQUEST FOR PRODUCTION NO. 2:

For Your five (5) most recent fiscal years, all documents that identify Your (a) total number of customer sales transactions by fiscal year broken down by state; (b) estimate of the average amount spent per customer transaction by fiscal year and by state;( c) total number of customer transactions by fiscal year and by state that represent purchases made via debit card by Your customers, and ( d) estimate of the number of repeat purchases made by Your customers by fiscal year and by state.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein.  Defendant objects to this request because Plaintiffs' claims are subject to arbitration.  Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible.  In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary.  Defendant

also objects to this request because Plaintiffs lack standing.  Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows:  Plaintiffs claim that this discovery is relevant to numerosity. However, Plaintiffs are not entitled to class discovery since they missed the class certification deadline and they lack standing to seek discovery with respect to stores they have never been to.  Moreover, the requested information has nothing to do with the number of blind individuals who visit Defendant's stores.  In any event, Defendant has produced the requested information for all of the stores the named Plaintiffs have visited.

**REQUEST FOR PRODUCTION NO. 3:**

For Your five ( 5) most recent fiscal years, all documents that concern Your (a) total number of customers signing up for the POP! Program in Your retail stores by fiscal year broken down by state; (b) total number of customers signing up for the POP! Program via Your website by fiscal year broken down by state; (c) estimate of the average amount spent through the POP! Program per customer transaction by fiscal year and by state; (c) total number of customer transactions by fiscal year and by state that represent purchases made through the POP! Program via debit card purchases by Your customers, and ( d) estimate or actual average number of repeat purchases made by Your POP! Program members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein.  Defendant objects to this request because Plaintiffs' claims are subject to arbitration.  Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and

unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Plaintiffs claim that this discovery is relevant to numerosity. However, Plaintiffs are not entitled to class discovery since they missed the class certification deadline and they lack standing to seek discovery with respect to stores they have never been to. Moreover, the requested information has nothing to do with the number of blind individuals who visit Defendant's stores. In any event, Defendant has produced the number of POP enrollments in 2013 and 2014 for the stores in the cities the named Plaintiffs visited.

## REQUEST FOR PRODUCTION NO. 8:

All documents concerning any consultant or any other adviser You retained to advise You on the development or purchase of the so-called accessibility overlays.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant

objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: After a reasonable and diligent second search, no responsive documents were located.

## REQUEST FOR PRODUCTION NO. 11:

All documents concerning Your attempt to replace or upgrade the touchscreen POS Devices at issue in this Action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: After a reasonable and diligent second search, Defendant has produced all responsive documents.

## REQUESTS FOR PRODUCTION NO. 13:

All documents received from any blind customers relating to accessibility at Your retail stores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: After a reasonable and diligent second search, no responsive documents were located.

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning your contention that any of the Plaintiffs are bound by terms of service which purport to require them to arbitrate this Action or waive their right to bring class action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant

objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: After a reasonable and diligent search, all responsive documents have already been produced.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning Your replacement of touchscreen POS Devices with tactually-discernible POS Devices in California, including all order invoices and delivery confirmations for specific store locations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: During the meet-and-confer process, Plaintiffs stated that an estimate of the costs to provide the new POS devices would adequately respond to this request. However, Plaintiffs are not entitled to class discovery since they missed the class certification deadline and they lack standing to seek discovery with respect to stores they have never been to. In any event, Defendant has produced the roll-out schedule of the new POS devices, purchase orders for each

state that a named plaintiff visited and the invoices, installation costs, and estimated expenses to provide the new POS devices for each store a named Plaintiff has visited.

## REQUEST FOR PRODUCTION NO. 18:

All documents concerning Your replacement of touchscreen POS Devices with tactually-discernible POS Devices in New York, including all order invoices and delivery confirmations for specific store locations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: During the meet-and-confer process, Plaintiffs stated that an estimate of the costs to provide the new POS devices would adequately respond to this request. However, Plaintiffs are not entitled to class discovery since they missed the class certification deadline and they lack standing to seek discovery with respect to stores they have never been to. In any event, Defendant has produced the roll-out schedule of the new POS devices, purchase orders for each state that a named plaintiff visited and the invoices, installation costs, and

estimated expenses to provide the new POS devices for each store a named Plaintiff has visited.

