**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
NATIONAL FEDERATION OF THE BLIND, on    *
behalf of their members and itself, MARK    *
CADIGAN, MIKA PYYHKALA, LISA IRVING,    *
ARTHUR JACOBS, JEANINE KAY LINEBACK,    *
and HEATHER ALBRIGHT, on behalf of    *
themselves and all others similarly situated,    *
                                                 *
Plaintiffs,                                      *
                                                 *
v.                                               *
                                                 *
THE CONTAINER STORE, INC.                        *
                                                 *
Defendant.                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```
**C.A. No. 1:15-cv-12984-NMG**

**<u>STATUS REPORT</u>**

Pursuant to Magistrate Judge Kelley's August 17, 2016 Order entered on the docket as

Document Number 89 (hereinafter the "Order"), Plaintiffs hereby submit the following Status

Report.

Following entry of the Order, on August 23, 2016, Plaintiffs' counsel Jana Eisinger and

Danielle Yatrakis participated in a telephone conference with Defendant's counsel Michael

Chilleen, and another attorney from Mr. Chilleen's firm.

<u>ESI Materials</u>

The first issue raised on the call was Defendant's failure to produce any responsive ESI.

When Plaintiffs' counsel pointed out that fewer than 10 emails had been produced by Defendant,

defense counsel was unable to provide any information regarding what email searches had been

conducted or what custodians had been searched, and defense counsel did not know whether

Defendant's email system was housed in a central repository that could be searched, or whether electronic searches would have to be conducted on individual custodian computers.

Defendant's counsel indicated that his client had prepared a legal hold with approximately 20 individuals on it, but he did not know whether all – or any – of those computers had been searched for responsive information.  Plaintiffs' counsel requested a copy of the legal hold and identification of the individuals on it, and defense counsel responded that he would ask his client if they would agree to share that.

The parties then discussed search terms for ESI.  Plaintiffs' counsel agreed to provide search terms and additional custodian names for further discussion regarding the scope and procedure for searching electronic discovery.  Plaintiffs' counsel provided those terms and names to defense counsel by email on August 24, 2016.  In that email, Plaintiffs' counsel made clear that additional information regarding defendant's IT systems was required to be provided to them before an appropriately complete search could be agreed-upon by the parties.  Plaintiffs' counsel also made clear that an effort to identify appropriate search term parameters would require input from defense counsel.  Plaintiffs' counsel also requested information regarding electronic mobile devices and devices other than Defendant's office computers that may contain relevant information, and asked how these devices had been searched, if at all.  Given the months that have already passed in discovery, and defense counsel's representation that he was reaching out to his client for information on ESI, Plaintiffs' counsel requested a response by the close of the following business day, August 25, 2016.  No response has been provided by the time of this filing.

Privilege Log

The second topic raised by Plaintiffs' counsel was Defendant's failure to produce any privilege log.  Plaintiffs' counsel agreed not to require defense counsel to log communications he had directly to or from his single client contact after the lawsuit was filed, but requested that any other relevant communications or documents that were excluded on the basis of privilege be logged.  Defense counsel then proceeded to make an incredulous argument regarding the supposed protections of the attorney-client privilege doctrine.  He argued that any email from his client to anyone else at or outside of TCS, involving an investigation of any issues in this case, even if no attorney were copied on the email, would be privileged.  Plaintiffs' counsel disagreed and insisted that defense counsel log any such communication, including any communication that a lawyer was copied on, but that was not directed to the lawyer.  Defense counsel was obstinate on this issue, and contended that if attorney-client privilege did not protect these documents, the work product doctrine would, and that he would not be producing such items.  It remained unclear at the conclusion of the call whether defense counsel would or would not agree to provide a privilege log.

