# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS, BOSTON DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of their members and themselves, MARK CADIGAN, MIKE PYYHKALA, LISA IRVING, ARTHUR JACOBS, JEANINE KAY LINEBACK, and HEATHER ALBRIGHT, on behalf of themselves and all others similarly situated),<br><br>      Plaintiffs,<br><br>      v.<br><br>THE CONTAINER STORE GROUP, INC.,<br><br>      Defendant. | Civil Action No. 1:15-CV-12984 |

## **DEFENDANT'S STATUS REPORT**

Pursuant to Magistrate Judge Kelley's August 17, 2016 Order (Dkt. 89), Defendant The Container Store Group, Inc. ("Defendant") hereby submits the following Status Report.

Introduction

Plaintiffs' lack of diligence and failure to meet and confer in good faith has delayed the discovery process in this case.  First, Plaintiffs refused to agree that Defendant would not waive its right to compel arbitration if it participated in merits discovery.  Second, Plaintiffs missed their deadline to file a motion for class certification.  Third, Plaintiffs refused to meet and confer with Defendant in a productive way regarding their request for ESI discovery before filing the instant motion to compel.  Plaintiffs' complaints about "delay" are unwarranted.

In addition, many of Plaintiffs' objections are premature and will be resolved once the ESI issues are worked out.  Defendant's position concerning the production of ESI is below pending resolution of the arbitration issue.[1]

ESI Materials

Plaintiffs first complain of Defendant's "failure to produce any responsive ESI."  Pending resolution of the arbitration, standing, and class certification

---

[1] On August 25, 2016, Defendant filed a notice of appeal of the Court's order denying its motion to compel arbitration. (Dkt. 95).  Under the law of the First Circuit, discovery is to be stayed pending the decision on appeal.  *See Lummus Co. v. Commonwealth Oil Refining Co.*, 273 F.2d 613 (1st Cir. 1959).  Defendant plans to shortly bring a motion to stay this case in its entirety.

objections, Defendant has never refused to conduct a reasonable search for ESI.

Defendant has already produced all responsive documents that were collected based upon a targeted inquiry of Defendant's employees. Following this initial production, Defendant contemplated that the parties would meet and confer on a procedure for a reasonable ESI search – bearing in mind the cost associated with such a search and the limited relevance of the documents sought by Plaintiffs.

However, Plaintiffs utterly refused to meet and confer regarding ESI issues before bringing this motion. For instance, on June 21, Defendant asked for a list of proposed search terms, but Plaintiffs refused to provide one. (Dkt. 82-3).

To effectively and efficiently conduct a search for ESI, the parties need to agree upon (1) custodians to be searched, (2) an appropriate date limitation, and (3) proposed search terms. All of this needs to be agreed to, in advance, to avoid duplicative work and unnecessary expenses. For the first time, on August 24, 2016, Plaintiffs provided information regarding potential custodians and proposed search terms to Defendant. As explained below, Plaintiff's initial proposal is overbroad, unduly burdensome, and is disproportional to the needs of the case.

Defendant's position concerning ESI is below.

*Custodians:* Plaintiffs have proposed a list of custodians (Exh. A).[2] Defendant will work with Plaintiff to identify any additional custodians who may

---

[2] Certain of these individuals work in Defendant's legal department which create numerous privilege concerns and will slow down the pace of review.

have responsive information. Defendant does not object to conducting a reasonable search of these custodians – keeping in mind that the search terms will need be appropriately tailored depending on the number of custodians.

*Time Frame:* Defendant proposes that any search for ESI be limited to 1 year before the filing of the Complaint.

*Search Terms:* Defendant has conducted preliminary searches using some of the terms proposed by Plaintiffs. (*See* Exh. A). Plaintiffs are on a fishing expedition. For example, a search of Plaintiffs' identified custodians data using only the terms "Notebook," "Voice Activated laptops," "laptop," or "Payment terminal" has returned over 18,000 documents to be reviewed. This does not even include some of Plaintiff's proposed terms such as "POP! Program," "Loyalty Program," and/or "binder." These terms will return innumerable hits given this is the name of Defendant's loyalty program and/or a product sold by Defendant.

Once the parties agree upon custodians and a date range, Defendant can conduct additional searches to determine what appropriate search terms will be.

