# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS, BOSTON DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of their members and themselves, MARK CADIGAN, MIKE PYYHKALA, LISA IRVING, ARTHUR JACOBS, JEANINE KAY LINEBACK, and HEATHER ALBRIGHT, on behalf of themselves and all others similarly situated), <br><br> Plaintiffs, <br><br> v. <br><br> THE CONTAINER STORE GROUP, INC., <br><br> Defendant. | Civil Action No. 1:15-CV-12984 |

## DEFENDANT THE CONTAINER STORE GROUP, INC.'S MOTION TO STAY ACTION

## INTRODUCTION

Defendant The Container Store Group, Inc. ("Defendant") hereby requests that the Court stay this action until the First Circuit rules on Defendant's appeal of this Court's order denying Defendant's motion to compel arbitration.

## RELEVANT FACTUAL BACKGROUND

On July 6, 2016, Plaintiffs filed a motion to compel discovery.  On July 27, 2016, this Court denied Defendant's  motion to compel arbitration.  (Docket #83). On August 25, 2016, Defendant filed a notice of appeal.  (Docket # 95).  On September 6, 2016, Magistrate Judge Kelly held a hearing on Plaintiffs' motion to compel discovery.  At the hearing, Magistrate Judge Kelly indicated that her review of applicable case law indicated that this case should be stayed pending the First Circuit's determination of Defendant's appeal of the order denying its motion to compel arbitration and requested that Defendant promptly file a motion to stay.

## ARGUMENT

Under well-established precedent, the Court should stay this action until after the First Circuit rules on Defendant's appeal of the order denying its motion to compel arbitration.  "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount, Co*., 459 U.S. 56, 59 (1982).  "The black-letter

rule that the filing of a notice of appeal transfers authority over the case from the trial court to the court of appeals derives from a desire to prevent clashes between institutions that occupy different tiers within the federal judicial system.  Thus, the trial court may [only] continue to exercise a modicum of power over a case that is before the appellate court – but this power exists only in those few situations in which the risk of an intramural collision is small." *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998).  "Divesture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one…the interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place.  Section 16(a)(1)(C) of the Federal Arbitration Act expressly authorizes an appeal from an order 'denying an application to compel arbitration'…whether the litigation may go forward in the district court is precisely what the court of appeals must decide." *Combined Energies v. CCI, Inc*., 495 F.Supp.2d 142, 144 (D. Maine 2007).

"Ongoing discovery pending" an appeal of an order denying a motion to compel arbitration "raises the specter of 'intramural collision' resulting in unnecessary, duplicated efforts.  Indeed, the First Circuit has held…that discovery ought to be staying pending appeal of an arbitration." *Intergen N.V. v. Grina*, 2003 WL 1562200, *3 (D. Mass. 2003).  "[A] court order of discovery would be affirmatively inimical to appellee's obligation to arbitrate, if this court determines

it to have such obligation…We cannot avoid the thought that the principal reason appellee has for not awaiting discovery until the decision of this court is the fear that the course will be unavailable if such ruling proves to be adverse.  Until it is determined whether this action has been properly brought, appellee should not receive any unnecessary fruits thereof." *Lummus Company v. Commonwealth Oil Refining Co.*, 273 F.2d 613-614 (1st Cir. 1959).

In this case, under the above authority, the Court should stay this action in its entirety until after the First Circuits rules on Defendant's appeal of the order denying its motion to compel arbitration.


DATED:  September 6, 2016          SHEPPARD, MULLIN, RICHTER &
                                   HAMPTON LLP

                          By:  /s/ *Gregory F. Hurley*
                               Gregory F. Hurley (*Pro Hac Vice*)
                               Michael J. Chilleen (*Pro Hac Vice*)
                               Sheppard Mullin Richter & Hampton LLP
                               650 Town Center Drive, 4th Floor
                               Costa Mesa, CA 92626-1993
                               714.513.5100 | main
                               714.424.8205 | direct
                               714.428.5981 | direct fax
                               www.sheppardmullin.com
                               ghurley@sheppardmullin.com
                               mchilleen@sheppardmullin.com

                               - and –

                               Howard E. Stempler

SEDER & CHANDLER LLP
339 Main Street, Suite 300
Worcester, Massachusetts 01608
Telephone:  508.471.3018
Facsimile:  508.831.0955
hstempler@sederlaw.com

*Attorneys for Defendant*
*The Container Store Group, Inc.*

## CERTIFICATE OF SERVICE

I, Gregory F. Hurley, certify that on this 6th day of September, 2016, I caused a true copy of the foregoing *DEFENDANT THE CONTAINER STORE GROUP, INC.'S MOTION TO STAY ACTION* to be filed with the Clerk of the United States District Court for the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to be served through ECF upon counsel of record, with paper copies sent to any person indicated on ECF as a non-registered participant:

Jeremy Weltman, Esq.
KERSTEIN, COREN &
LICHTENSTEIN LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
Telephone: 781.997.1600
Facsimile: 781.997.1633
jweltman@kcl-law.com

Scott C. LaBarre, Esq.
*Pro Hac Vice*
LABARRE LAW OFFICES, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222
Telephone: 303.504.5979
slabarre@labarrelaw.com

Jana Eisinger, Esq.
*Pro Hac Vice*
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
Telephone: 303.597.4000
eisinger@mlgrouppc.com
lambalot@mlgrouppc.com

Timothy Elder, Esq.
TRE LEGAL PRACTICE, LLC
4226 Castanos Street
Fremont, CA 94536
Telephone: 410.415.3493
telder@trelegal.com