# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS, BOSTON DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of their members and themselves, MARK CADIGAN, MIKE PYYHKALA, LISA IRVING, ARTHUR JACOBS, JEANINE KAY LINEBACK, and HEATHER ALBRIGHT, on behalf of themselves and all others similarly situated), <br><br> Plaintiffs, <br><br> v. <br><br> THE CONTAINER STORE GROUP, INC., <br><br> Defendant. | Civil Action No. 1:15-CV-12984 |

## DEFENDANT THE CONTAINER STORE GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

## INTRODUCTION

Defendant The Container Store Group, Inc. ("Defendant") hereby opposes Plaintiffs' untimely motion for leave to file a second amended complaint to allege new class claims based on Defendant's arbitration provision. As explained below, Plaintiffs apply the wrong standard -- they attempt to apply Rule 15(a)'s liberal amendment standard, instead of the stricter "good cause" standard which applies, when, as here, Plaintiffs have missed the amendment deadline. Plaintiffs do not even try, much less establish "good cause." Plaintiffs have not offered any explanation for not bringing their motion for leave to file a second amended complaint before the amendment deadline. In addition, allowing Plaintiffs' new class claims would severely prejudice Defendant due to the increased cost and delay. To make matters worse, Plaintiffs' proposed amendments are futile since they fail to state cognizable claims and Plaintiffs lack standing. Finally, the Court should defer ruling on Plaintiffs' motion and grant Defendant's pending motion to stay this action pending resolution of its appeal of the order denying Defendant's motion to compel arbitration.

## RELEVANT FACTUAL BACKGROUND

On October 1, 2015, the Court issued a scheduling order setting December 31, 2015 as the deadline to amend pleadings. (Docket #21). On July 28, 2016, the Court modified certain discovery and motion deadlines, but not the deadline to

amend pleadings. (Docket #87). Thus, the amendment deadline has long since passed.

At this late juncture, Plaintiffs now propose to add four new claims: (1) additional claims for violation of the Cal. Business & Profession Code § 17200 ("Unfair Competition Law") (Seventh Cause of Action); (2) claims for violation of the California Consumers Legal Remedies Act ("CLRA") (Eighth Cause of Action); (3) claims for violation of New York General Business Law § 349 (Ninth Cause of Action; and (4) additional claims for declaratory relief (Fourteenth Cause of Action). Plaintiffs premise each of these new claims based on allegations that Defendant's arbitration provision is procedurally and substantively unconscionable and/or illusory.

## ARGUMENT

### I.  LEGAL STANDARD.

Under Rule 16(b), a court must issue a scheduling order within 120 days after any defendant has been served. Scheduling orders may only be modified for good cause. F.R.C.P. 16(b)(4). "The court may extend a scheduling order deadline on a showing of good cause if the deadline cannot reasonably be met despite the diligence of the party seeking the extension." *O'Connell v Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004). "In an era of burgeoning case loads and thronged dockets, effective case management has become an essential

tool for handling civil litigation.  Rule 16 provides the district courts with many of the devices necessary to manage its docket.  For Rule 16(b) to operate effectively, *litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered which can be cavalierly disregarded without peril*.  Unlike Rule 15(a)'s 'freely given' standard, which focuses mostly on the bad faith of the moving party and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment.  Prejudice to the opposing party remains relevant but is not the determinative criterion." *Id.* at 155.

Rather, good cause means that a party cannot meet the scheduling deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d. 604, 608 (9th Cir. 1992).  A party's carelessness or inadvertent errors are incompatible with an affirmative finding of diligence and do not amount to good cause. *Id*.  In other words, if the moving party "was not diligent, the inquiry should end and the motion…should not be granted." *Zivkovic v. Southern California Edison Company*, 302 F.3d 1080, 1088 (9th Cir. 2002).  "Indifference by the moving party seals off the avenue of relieve irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." *O'Connell v Hyatt Hotels of Puerto Rico*, 357 F.3d 152,

155 (1st Cir. 2004). "Attorneys represent clients, and, as a general rule, an attorney's blunder binds her client." *Id.*

