**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, on behalf of their members and themselves, MARK CADIGAN, MIKA PYYHKALA, LISA IRVING, ARTHUR JACOBS, JEANINE KAY LINEBACK, and HEATHER ALBRIGHT, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No.:<br>) **15-CV-12984-NMG** |
| v. | ) |
| THE CONTAINER STORE GROUP, INC., | ) |
| Defendant. | ) |

## OPPOSITION TO DEFENDANT THE CONTAINER STORE'S MOTION TO STAY ACTION

INTRODUCTION

On September 6, 2016, Defendant The Container Store Group, Inc. ("TCS") filed a motion to stay this action pending the resolution by the U.S Court of Appeals for the First Circuit of TCS's appeal of this Court's Report and Recommendation to deny TCS's motion to compel some but not all of the plaintiffs' claims into arbitration, which was adopted by Judge Gorton on July 27, 2016. Plaintiffs oppose the motion to stay for two reasons.

First, a stay is inappropriate because TCS's appeal is frivolous and has been forfeited. Second, the action should not be stayed because the pending appeal, like the appeal in *Narragansett Electric Company v. Constellation Energy Commodities Group, Inc.*, 563 F. Supp.2d 325 (D. R.I. 2008), does not involve all parties or all claims.

1

ARGUMENT

I.   **The Appeal of the Order Denying TCS's Motion to Compel Arbitration Is Both Frivolous and Forfeited.**

In *Combined Energies v. CCI, Inc.*, 495 f. Supp.2d 142 (D. Me. 2007), Judge John A. Woodcock, Jr. reviewed the state of the law on whether district courts must stay proceedings while a party whose motion to compel arbitration exercises its right to an automatic appeal under 9 U.S.C. § 16(a). Influenced by the First Circuit precedent of *Lummus Co. v. Commonwealth Oil Refining Co.*, 273 F.2d 613 (1st Cir. 1959), which Plaintiffs shall discuss further in the next section, the court in *Combined Energies* expressed its agreement with the "majority view" from among the divided circuits: namely, that the district court is automatically divested of jurisdiction "where the § 16(a) appeal is neither frivolous nor forfeited." *Combined Energies*, 495 F. Supp.2d at 143 (quoting *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n. 6 (3d Cir. 2007)). To the extent that this Court wants to follow this same majority view from federal courts of appeals outside the First Circuit, it should still deny TCS's motion for a stay, because the appeal TCS has taken here is frivolous, and TCS has forfeited it.

In a thorough opinion amply supported by caselaw, this Court concluded in the March 11, 2016 Report and Recommendation ("R&R"), Docket No. 62, that the arbitration provision TCS required customers to agree to as a condition of signing up for its loyalty program was unenforceable for four separate reasons. First, as to the ADA claims of all affected plaintiffs, the method of communicating the arbitration provision did not provide "minimally sufficient notice of waiver of the right to proceed in a judicial forum" because the presentation of the terms on an inaccessible point of sale device rendered the communication "meaningless." R&R at 8 (quoting *Campbell v. Gen. Dynamics Gov't Sys. Corp.*, 407 F.3d 546, 554-55 (1st Cir. 2005)). Second, as

2

to all claims of Plaintiffs Pyyhkala, Irving and Jacobs, no agreement to arbitrate was formed because these plaintiffs were not made aware of the purported agreement's terms. R&R at 13-16 (citing First Circuit and Massachusetts law). Third, the arbitration provision was unenforceable as to Plaintiffs Pyyhkala, Irving and Jacobs because it is unconscionable. R&R at 17-18 (citing Texas law). Finally, as to all claims and all plaintiffs covered by the motion, the provision was unenforceable because TCS retained the unilateral right to amend it at any time, rendering its promise to arbitrate illusory. R&R at 18-23 (citing Texas and Massachusetts law). Because prevailing on its appeal would require TCS to obtain reversal on all or at least most of these legal conclusions, all of which are well-grounded in existing law, its chances of succeeding on appeal are so remote that the appeal can fairly be described as frivolous.

TCS also forfeited its right to file the appeal at all because TCS filed its objections to the R&R beyond the fourteen-day period prescribed by 28 U.S.C. § 636(b)(1)(C). *See* Docket No. 62 (R&R filed on March 11, 2016 and stating in text of docket entry that objections were due by March 25, 2016); Docket No. 68 (TCS's Objections filed on March 28, 2016). The First Circuit has repeatedly held that failure to object to a magistrate judge's Report and Recommendation within the statutory time period precludes further appellate review. *See, e.g.*, *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986). The R&R in this case contained a notice informing TCS of the time period for filing objections and of the waiver of appellate rights that would result from failing to comply with that deadline. R&R at 24. Yet TCS still failed to file timely objections. Because TCS forfeited its appellate rights as to this Court's Report and Recommendation later adopted by Judge Gorton, and because the appeal is frivolous on its merits, there is no basis for staying the action.

