United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| National Federation of the Blind, et al., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Civil Action No. 15-12984-NMG |
| The Container Store, Inc., | | |
| Defendant. | | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This dispute arises out of a decision of the First Circuit Court of Appeals ("the First Circuit") to affirm this Court's denial of the Container Store's motion to compel arbitration pursuant to the terms of its Loyalty Program. Following that decision in 2018, plaintiffs moved for entry of final judgment and injunctive relief with respect to the subject arbitration provision.

I.  **Background**

In 2015, the National Federation of the Blind ("the NFB") and Mika Pyyhkala, Lisa Irving, Jeanine Lineback, Arthur Jacobs, Mark Cadigan and Heather Albright ("the individual plaintiffs") filed a complaint against the Container Store, Inc. ("the Container Store" or "defendant") alleging a violation of Title

III of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12181 and other state discrimination statutes.

In response, defendant filed a motion to compel arbitration and enforce class action waivers, pursuant to the terms of its Perfectly Organized Perks ("POP!") Loyalty Program ("the Loyalty Program") against all individual plaintiffs except Cadigan and Albright. This Court denied that motion. The Container Store sought interlocutory review under the Federal Arbitration Act ("the FAA"), which provides a statutory exception for interlocutory appeal where final judgment has not been certified by the district court.

In late 2018, the First Circuit affirmed this Court's order denying defendant's motion to compel arbitration. It held that for the plaintiffs who enrolled in the Loyalty Program at the store (Pyyhkala, Irving and Jacobs), there was no contract formation with respect to the arbitration clause because those in-store plaintiffs lacked actual or constructive notice of the arbitration clause at the time of their acceptance.

As to the plaintiff who enrolled in the Loyalty Program online (Lineback), the First Circuit held that, because the Container Store unilaterally retained the right to alter the terms and conditions of the Loyalty Program retroactively, the contract was illusory and thus no agreement to arbitrate was

consummated between the parties. It declined to rule on the unconscionability of a non-existent contract.

Following the First Circuit's decision, plaintiffs moved for entry of final judgment with respect to the arbitration provision of the Loyalty Program under Fed. R. Civ. P. 54(b) and national injunctive relief under the All Writs Act, 28 U.S.C. § 1651. They allege that final judgment is warranted because both this Court and the First Circuit have held that the terms of the Loyalty Program are illusory. They further submit that national injunctive relief is appropriate because 1) defendant continues to use the illusory terms in its Loyalty Program agreement and 2) it will ensure the protection of the rights of current customers in the Loyalty Program, including plaintiffs.

Defendant rejoins that the denial of its motion to compel does not implicate Fed. R. Civ. P. 54(b) because 1) the motion to compel arbitration is an embedded proceeding, not a final decision and 2) interlocutory review of a denial of a motion to compel under the FAA does not completely dispose of any claims. Defendant further contends that plaintiffs are not entitled to injunctive relief under the All Writs Act because 1) no justiciable controversy exists, 2) plaintiffs lack standing to seek injunctive relief on behalf of unnamed plaintiffs, 3) plaintiffs have failed to meet the requirements for injunctive relief under the All Writs Act and 4) the issue is moot because

defendant is in the process of amending the terms of its Loyalty Program.

## II. Legal Analysis

Generally, when a federal suit on an underlying claim is pending, a district court's denial of an order compelling arbitration is not appealable under 28 U.S.C. § 1291 (the final decision statute). Langley v. Colonial Leasing Co. of New England, 707 F.2d 1, 5 (1st Cir. 1983). The FAA, however, creates statutory exceptions to the final judgment rule with respect to orders refusing stays and orders denying petitions to compel arbitration. Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546, 550 (1st Cir. 2005).

In this case, the Container Store sought interlocutory review of this Court's denial of defendant's motion to compel arbitration and enforce class action waivers under the FAA exception to final judgment. Pursuant to the decisions of this Court and the First Circuit, the defendant may not enforce the arbitration provision of the Loyalty Program against all named plaintiffs on the grounds that the terms and conditions of the Loyalty Program agreement are illusory.

Plaintiffs now attempt to enter final judgment with respect to the Court's order to deny arbitration for all plaintiffs, including putative classes that have yet to be certified (specifically, the Nationwide Class 2 and California Subclass

2).  Rule 54(b) provides for entry of judgment on a subset of the claims asserted in a multi-plaintiff, multi-claim action. Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 317 (1st Cir. 2009).  Courts have, however, recognized a long-settled and prudential policy against the "scattershot disposition of litigation", finding that a district court should certify a judgment under Rule 54(b) only after it has determined that 1) the ruling in question is final and 2) there is no persuasive reason for delay. Id.  Finality requires that a judgment "dispose of all the rights and liabilities of at least one party as to at least one claim". Lee-Barnes v. Puerto Ven Quarry Corp., 513 F.3d 20, 24 (1st Cir. 2008).

Although the First Circuit's decision resolves the issue of whether defendant can compel arbitration, plaintiffs have not demonstrated that they have satisfied the finality requirement with respect to the additional relief they are seeking.  Here, plaintiffs seek declaratory judgment as to 1) defendant's failure to ensure that the Loyalty Program is accessible to blind or visually impaired individuals in violation of the ADA and state laws and 2) whether the arbitration provision of the Loyalty Program is illusory, unconscionable and unenforceable. See Second Amended Complaint at 57, National Federation of the Blind, et al. v. The Container Store Group, Inc., No. 15-12984 (D. Mass. Nov. 04, 2016), ECF No. 109.  Those two requests for

declaratory relief are inherently intertwined and entering final judgment as to the arbitration provision would be premature absent a finding as to the former claim that the Loyalty Program violates the ADA and relevant state laws against discrimination. Thus, there is no finality.

Nor have plaintiffs persuasively demonstrated why final judgment should be entered. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956) (holding that the district court may determine the appropriate time when each "final decision" upon "one or more but less than all" of the claims in a multiple claims action is ready for appeal). The answer as to whether defendant can compel arbitration as to the named plaintiffs is clear: they cannot. Moreover, there is no evidence that defendant has attempted to enforce arbitration on plaintiffs' claims underlying this lawsuit, thus mitigating any claim that final judgment must be entered immediately.

Accordingly, plaintiffs' motion for entry of final judgment under Rule 54(b) will be denied.

With respect to the prospective injunctive relief that plaintiffs seek, the Court finds that the All Writs Act does not apply. That Act is used sparingly and only in the most "critical and exigent circumstances". Brown v. Gilmore, 533 U.S. 1301 (2001). Only where the legal rights at issue are "indisputably clear" and relief is necessary or appropriate in

aiding the Court's jurisdiction will courts consider providing injunctive relief. <u>Ohio Citizens for Responsible Energy, Inc.</u> v. <u>Nuclear Regulatory Comm'n</u>, 479 U.S. 1312, 1312 (1986). Because defendant is not attempting to enforce the arbitration provision and is in the process of revising the contract terms, plaintiffs can only suggest the hypothetical harm of future arbitration. Such a hypothetical harm does not rise to the level of "critical" or "exigent circumstances" and should such harm become likely, plaintiffs may then seek injunctive relief again.

Accordingly, plaintiffs' motion for writ of enforcement under the All Writs Act will be denied.

**ORDER**

For the foregoing reasons, plaintiffs' motion for entry of judgment and writ of enforcement (Docket No. 119) is **DENIED.**

**So ordered.**

_/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated February 13, 2019