**REQUESTS FOR PRODUCTION NO. 19:**

All documents concerning Your replacement of touchscreen POS Devices with tactually-discernible POS Devices in Texas, including all order invoices and delivery confirmations for specific store locations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: During the meet-and-confer process, Plaintiffs stated that an estimate of the costs to provide the new POS devices would adequately respond to this request. However, Plaintiffs are not entitled to class discovery since they missed the class certification deadline and they lack standing to seek discovery with respect to stores they have never been to. In any event, Defendant has produced the roll-out schedule of the new POS devices, purchase orders for each state that a named plaintiff visited and the invoices, installation costs, and estimated expenses to provide the new POS devices for each store a named Plaintiff has visited.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning Your replacement of touchscreen POS Devices with tactually-discernible POS Devices in Massachusetts, including all order invoices and delivery confirmations for specific store locations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: During the meet-and-confer process, Plaintiffs stated that an estimate of the costs to provide the new POS devices would adequately respond to this request. However, Plaintiffs are not entitled to class discovery since they missed the class certification deadline and they lack standing to seek discovery with respect to stores they have never been to. In any event, Defendant has produced the roll-out schedule of the new POS devices, purchase orders for each state that a named plaintiff visited and the invoices, installation costs, and estimated expenses to provide the new POS devices for each store a named Plaintiff has visited.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning Your decision to develop and purchase so-called accessibility overlays as described and depicted in the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: After a reasonable and diligent second search and based on Plaintiffs' explanation that this request was meant to cover invoices, Defendant has produced all responsive documents.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning any consultant or any other adviser You retained to advise You on the development or purchase of the so-called accessibility overlays.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope.

Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: After a reasonable and diligent second search, no responsive documents were located.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning the decision to permit customers to independently register for the POP! Program at Your retail locations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: After a reasonable and diligent second search, no responsive documents were located.

**REQUEST FOR PRODUCTION NO. 24:**

All company policies concerning the privacy, protection and/or collection of confidential customer data, including customer debit PINs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant incorporates its Preliminary Statement and General Objections as though fully stated herein. Defendant objects to this request because Plaintiffs' claims are subject to arbitration. Defendant also objects to this request because it is overbroad, unduly burdensome, and not properly limited in time or scope. Defendant further objects to this request because it is vague, ambiguous, and unintelligible. In addition, Defendant objects to this request because it seeks information that is irrelevant, private, confidential and/or proprietary. Defendant also objects to this request because Plaintiffs lack standing. Finally, Defendant objects to this request to the extent it seeks the early disclosure of expert opinions and/or information protected by the attorney-client and/or work-product privileges.

Subject to and without waiving the foregoing objections, Defendant responds as follows: After a reasonable and diligent search, Defendant has produced responsive documents.

DATED: July 20, 2016   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____

Gregory F. Hurley (*Pro Hac Vice*)
Michael J. Chilleen (*Pro Hac Vice*)
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
714.513.5100 | main
714.424.8205 | direct
714.428.5981 | direct fax

SMRH:478608871.1

www.sheppardmullin.com
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

- and -

Howard E. Stempler
SEDER & CHANDLER LLP
339 Main Street, Suite 300
Worcester, Massachusetts 01608
Telephone:  508.471.3018
Facsimile:  508.831.0955
hstempler@sederlaw.com

*Attorneys for Defendant*
*The Container Store Group, Inc.*

SMRH:478608871.1

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF ORANGE</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626-1993.

On July 20, 2016, I served true copies of the following document(s) described as **DEFENDANT THE CONTAINER STORE, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF NATIONAL FEDERATION OF THE BLIND'S, (PARED DOWN) FIRST REQUEST FOR PRODUCTION OF DOCUMENTS & REQUEST FOR ENTRY ONTO LAND OR PROPERTY FOR INSPECTION (SET ONE)** on the interested parties in this action as follows:

**See Attached Service List**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 20, 2016, at Costa Mesa, California.

Carrie Strand

# SERVICE LIST

Jeremy Weltman, Esq.
KERSTEIN, COREN &
LICHTENSTEIN LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
Tel: 781.997.1600
Fax: 781.997.1633
jweltman@kcl-law.com

Jana Eisinger, Esq.
Douglas W. Lambalot, Esq.
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
Tel:  303.597.4000
eisinger@mlgrouppc.com
lambalot@mlgrouppc.com

Scott C. LaBarre, Esq.
LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
Tel:  303.504.5979
slabarre@labarrelaw.com

Timothy Elder, Esq.
TRE LEGAL PRACTICE, LLC
4226 Castanos Street
Fremont, CA 94536
Tel:  410.415.3493
telder@trelegal.com

*Attorneys for Plaintiffs and All
Others Similarly Situated*