<u>Production of Draft Documents</u>

The third topic raised by Plaintiffs' counsel concerned the production of draft documents, specifically of training manuals, employee handbooks, and ADA or accessibility policies. Plaintiffs discussed the fact that defense counsel had (1) produced final copies of some policies from 2014 and 2015, but did not produce full versions of earlier policies and (2) produced these documents only in hard copy form, but did not produce any drafts (even though these policies had been substantially revised during the time-frame at issue in this litigation).  Defense counsel's response on draft documents was unacceptable.  He stated that: (1) he was not sure whether any drafts were saved, (2) he did not see how any documents would be relevant, and (3)

he then claimed that any such documents would be privileged if there were any changes made to the documents in response to the issues in this litigation.  Defense counsel also said that looking for drafts was "busy work" that they would not do.

<u>Class Discovery</u>

The fourth topic raised by Plaintiffs' counsel concerned class discovery.  Despite the Court's ruling extended the deadline for Plaintiffs to move for class certification, Defendant's counsel continues to refuse to provide class discovery related to Plaintiffs' nationwide ADA claims.  Defendant's counsel claims that Plaintiffs do not have standing for their claims and that therefore, Defendant is not required to produce any class discovery with respect to these claims. The parties addressed this very issue in their briefing on Plaintiffs' Second Motion to Compel. Plaintiffs request that this Court order Defendant to produce the class discovery sought in the Motion.  With respect to the class discovery pertaining to the state subclasses, Defendant's counsel said he would discuss supplementing his prior responses on individual stores to include all stores in the states at issue.

<u>Discussion of Individual Requests</u>

The parties then discussed Plaintiffs' position that various responses to production were inadequate on their face.  Plaintiffs' counsel noted that with respect to Request for Production 4, Defendant's response even as to the specific stores was incomplete, because it did not include all five years requested.  Defense counsel said he would discuss with his client whether they would agree to broaden the information provided.  With respect to Request for Production 5, which requests information related to the Loyalty Program, Defendant's counsel would not agree to provide the customer and financial information sought for the preceding five years.  Plaintiffs request that Defendant be ordered to provide a complete response to this request.  With respect to

Request for Production 6, Plaintiffs' counsel requested information concerning the original POS Devices in place at Defendant's store, in particular when they were first put in place. Defense counsel said he would raise that issue with his client although he claimed (erroneously) that this was not requested by the Request for Production.

With respect to the remainder of the specific document requests, the parties agreed that, until further searches of electronic documents, including emails and draft documents, had been conducted, it would not be beneficial to discuss each particular request. In response to Plaintiffs' request for additional information regarding the manner in which documents were collected and produced in response to the RFP's, Mr. Chilleen would not provide details, claimed any such information was privileged, and advised Plaintiffs' counsel to serve a deposition notice on the records custodian. Before the call ended, Plaintiffs' counsel asked to discuss certain interrogatory responses that were insufficient. Defendant's counsel refused to discuss the interrogatories and asked Plaintiffs' counsel to send a separate request to meet and confer on those.

_s/ Jeremy Weltman_____
Jeremy Weltman, 662293
KERSTEIN, COREN & LICHTENSTEIN LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
Tel: 781.997.1600
Fax: 781.997.1633
jweltman@kcl-law.com

Jana Eisinger (*pro hac vice*)
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
303.597.4000
eisinger@mlgrouppc.com

Scott C. LaBarre (*pro hac vice*)

LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
303.504.5979
slabarre@labarrelaw.com

Timothy Elder (*pro hac vice*)
TRE LEGAL PRACTICE, LLC
4226 Castanos Street
Fremont, CA 94536
410.415.3493
telder@trelegal.com

*Attorneys for Plaintiffs and all Other*
*Individuals Similarly Situated*

### CERTIFICATE OF SERVICE

I, Jeremy Y. Weltman, certify that on this 26th day of August, 2016, I caused a true copy

of the foregoing *Status Report* to be filed with the Clerk of the United States District Court for

the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to

be served through ECF upon counsel of record, with paper copies sent to any person indicated on

ECF as a non-registered participant:

Gregory F. Hurley, Esq.
Michael J. Chilleen, Esq.
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

Howard E. Stempler, Esq.
Seder & Chandler LLP
339 Main Street, Suite 300
Worcester, Massachusetts 01608
hstempler@sederlaw.com

/s/ *Jeremy Y. Weltman*
Counsel for Plaintiffs