While Defendant is willing to search for ESI, the search currently proposed by Plaintiff is overbroad, unduly burdensome, and disproportional to the needs of the case. Under the Americans with Disabilities Act ("ADA"), the only remedy is injunctive relief. *Gasper v. Marie Callender Pie Shops*, 2006 U.S. Dist. LEXIS 96929, *4 (C.D. Cal. 2006). Therefore, the primary focus of the Court's inquiry is

prospective. Documents from years ago have no relevance to this matter.

Privilege Log

Plaintiffs' complaints regarding the lack of a privilege log are premature. Defendant will log documents, as appropriate, that are withheld based upon its assertion of privilege, attorney work product, or other applicable doctrine. Defendant will know whether any such documents exist pending completion of its ESI review. To the extent Plaintiff complains of any such documents being withheld, the parties can meet and confer as appropriate at that time.

Draft Documents

Plaintiffs next complain that Defendant failed to produce any "drafts." Defendant has requested clarification, but Plaintiffs have refused to identify any specific documents they contend are missing or what they meant by "drafts." Defendant produced final versions of policies in different years, so Plaintiffs can see the changes, if any existed, between the different versions. To the extent that "draft," non-privileged versions exist of these policies, Defendant will produce them to the extent they are located as part of the search for ESI.

Standing

Plaintiffs lack standing to assert ADA claims based upon stores that the individual plaintiffs have not been to. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). Defendant refers the Court to its briefing on this

issue in its opposition. (Dkt. 81).[3] Defendant intends to bring an appropriate motion before the Court once the arbitration issue has been finally resolved.

Individual Requests

RFP No. 4: This request asks for financial information for the past 5 years. Plaintiffs have yet to explain why they need this information. Nevertheless, Defendant has provided the requested information for the past two years for all the stores the named Plaintiffs visited. This is more than Plaintiffs are entitled.

RFP No. 5: This request asks for information regarding the POP! Program for the past 5 years. Plaintiffs complain that the information provided only goes back until 2013. However, the POP! Program was first instituted in 2013.

RFP No. 6: Plaintiffs demand that Defendants provide information concerning the date the original POS devices were installed in Defendant's store before they were changed. However, this request does not ask for that information. The relevant portion of the RFP states: "please identify when such change occurred and both the POS Device used before and after the change." Defendant provided Plaintiffs with (1) the date of the change, and (2) the make and model before that date. Plaintiffs' request simply does not ask for the information they now want.

Defendant looks forward to discussing these issues with the Court.

---

[3] During the parties' meet and confer call, Defendant asked Plaintiffs to consider a compromise position wherein Defendant could provide information for stores within the same states as those Plaintiffs visited. Plaintiffs refused that offer.

DATED:  August 30, 2016   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ *Gregory F. Hurley*
    Gregory F. Hurley (*Pro Hac Vice*)
    Michael J. Chilleen (*Pro Hac Vice*)
    Sheppard Mullin Richter & Hampton LLP
    650 Town Center Drive, 4th Floor
    Costa Mesa, CA 92626-1993
    714.513.5100 | main
    714.424.8205 | direct
    714.428.5981 | direct fax
    www.sheppardmullin.com
    ghurley@sheppardmullin.com
    mchilleen@sheppardmullin.com

    - and –

    Howard E. Stempler
    SEDER & CHANDLER LLP
    339 Main Street, Suite 300
    Worcester, Massachusetts 01608
    Telephone:  508.471.3018
    Facsimile:  508.831.0955
    hstempler@sederlaw.com

    *Attorneys for Defendant*
    *The Container Store Group, Inc.*

# CERTIFICATE OF SERVICE

I, Gregory F. Hurley, certify that on this 30th day of August, 2016, I caused a true copy of the foregoing *DEFENDANT'S STATUS REPORT* to be filed with the Clerk of the United States District Court for the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to be served through ECF upon counsel of record, with paper copies sent to any person indicated on ECF as a non-registered participant:

Jeremy Weltman, Esq.
KERSTEIN, COREN &
LICHTENSTEIN LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
Telephone:  781.997.1600
Facsimile:  781.997.1633
jweltman@kcl-law.com

Scott C. LaBarre, Esq.
*Pro Hac Vice*
LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
Telephone:  303.504.5979
slabarre@labarrelaw.com

Jana Eisinger, Esq.
*Pro Hac Vice*
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
Telephone:  303.597.4000
eisinger@mlgrouppc.com
lambalot@mlgrouppc.com

Timothy Elder, Esq.
TRE LEGAL PRACTICE, LLC
4226 Castanos Street
Fremont, CA 94536
Telephone:  410.415.3493
telder@trelegal.com