The following case illustrates the good cause standard in disability access lawsuits. In *Oliver v. Ralphs*, 654 F.3d 903 (9th Cir. 2011), plaintiff filed a disability access lawsuit on December 7, 2007, alleging that eighteen architectural barriers existed at a Food 4 Less store in violation of the ADA. *Id.* at 905. On May 14, 2008, at the pretrial scheduling conference, plaintiff's counsel indicated that he intended to amend the complaint to allege additional barriers. The district court set June 13, 2008, as the deadline to amend pleadings. *Id.* at 906. On June 30, 2008, a little over two weeks after the deadline, plaintiff filed a motion to modify the scheduling order and amend his complaint. *Id*. The district court denied the motion because plaintiff had not been diligent and waited until after the deadline to seek to modify the scheduling order. *Id*.

## II. PLAINTIFFS HAVE UTTERLY FAILED TO SHOW GOOD CAUSE.

Plaintiffs filed this action on July 20, 2015. In the parties' Rule 26(f) Report, Defendant indicated that it would be filing a motion to compel arbitration. On October 1, 2015, the Court issued its scheduling order, setting various deadlines, including December 31, 2015, as the deadline to amend pleadings.

On February 2, 2016, Defendant filed a motion to compel arbitration. On March 11, 2016, Magistrate Judge Kelly issued a recommendation to deny

Defendant's motion to compel arbitration and Defendant filed objections thereto. On July 27, 2016, the Court endorsed Magistrate Judge Kelley's recommendation to deny Defendant's motion to compel arbitration.  For some unknown reason, Plaintiffs waited until August 23, 2016 – almost 9 months after the amendment deadline – to file a motion for leave to file a second amended complaint.  As a matter of law, Plaintiffs' utter carelessness is incompatible with a finding that they exercised the required diligence.  *See, e.g., B.T. ex rel. Mary T. v. Dep't of Educ., State of Hawaii*, 637 F.Supp.2d 856 (D. Haw. 2009) ("if Plaintiff could not meet the dispositive motion deadline due to difficulties in completing discovery, Plaintiff should have sought out an extension of that deadline prior to – not almost a month after – its expiration…a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril"); *Claytor v. Computer Associates International, Inc.*, 211 F.R.D. 665, 667 (D. Kansas 2003) ("plaintiff should have sought assistance from the court earlier…if he believed that, for whatever reason, he was not going to be able to complete discovery consistent with the discovery deadline").

### III. ALLOWING PLAINTIFFS' PROPOSED AMENDMENTS WOULD PREJUDICE DEFENDANT.

To make matters worse, allowing Plaintiffs leave to file an untimely amended complaint would severely prejudice Defendant due to the increased cost and delay involved in litigating the new claims.  *See, e.g.*, *Cureton v. National*

*Collegiate Athletic Ass'n*, 252 F.3d 267, 274 (3rd Cir. 2001) (motion denied because "amendment would lead to further discovery requests and significant new preparation"); *Henderson v. National Railroad Passenger Corp.*, 117 F.R.D. 620, 622 (N.D. Ill. 1987) (where granting motion would "greatly protract the litigation, and result in expensive, nationwide discovery, justice does not require that the amendment be allowed"); *Otto v. Variable Annuity Life Insurance Company*, 730 F.Supp.145, 150 (N.D. Ill. 1990) (expanding class claims would be prejudicial due to additional discovery required and "the enormous delay in the litigation that would unavoidable result from the proposed radical expansion of the class"); *Weiss v. La Suisse*, 161 F.Supp.2d 305 (S.D. N.Y. 2001) (denying motion to amend class allegations because additional discovery would be required); *In re Ameritech Corp.*, 188 F.R.D. 280, 285 (N.D. Ill. 1999) (allowing new nationwide class allegations would be prejudicial because it "would add hundreds of class members and would require extensive discovery").