**II.     The Notice of Appeal Did Not Even Arguably Divest This Court of Jurisdiction Over the claims of Mark Cadigan and Heather Albright, Which TCS DID Not Attempt to Compel Into Arbitration.**

TCS points out in its motion that a notice of appeal "is an event of jurisdictional significance" because it "divests the district court of its control over **those aspects of the case involved in the appeal.**" Motion at 2 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1983) (emphasis added). Here, the "aspects of the case involved in the appeal" are whether TCS may compel into arbitration the individual claims of Plaintiffs Mika Pyyhkala, Lisa Irving, Arthur Jacobs and Jeanine K. Lineback and force them to dismiss their class claims, and possibly whether it may compel into arbitration the claims of the National Federation of the Blind ("NFB").[1]

But TCS has never argued that it can require Plaintiffs Mark Cadigan or Heather Albright to arbitrate their claims, and it would be hard-pressed to do so given that Plaintiffs Cadigan and Albright never enrolled in the loyalty program of which the arbitration provision is a condition. Thus, Cadigan's and Albright's claims are outside the scope of the appeal.

In *Narragansett Electric Company v. Constellation Energy Commodities Group, Inc.*, 563 F. Supp.2d 325 (D. R.I. 2008), Judge William E. Smith distinguished the earlier opinion in *Combined Energies*, which had granted a stay pending appeal, noting that *Combined Energies* "was a two-party litigation involving the application of an arbitration clause in a single contract." *Narragansett*, 563 F. Supp.2d at 329. Thus, in *Combined Energies*, "whether any part of the

---

[1] In its Report and Recommendation, this Court noted that the parties disagreed at oral argument about whether the NFB's claims were subject to mandatory arbitration but concluded that "[g]iven this Court's ultimate resolution" of the motion, "the issue need not be decided." Thus the NFB was included within the definition of the term "Plaintiffs" for purposes of the Report and Recommendation. R&R at 2 n.1. Plaintiffs intend to argue before the First Circuit that there is no contractual basis for subjecting the NFB's claims to mandatory arbitration and that the NFB should be dismissed from the appeal.

litigation could proceed before the district court was precisely what the court of appeals was being asked to decide," whereas *Narragansett* involved multiple contracts, only some of which contained potentially applicable arbitration provisions, as well as claims by parties (like Cadigan and Albright here) who were not involved in any contracts at all. *Id.* This difference in the scope of potentially arbitrable claims led the *Narragansett* court to deny the request for a stay pending appeal, for it concluded that "while the Court is not opposed to enforcing any valid arbitration agreements[,] . . . it will not do so by papering over the contracts without arbitration clauses, or the claims that are not even based on any contract." *Id.* at 330.

The court in *Narragansett* similarly distinguished the First Circuit precedent of *Lummus Co. v. Commonwealth Oil Refining Co.*, 273 F.2d 613 (1959), which also involved an appeal of whether the entire case, and not just certain parties' claims, would be sent to arbitration. In *Lummus*, the First Circuit held that allowing discovery would be "inimical to" the appellee's obligation to arbitrate, if the appellate court found that such a right existed, and that the appellee should not be given access to discovery processes in court that would not be available in arbitration until the appellate court resolved whether the case belonged in court or in arbitration. *See Narragansett*, 563 F. Supp.2d at 329 n.5 ("if arbitration is to be had **of the entire dispute**, appellee's right to discovery must be far more restricted than if the case remains in a federal court for plenary trial") (quoting *Lummus*, 273 F.2d at 513) (emphasis added).

Here, as in *Narragansett* and unlike in *Combined Energies* and *Lummus*, the pending appeal does not concern "whether arbitration is to be had of the entire dispute" but only the claims of certain parties to that dispute. Notably, regardless of the outcome of this appeal, Mark Cadigan would still be able to seek certification of a class of Massachusetts residents to pursue claims under the Massachusetts Public accommodations Act, Mass. Gen. Laws ch. 272, § 98 and

the Equal Rights Act, Mass. Gen. Laws ch. 93, § 103(a), and Heather Albright would still be able to seek certification of a class of Texas residents to pursue claims under the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121.003(d) (3).