IV.  **PLAINTIFFS' PROPOSED AMENDMENTS ARE FUTILE AS THEY FAIL TO STATE COGNIZABLE CLAIMS AND PLAINTIFFS LACK STANDING.**

By way of their proposed second amended complaint, Plaintiffs attempt to assert four new claims based on Defendant's purportedly unconscionable and unenforceable arbitration provision. However, under well-established law, Plaintiffs' proposed new claims fail to state cognizable claims and Plaintiffs lack standing to assert them. *See, e.g., Lee v. Am. Express Travel Related Servs., Inc.*,

348 Fed.Appx. 205, 207 (9th Cir. 2009) (Plaintiffs lack standing to allege violation of the CLRA and Unfair Competition Law because they have not been injured by the mere inclusion of unconscionable arbitration provisions); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1019-1020 (1984) (challenge to arbitration scheme not ripe for resolution because plaintiff did not establish that it had been injured by actual arbitration); *Lozano v. AT & T Wireless Services, Inc.*, 504 F.3d 718 (9th Cir. 2007) (plaintiffs lack standing to sue under the CLRA and Unfair Competition Law because they could not show that they suffered any damages as a result of the unenforceable class action waiver and arbitration provisions); *Lee v. American Express Travel Related Services*, 2007 WL 4287557 (N.D. Cal. 2007) (plaintiffs lack standing to assert claims under the CLRA and Unfair Competition Law because they have failed to show that they suffered any damages as a result of the unconscionable arbitration and class action waiver provisions); *Lee v. Chase Manhattan Bank*, 2008 WL 698482 (N.D. Cal. 2008) (plaintiff lacked standing to assert claims under the CLRA and Unfair Competition Law because mere showing that arbitration provisions were unconscionable was insufficient if unaccompanied by any resulting damages).

  In this case, Plaintiffs have failed to allege any damages or injuries as result of Defendant's arbitration provision. Accordingly, the Court should deny Plaintiffs' motion.

V.  **THE COURT SHOULD DEFER RULING ON PLAINTIFFS' MOTION AND STAY THIS ACTION PENDING RESOLUTION OF DEFENDANT'S APPEAL.**

Defendant has a pending motion to stay this case because the Court no longer has jurisdiction once Defendant appealed the order denying its motion to compel arbitration. Thus, the Court should refrain from deciding Plaintiffs' motion and stay this action until after the First Circuit rules on Defendant's appeal.

## CONCLUSION

For the above reasons, the Court should deny or defer ruling on Plaintiffs' motion for leave to file a second amended complaint.

DATED: September 6, 2016         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                  By:  /s/ *Gregory F. Hurley*
                                       Gregory F. Hurley (*Pro Hac Vice*)
                                       Michael J. Chilleen (*Pro Hac Vice*)
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
714.513.5100 | main
714.424.8205 | direct
714.428.5981 | direct fax
www.sheppardmullin.com
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

- and –

Howard E. Stempler
SEDER & CHANDLER LLP
339 Main Street, Suite 300
Worcester, Massachusetts 01608

Telephone:  508.471.3018
Facsimile:  508.831.0955
hstempler@sederlaw.com

*Attorneys for Defendant
The Container Store Group, Inc.*

# CERTIFICATE OF SERVICE

I, Gregory F. Hurley, certify that on this 6th day of September, 2016, I caused a true copy of the foregoing *DEFENDANT THE CONTAINER STORE GROUP, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT* to be filed with the Clerk of the United States District Court for the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to be served through ECF upon counsel of record, with paper copies sent to any person indicated on ECF as a non-registered participant:

| | |
|---|---|
| Jeremy Weltman, Esq.<br>KERSTEIN, COREN &<br>LICHTENSTEIN LLP<br>60 Walnut Street, 4th Floor<br>Wellesley, MA 02481<br>Telephone: 781.997.1600<br>Facsimile: 781.997.1633<br>jweltman@kcl-law.com | Scott C. LaBarre, Esq.<br>*Pro Hac Vice*<br>LABARRE LAW OFFICES, P.C.<br>1660 South Albion Street, Suite 918<br>Denver, CO 80222<br>Telephone: 303.504.5979<br>slabarre@labarrelaw.com |
| Jana Eisinger, Esq.<br>*Pro Hac Vice*<br>MARTINEZ LAW GROUP, P.C.<br>720 South Colorado Boulevard<br>South Tower, Suite 1020<br>Denver, CO 80246<br>Telephone: 303.597.4000<br>eisinger@mlgrouppc.com<br>lambalot@mlgrouppc.com | Timothy Elder, Esq.<br>TRE LEGAL PRACTICE, LLC<br>4226 Castanos Street<br>Fremont, CA 94536<br>Telephone: 410.415.3493<br>telder@trelegal.com |