And while the district court "in its discretion could stay the litigation of [Cadigan's and Albright's] nonarbitrable claims [and the claims of the classes of Massachusetts and Texas residents they seek to represent] pending the outcome of" this appeal, *McCarthy v. Azure*, 22 F.3d 351, 361 & n. 15 (1st Cir. 1994), this Court should not exercise its discretion in a way that would delay reaching the merits of discrimination claims brought on behalf of hundreds or thousands of blind individuals in two states. *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) (whether to allow litigation by parties not subject to arbitration to proceed while litigation as to other parties is stayed "is left to the district court . . . as a matter of its discretion to control its docket"). Allowing this litigation to continue on the nonarbitrable claims of Cadigan and Albright is in the public interest, and that is a factor that this Court can and should consider.[2]

Admittedly, there is overlap between the legal and factual issues underlying the claims of the four individual plaintiffs covered by the appeal (along with the claims of NFB arguably covered by the appeal), on the one hand, and the claims of the two individual plaintiffs not

---

[2] Other courts in this circuit have considered a four-factor test in determining whether or not to stay proceedings pending appeal of an order denying a motion to compel arbitration: "whether [TCS] has made a strong showing that [it] is likely to succeed on the merits; (2) whether [TCS] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure [Plaintiffs]; and (4) where the public interest lies." *Creative Solutions Group, Inc. v. Pentzer Corp.,* C.A. No. 00-10684-NG, Docket No. 54 (Jan. 5, 2001), *aff'd*, 252 F.3d 28 (1st Cir. 2001). The four-factor test used in *Creative* Solutions also favors denying TCS's motion for a stay. The merits of TCS's appeal are extremely weak, as discussed in the previous section, and it would not be irreparably injured by denial of a stay where it will have to litigate Cadigan's and Albright's claims in this Court no matter what happens with the appeal. Meanwhile Cadigan and Albright, and the public interest, will be harmed by the additional delay in reaching the merits of these civil rights claims.

covered by the appeal, on the other. As a practical matter, however, this overlap can be reduced or eliminated, in the unlikely event that TCS prevails in its appeal and some or all of these claims are sent to arbitration. For example, the claims of Mika Pyyhkala and Jeanine K. Lineback could be dismissed so that Cadigan and Albright remain as the only Massachusetts and Texas plaintiffs in the case. Alternatively, the claims of Pyyhkala and Lineback in arbitration could be limited to TCS's failure to provide auxiliary aids and services for the process of enrolling in the loyalty program, while Cadigan and Albright could pursue their individual claims an move for certification as to class claims regarding TCS's failure to install accessible point of sale devices for inputting debit card PINs. In short, there are many ways in which the parties could structure this case going forward to avoid concerns over duplication of effort and/or inconsistent judgments from multiple forums.

But even to the extent that some overlap remains, the court in *Narragansett* reached a conclusion about how to exercise its discretion in that situation that this Court should follow here:

> Undoubtedly, should the dispute between NEC and Constellation proceed on two tracks—litigation and arbitration—several factual and legal issues will be common to both venues. However, this possibility is not sufficient justification to force NEC (and the State) to submit to a procedure that they simply did not bargain for.
>
> *Narragansett*, 563 F. Supp.2d at 332.

Mark Cadigan and Heather Albright never enrolled in the TCS loyalty program and are not subject to its mandatory arbitration provision, setting aside for the moment all of the reasons why the remaining plaintiffs should not be subject to it either. Cadigan and Albright have a right to pursue their claims of discrimination in the court system, and the many other Massachusetts and Texas residents they seek to represent have a right to participate in a class action regarding TCS's inaccessible point of sale devices, should this Court certify one. TCS should not be

permitted to deny these rights by stalling this litigation and holding the nonarbitrable claims hostage while it pursues its appeal.

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny TCS's motion to stay this action in its entirety while it appeals this Court's decision regarding whether some claims in the action should be sent to arbitration.

                                                       *s/ Karla Gilbride*
Karla Gilbride, Pro Hac Vice
PUBLIC JUSTICE, P.C.
1620 L St. NW, Ste. 630
Washington, DC 20036
Tel: 202.797.8600
Fax: 202.232.7203
kgilbride@publicjustice.net

Dated: September 20, 2016

**CERTIFICATE OF SERVICE**

I, Karla Gilbride, certify that on this 20th day of September, 2016, I caused a true copy of the foregoing Opposition to Defendant The Container Store's Motion to Stay Action to be filed with the Clerk of the United States District Court for the District of Massachusetts through the Court's Electronic Case Filing system ("ECF") and to be served through ECF upon counsel of record, with paper copies sent to any person indicated on ECF as a non-registered participant.

                                                       /s/ *Karla Gilbride*
Counsel for Plaintiffs